UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BABYGRANDE GLOBAL, INC.,

                               Plaintiff,

   - against-

ENRIQUE "MAG" RODRIGUEZ; EVEN LABS INC.;
CSA PARTNERS, LLC; GENER8TOR MANAGEMENT,
LLC; GANGELS, LLC; VC 414 FUND I, L.P.; DANIEL
ROTMAN; ADOLF AKUFFO-AFFUL; DONTE
MURRY; and OGO,

                           Defendants.

-------------------------------------------------------------------X

Index No. 24-cv-6785

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Babygrande Global, Inc. ("Plaintiff" or "Babygrande"), by and through its

undersigned attorneys, hereby files this Complaint against Defendants Enrique "Mag" Rodriguez

("Rodriguez"), EVEN Labs Inc. ("EVEN") (Rodriguez and EVEN, the "EVEN Defendants"),

CSA Partners, LLC ("CSA"), Gener8tor Management, LLC ("Gener8tor"), gANGELS, LLC

("gAngels"), VC 414 FUND I, L.P. ("VC414"), Daniel Rotman ("Rotman"), Adolf Akuffo-Afful

("Akuffo-Afful"), Donte Murry ("Murry"), OGO ("OGO") (CSA, Gener8tor, gAngels, VC414,

Rotman, Akuffo-Afful, Murry and OGO, together, "Investor Defendants") (EVEN Defendants

together with the Investor Defendants, "Defendants") and alleges as follows:

## NATURE OF THIS ACTION

1.     This is an action for copyright infringement, trademark infringement, and for

declaratory and injunctive relief.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §

1331 and 28 U.S.C. § 1338, as this matter involves, *inter alia*, violation of federally-registered

copyrights and federally-registered trademarks.

3.      Plaintiffs seek a declaratory judgment under the Declaratory Judgment Act pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      Venue in this district is proper as to Defendant pursuant to 28 U.S.C. § 1391(b)(1), (2) and (3), and New York Civ. Prac. L. & R. §§ 301 and 302(a)(3)(i) and (ii), because Rodriguez resides in New York City, and because some or all of the Defendants, upon information and belief, (a) do business from one or more New York City addresses, (b) regularly do and solicit business, and engage in a persistent course of conduct, and derive substantial revenue from goods used or consumed or services rendered, in the state of New York, (c) expect or should reasonably expect their services to have consequences in the state of New York, and (d) derive substantial revenue from interstate and international commerce.

## THE PARTIES

5.      Plaintiff Babygrande Global, Inc. is a New York corporation located at 101 W. 23rd St., Suite 296, New York, New York 10011.  Plaintiff is a diversified company with interests in the music, film, sports, craft beer, real estate and super car industries.

6.      Enrique "Mag" Rodriguez is an individual who resides in Brooklyn, New York. Rodriguez is the Founder and Chief Executive Officer of EVEN.

7.      EVEN Labs, Inc. is a Delaware corporation located, upon information and belief, at 313 N. Plankinton Ave., Milwaukee, Wisconsin 53203 and/or 2027 S. 33rd St., Milwaukee, Wisconsin 53215.  EVEN is, upon information and belief, a music streaming service.

8.      CSA Partners, LLC is a Wisconsin limited liability company located, upon information and belief, at 333 N. Plankinton Ave., Milwaukee, Wisconsin 53203.  CSA is, upon information and belief, a venture capital firm that invested in EVEN.

9.      Gener8tor Management, LLC is a Delaware limited liability company located,

upon information and belief, at 313 N. Plankinton Ave., Milwaukee, Wisconsin 53203 and/or 821 E. Washington Ave., Suite 300-G, Madison, Wisconsin 53703.  Gener8tor is, upon information and belief, an investment accelerator firm that invested in EVEN.

10.     gANGELS, LLC is a Wisconsin limited liability company located, upon information and belief, at c/o Jacque Justa, 4712 Barbara's Lane, Stevens Point, Wisconsin 54481.

11.     VC 414 FUND I, L.P. is a Delaware limited partnership located, upon information and belief, at c/o EVSW Partners, LLC, 313 N. Plankinton Ave., Suite 212, Milwaukee, Wisconsin 53203.  VC414 is, upon information and belief, an investment fund that invested in EVEN.

12.     Daniel Rotman is an individual residing, upon information and belief, in Los Angeles, California and/or Miami, Florida.  Rotman is, upon information and belief, an individual investor who invested in EVEN.

13.     Adolf Akuffo-Afful is an individual residing, upon information and belief, in New York.  Akuffo-Afful is, upon information and belief, an individual investor who invested in EVEN.

14.     Donte Murry is an individual residing, upon information and belief, in or around Austin, Texas.  Murry is, upon information and belief, an individual investor who invested in EVEN.

15.     Upon information and belief, OGO is the pseudonym of an individual investor who invested in EVEN.

16.     Rodriguez, upon information and belief, resides in the State of New York.

17.     EVEN, upon information and belief, conducts systematic and continuous business

in the State of New York, including but not limited to, reproducing, distributing, and publicly performing, and/or authorizing the reproduction, distribution, and public performance of musical compositions.

18.     Each of the Investor Defendants, upon information and belief, conducts systematic and continuous business in the State of New York, including but not limited to, investing in companies based in, or with material operations in, New York.

## FACTUAL SUMMARY

**At Great Expense and Effort, Plaintiff Developed the Artist Stove God Cooks and Positioned Him for Significant Future Success**

19.     Plaintiff is a diversified company whose executives have over 30 years of experience operating at the highest levels of the music industry.

20.     Aaron Cooks, professionally known as Stove Good Cooks, is a musical artist under an exclusive music recording contract with Plaintiff.

21.     Over the course of the last four years, Plaintiff has spent significant time and financial resources in the development of Stove God Cooks' music and career as an artist.

22.     During that time, Stove God Cooks performed on two highly-successful, sold-out tours, funded by Plaintiff.

23.     The "Let Him Cook" Tour opened with a sold-out performance in Los Angeles at the historic Whisky A Go Go venue on a Tuesday night.

24.     Stove God Cooks was named one of *Billboard* magazine's top-15 2021 Hip-Hop and R&B artists-to-watch.

25.     *Rolling Stone* magazine named Stove God Cooks one of the "11 Rappers to Make It Big in 2023."

26.     Plaintiff supervised and paid for the creation of the Compositions, Sound

Recordings and Photographs at issue in this case, all in furtherance of a planned debut release of Stove God Cooks' body of work.

27.    The release of Stove God Cooks' body of work was the most anticipated release from any artist in many years.

28.    As discussed below, all of Plaintiff's careful work and planning, and its substantial financial investment, was destroyed by Defendants' willful infringement of Plaintiff's copyrights and trademarks in the Compositions, Sound Recordings and Photographs.

**Plaintiff Owns the Copyrights in the Sound Recordings, Compositions and Photographs, and Owns the STOVE GOD COOKS Trademark**

29.    Plaintiff is to the best of its knowledge the owner of all rights in and to the sound recordings and musical compositions comprising the record album entitled "Stop Callin' Me I'm Cookin (Side A)" (the "Sound Recordings" and "Compositions"):

      i.    Earl The Pearl

      ii.    E$co Chipped Tooth

      iii.    Marvin Ye

      iv.    $ocrates

      v.    The Glove

      vi.    Ba$eline Hov

      vii.    Chapo Phone

      viii.    NOKIA 2780

30.    Plaintiff holds a U.S. Copyright Registration (SR0001008285) (the "Music Registration") in connection with the Sound Recordings and Compositions.

31.    The Sound Recordings were created under the direction of Plaintiff, paid for by Plaintiff, and performed by Stove Good Cooks.

32.    A true and correct copy of the records of the Copyright Office concerning the Music Registration is attached hereto as **Exhibit A**.

33.    The "deposit copy" submitted to the U.S. Copyright Office in connection with the Music Registration was digital copies of the Sound Recordings.

34.    Plaintiff is owner of all rights in and to three photographs of Stove God Cooks, shown below (the "Photographs"), by virtue of an agreement with the photographer, who was secured by Plaintiff for a high-end photo session with the artist:



35.    Plaintiff holds a U.S. Copyright Registration (VAu001533426) (the "Photograph Registration") in connection with the Photographs.

36.    A true and correct copy of the records of the Copyright Office concerning the Photograph Registration is attached hereto as **Exhibit B**.

37.    The "deposit copy" submitted to the U.S. Copyright Office in connection with the Photograph Registration were digital copies of the Photographs.

38.    Plaintiff is owner of all rights in and to the trademark STOVE GOD COOKS (the "Trademark"), which was secured to protect the joint interest of Plaintiff and the artist Stove God

Cooks, and holds the following U.S. Trademark Registrations (the "Trademark Registrations"):

| Mark | Registration No. | International Classes/ Goods & Services |
|------|------------------|----------------------------------------|
| STOVE GOD COOKS | 6921782 | 009: Audio and video recordings featuring music and artistic performances |
| STOVE GOD COOKS | 6888947 | 041: Entertainment services in the nature of live musical performances; Entertainment services, namely, personal appearances by a music artist |

39.    True and correct copies of the Trademark Registrations are attached hereto as

**Exhibit C**.

**EVEN Defendants Infringed the Copyrights and the Trademark**

40.    On or about August 27, 2024, the EVEN Defendants uploaded the Sound

Recordings and Compositions to EVEN's streaming service, EVEN's website and EVEN's

social media platforms, accompanied by the Photographs, and using the Trademark, as reflected

in the images below:









41.     The EVEN Defendants were not authorized to use or exploit the Sound Recordings, Compositions, Photographs or Trademark.

42.     On August 27, 2024, Plaintiff (through its counsel) emailed a notice to the EVEN Defendants, directing that they immediately remove and cease distributing the Sound Recordings and Compositions.

43.     Plaintiff sent the EVEN Defendants the August 27, 2024 notice in accordance with the procedures set forth in 17 U.S.C. § 512(c), despite the fact that the EVEN Defendants were not in compliance with, and were therefore ineligible for, the "safe harbor" set forth in 17 U.S.C. § 512(c).

44.     The EVEN Defendants were ineligible for the "safe harbor" set forth in 17 U.S.C. § 512(c) because, *inter alia*, upon information and belief:

      i.     The EVEN Defendants were not passively storing material at the direction of a user, but rather affirmatively arranging for the streaming delivery of music for a fee;

ii.     The EVEN Defendants had actual knowledge that its activity was infringing;

iii.    The EVEN Defendants were aware of facts or circumstances from which infringing activity was apparent;

iv.    The EVEN Defendants failed, upon obtaining such knowledge or awareness, to act expeditiously to remove, or disable access to, the material;

v.     The EVEN Defendants receive a financial benefit directly attributable to the infringing activity, and has the right and ability to control such activity;

vi.    The EVEN Defendants have not designated an agent to receive notifications of claimed infringement

vii.   The EVEN Defendants have not adopted and reasonably implemented a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers.

17 U.S.C. §§ 512(c) & 512(i).

45.     Irrespective of their eligibility or ineligibility for the "safe harbor," after receiving the August 27, 2024 notice, the EVEN Defendants did not "respond[] expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity."

46.     Indeed, the infringing content remains – as of the filing of this lawsuit – on the EVEN service, and the Sound Recordings and Compositions remain available for purchase and streaming from the EVEN Defendants.

**The Investor Defendants Share Responsibility for the EVEN Defendants' Acts of Infringement**

47.     Upon information and belief, each of the Investor Defendants invested in EVEN, as reflected, *inter alia*, in multiple news articles published in April and May 2023 reporting on a $2.2 million seed round raised by EVEN.

48.     Upon information and belief, each of the Investor Defendants knew or should have known that the EVEN Defendants did not own the Compositions, Sound Recordings or Photographs, and that the EVEN Defendants had not secured permission or a license with respect to the reproduction or public performance of the Compositions and Sound Recordings, or for the reproduction or public display of the Photographs.

49.     Upon information and belief, each of the Investor Defendants induced, caused or materially contributed to the EVEN Defendants' reproduction and streaming of music and reproducing and displaying photographs to prospective paying customers without regard to, or without adequate controls designed to prevent, copyright infringement by, *inter alia*, providing the funding necessary for the EVEN Defendants to conduct their activities.

50.     Upon information and belief, each of the Investor Defendants knew or should have known that the EVEN Defendants were reproducing and streaming music to prospective and paying customers, and would also be reproducing and displaying photographs of musical artists to those customers, all without regard to, or without adequate controls designed to prevent, copyright infringement.

51.     Upon information and belief, each of the Investor Defendants knew or should have known that the EVEN Defendants were reproducing and streaming music to prospective and paying customers, and would also be displaying photographs of musical artists to those customers, all without regard to, or without adequate controls designed to prevent, copyright infringement.

52.     Upon information and belief, each of the Investor Defendants knew or should have known that the EVEN Defendants did not own the Compositions, Sound Recordings or Photographs, and that the EVEN Defendants had not secured permission or a license with respect

to the reproduction or public performance of the Compositions and Sound Recordings, or for the reproduction or public display of the Photographs.

53.    Upon information and belief, notwithstanding all of the foregoing, each of the Investor Defendants directed, encouraged, fostered or otherwise induced the EVEN Defendants to reproduce and stream music to prospective and paying customers, and to reproduce and display photographs of musical artists to those customers, all without regard to, or without adequate controls designed to prevent, copyright infringement.

54.    Upon information and belief, each of the Investor Defendants did all of the foregoing with the object of promoting the advertising and use of the EVEN service, which would in turn lead to an increase in the value of the Investor Defendants' investment in EVEN.

55.    Upon information and belief, as a direct result of the Investor Defendants' purposeful inducement of copyright infringement, the EVEN Defendants reproduced and publicly performed the Compositions and Sound Recordings, and reproduced and publicly displayed the Photographs, all without authorization from Plaintiff.

56.    Upon information and belief, each of the Investor Defendants had the right and ability to control the EVEN Defendants' reproduction and streaming of music and reproduce and display of photographs to prospective and paying customers without regard to, or without adequate controls designed to prevent, copyright infringement, *inter alia*, by virtue of their financial investments into the company.

57.    Upon information and belief, each of the Investor Defendants derived direct financial benefit from the EVEN Defendants' reproduction and streaming of music and reproduce and display of photographs to prospective and paying customers without regard to, or without adequate controls designed to prevent, copyright infringement, *inter alia*, by virtue of the

increased value of their financial stakes in the company, receipt of dividends and/or revenue or profit sharing.

58.     Upon information and belief, each of the Investor Defendants was in an actual or apparent partnership with the EVEN Defendants, or had authority to bind the EVEN Defendants in transactions with third parties with respect to its music streaming service, or could exercise joint ownership or control over the music streaming service, by virtue, *inter alia*, of their financial investments into the company.

59.     Upon information and belief, each of the Investor Defendants intentionally induced the EVEN Defendants to use trademarks owned by others, including but not limited to the STOVE GOD COOKS Trademark owned by Plaintiff without regard to, or without adequate controls designed to prevent, trademark infringement in order, *inter alia*, to increase the value of the Investor Defendants' financial stakes in the company.

60.     Upon information and belief, each of the Investor Defendants continued to supply funding and other support to the EVEN Defendants, after knowing or having reason to know that the EVEN Defendants were using trademarks owned by others, including but not limited to the STOVE GOD COOKS Trademark owned by Plaintiff without regard to, or without adequate controls designed to prevent, trademark infringement.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Copyright Infringement – Sound Recordings and Compositions – Against the EVEN Defendants)**

61.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

62.     Plaintiff is the owner of the Sound Recordings and Compositions, and holds the federal Music Registration.

63.    The EVEN Defendants, or people acting at their direction or under their control, had access to the Sound Recordings and Compositions.

64.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, reproduced the Sound Recordings and Compositions in the course of posting them to the EVEN service for purchase and streaming.

65.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, publicly performed the Sound Recordings and Compositions to people who purchased streaming access from EVEN.

66.    The EVEN Defendants' conduct constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to reproduce the Compositions and Sound Recordings, 17 U.S.C. 106(1) and (B) the right to publicly perform the Compositions and Sound Recordings, 17 U.S.C. § 106(4).

67.    The EVEN Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

68.    As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been damaged – and continues to be damaged – in an amount unknown at present and to be determined at trial.

69.    As a direct and proximate result of the EVEN Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to its actual damages plus the EVEN Defendants' profits from infringement, as will be proven at trial, pursuant to 17 U.S.C. § 504(b), and which are currently estimated to be at least $10,000,000.

70.    In the alternative, at Plaintiff's election, Plaintiff is entitled to statutory damages,

pursuant to 17 U.S.C. § 504(c).

71.     The EVEN Defendants' conduct has caused, is causing, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

72.     Plaintiff has no adequate remedy at law.

73.     Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring the EVEN Defendants to immediately stop exploiting the Compositions and Sound Recordings, stop reproducing the Compositions and Sound Recordings, stop publicly performing the Compositions and Sound Recordings, and stop making the Compositions and Sound Recordings available for purchase and streaming to others.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Copyright Infringement – Photographs – Against the EVEN Defendants)

74.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

75.     Plaintiff is the owner of the Photographs, and holds the federal Photograph Registration.

76.     The EVEN Defendants, or people acting at their direction or under their control, had access to the Photographs.

77.     The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, reproduced the Photographs in the course of posting it to the EVEN service.

78.     The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, publicly displayed the Photographs on the EVEN service, the EVEN website and the EVEN social media accounts.

79.    The EVEN Defendants' conduct constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to reproduce the Photographs, 17 U.S.C. 106(1), and (B) the right to publicly display the Photographs, 17 U.S.C. § 106(5).

80.    The EVEN Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

81.    As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been damaged – and continues to be damaged – in an amount unknown at present and to be determined at trial.

82.    As a direct and proximate result of the EVEN Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to its actual damages plus the EVEN Defendants' profits from infringement, as will be proven at trial, pursuant to 17 U.S.C. § 504(b), and which are currently estimated to be at least $1,000,000.

83.    In the alternative, at Plaintiff's election, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

84.    The EVEN Defendants' conduct has caused, is causing, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

85.    Plaintiff has no adequate remedy at law.

86.    Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring the EVEN Defendants to immediately stop exploiting the Photographs, stop reproducing the Photographs and stop publicly displaying the Photographs.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Contributory Copyright Infringement – Against Investor Defendants)**

87.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

88.    Plaintiff is the owner of the Compositions, Sound Recordings and Photographs, and holds the federal Music Registration and Photograph Registration.

89.    The EVEN Defendants reproduced and publicly performed the Compositions and Sound Recordings, and reproduced and publicly displayed the Photographs, all without authorization from Plaintiff.

90.    Upon information and belief, each of the Investor Defendants knew or should have known that the EVEN Defendants were reproducing and streaming music to prospective and paying customers, and would also be reproducing and displaying photographs of musical artists to those customers, all without regard to, or without adequate controls designed to prevent, copyright infringement.

91.    Upon information and belief, each of the Investor Defendants knew or should have known that the EVEN Defendants did not own the Compositions, Sound Recordings or Photographs, and that the EVEN Defendants had not secured permission or a license with respect to the reproduction or public performance of the Compositions and Sound Recordings, or for the reproduction or public display of the Photographs.

92.    Upon information and belief, each of the Investor Defendants induced, caused or materially contributed to the EVEN Defendants' reproduction and streaming of music and displaying photographs to prospective paying customers without regard to, or without adequate controls designed to prevent, copyright infringement by, *inter alia*, providing the funding necessary for the EVEN Defendants to conduct their activities.

93.     Through the conduct alleged above, each of the Investor Defendants is contributorily liable for the EVEN Defendants' infringement of the Compositions, Sound Recordings and Photographs.

94.     As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been damaged – and continues to be damaged – in an amount unknown at present and to be determined at trial.

95.     As a direct and proximate result of the copyright infringement detailed herein, each of the Investor Defendants has gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

96.     Plaintiff is entitled to recover its actual damages and any additional Investor Defendant profits in an amount to be determined at trial, pursuant to 17 U.S.C. § 504, and which are currently estimated to be at least $11,000,000.

97.     In the alternative, at Plaintiff's election, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

98.     Plaintiff has no adequate remedy at law to protect its rights in the Compositions, Sound Recordings and Photographs, and to prevent the Investor Defendants from continuing to engage in contributory infringement of the Compositions, Sound Recordings and Photographs, and injure Plaintiff. To the extent that the infringement detailed herein persists, Plaintiff will continue to suffer irreparable injury from the Investor Defendants' conduct as alleged.

99.     As a direct and proximate result of the copyright infringement detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining the Investor Defendants from engaging in contributory infringement of its copyrights, pursuant to 17 U.S.C. § 502.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Inducement of Copyright Infringement – Against Investor Defendants)

100.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

101.    Plaintiff is the owner of the Compositions, Sound Recordings and Photographs, and holds the federal Music Registration and Photograph Registration.

102.    The EVEN Defendants reproduced and publicly performed the Compositions and Sound Recordings, and reproduced and publicly displayed the Photographs, all without authorization from Plaintiff.

103.    Upon information and belief, each of the Investor Defendants knew or should have known that the EVEN Defendants were reproducing and streaming music to prospective and paying customers, and would also be displaying photographs of musical artists to those customers, all without regard to, or without adequate controls designed to prevent, copyright infringement.

104.    Upon information and belief, each of the Investor Defendants knew or should have known that the EVEN Defendants did not own the Compositions, Sound Recordings or Photographs, and that the EVEN Defendants had not secured permission or a license with respect to the reproduction or public performance of the Compositions and Sound Recordings, or for the reproduction or public display of the Photographs.

105.    Upon information and belief, notwithstanding all of the foregoing, each of the Investor Defendants directed, encouraged, fostered or otherwise induced the EVEN Defendants to reproduce and stream music to prospective and paying customers, and to reproduce and display photographs of musical artists to those customers, all without regard to, or without adequate controls designed to prevent, copyright infringement.

19

106.    Upon information and belief, each of the Investor Defendants did all of the foregoing with the object of promoting the advertising and use of the EVEN service, which would in turn lead to an increase in the value of the Investor Defendants' investment in EVEN.

107.    Upon information and belief, as a direct result of the Investor Defendants' purposeful inducement of copyright infringement, the EVEN Defendants reproduced and publicly performed the Compositions and Sound Recordings, and reproduced and publicly displayed the Photographs, all without authorization from Plaintiff.

108.    Through the conduct alleged above, each of the Investor Defendants is liable for inducement of copyright infringement by the EVEN Defendants of the Compositions, Sound Recordings and Photographs.

109.    As a direct and proximate result of the inducement of copyright infringement detailed herein, Plaintiff has been damaged – and continues to be damaged – in an amount unknown at present and to be determined at trial.

110.    As a direct and proximate result of the inducement of copyright infringement detailed herein, each of the Investor Defendants has gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

111.    Plaintiff is entitled to recover its actual damages and any additional Investor Defendant profits in an amount to be determined at trial, pursuant to 17 U.S.C. § 504, and which are currently estimated to be at least $11,000,000.

112.    In the alternative, at Plaintiff's election, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

113.    Plaintiff has no adequate remedy at law to protect its rights in the Compositions, Sound Recordings and Photographs and to prevent the Investor Defendants from continuing to engage in inducement of copyright infringement of the Photographs and injure Plaintiff.

114.    To the extent that the infringement detailed herein persists, Plaintiff will continue to suffer irreparable injury from the Investor Defendants' conduct as alleged.

115.    As a direct and proximate result of the inducement of copyright infringement detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining each of the Investor Defendants from engaging in inducement of infringement of its copyright, pursuant to 17 U.S.C. § 502.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Vicarious Copyright Infringement – Against Investor Defendants)**

116.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

117.    Plaintiff is the owner of the Compositions, Sound Recordings and Photographs, and holds the federal Music Registration and Photograph Registration.

118.    The EVEN Defendants reproduced and publicly performed the Compositions and Sound Recordings, and reproduced and publicly displayed the Photographs, all without authorization from Plaintiff.

119.    Upon information and belief, each of the Investor Defendants had the right and ability to control the EVEN Defendants' reproduction and streaming of music and reproduce and display of photographs to prospective and paying customers without regard to, or without adequate controls designed to prevent, copyright infringement, *inter alia*, by virtue of their financial investments into the company.

120.    Upon information and belief, each of the Investor Defendants derived direct

financial benefit from the EVEN Defendants' reproduction and streaming of music and reproduce and display of photographs to prospective and paying customers without regard to, or without adequate controls designed to prevent, copyright infringement, *inter alia*, by virtue of the increased value of their financial stakes in the company, receipt of dividends and/or revenue or profit sharing.

121.    Through the conduct alleged above, each of the Investor Defendants is vicariously liable for the EVEN Defendants' infringement of the Compositions, Sound Recordings and Photographs.

122.    As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been damaged – and continues to be damaged – in an amount unknown at present and to be determined at trial.

123.    As a direct and proximate result of each of the Investor Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to its actual damages plus each of the Investor Defendant's profits from infringement, as will be proven at trial, pursuant to 17 U.S.C. § 504(b), and which are currently estimated to be at least $11,000,000.

124.    In the alternative, at Plaintiff's election, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

125.    Each of the Investor Defendant's conduct has caused, is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

126.    Plaintiff has no adequate remedy at law.

127.    Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction

requiring each of the Investor Defendants to immediately stop engaging in vicarious copyright infringement.

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Federal Trademark Infringement – Against the EVEN Defendants)**

128.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

129.    Plaintiff is the owner of the Trademark and the Trademark Registrations.

130.    The EVEN Defendants have been advertising and selling access to streaming music branded with the STOVE GOD COOKS Trademark.

131.    Upon information and belief, before the EVEN Defendants began advertising and selling access to streaming music branded with the STOVE GOD COOKS Trademark, it knew that Plaintiff was the owner of the STOVE GOD COOKS Trademark, that Plaintiff was the owner of the STOVE GOD COOKS Trademark Registrations, and that Plaintiff was already using the STOVE GOD COOKS Trademark in commerce.

132.    The EVEN Defendants directly and willfully infringed on Plaintiff's Trademark through their advertising and sale of access to streaming music branded with the STOVE GOD COOKS Trademark.

133.    The EVEN Defendants' actions in connection with the advertising and sale of access to streaming music was likely to lead to consumer confusion, and the EVEN Defendants knew that that was the case.

134.    The aforesaid actions of the EVEN Defendants have and will continue to create confusion to consumers and the relevant trade buying with ordinary care, and Plaintiff further avers that the EVEN Defendants are fully aware that their activities will falsely identify and falsely misrepresent the source of its goods and services.

135.    The aforesaid actions of the EVEN Defendants have and will continue to constitute Federal Trademark Infringement under 15 U.S.C. §1114.

136.    Unless properly enjoined by this Court, the confusion and deception noted immediately above, and the likelihood therefor, will continue with irreparable harm and damage to Plaintiff.

137.    Plaintiff has been damaged – and continues to be damaged – in an amount to be determined at trial, but which is estimated to exceed $15,000,000.

138.    By reason thereof, Plaintiff is entitled to judgment against the EVEN Defendants in an amount to be determined at trial, but which is estimated to exceed $15,000,000.

139.    Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to a permanent injunction requiring each of the Investor Defendants to immediately stop engaging in Federal trademark infringement.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**(Federal Unfair Competition – Against the EVEN Defendants)**

140.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

141.    As a complete and separate ground of relief, Plaintiff hereby charges the EVEN Defendants with Federal common law unfair competition under 15 U.S.C. §1125.

142.    The EVEN Defendants' unauthorized and unlawful misappropriation of the STOVE GOD COOKS Trademark has enabled the EVEN Defendants to unlawfully trade upon the established good will and reputation of Plaintiff.

143.    The EVEN Defendants are thus unjustly enriching themselves at the expense and to the damage and injury of Plaintiff, and unless enjoined by this Court, will further impair the value of Plaintiff's trademark, its reputation and good will.

144.    Plaintiff has been damaged – and continues to be damaged – in an amount to be determined at trial, but which is estimated to exceed $15,000,000.

145.    By reason thereof, Plaintiff is entitled to judgment against the EVEN Defendants in an amount to be determined at trial, but which is estimated to exceed $15,000,000.

146.    Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to a permanent injunction requiring each of the Investor Defendants to immediately stop engaging in Federal unfair competition.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Vicarious Trademark Infringement – Against Investor Defendants)**

147.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

148.    Plaintiff is the owner of the Trademark and the Trademark Registrations.

149.    The EVEN Defendants have been advertising and selling access to streaming music branded with the STOVE GOD COOKS Trademark.

150.    The EVEN Defendants' actions have and will continue to constitute Federal Trademark Infringement under 15 U.S.C. §1114 and Federal common law unfair competition under 15 U.S.C. §1125.

151.    Upon information and belief, each of the Investor Defendants was in an actual or apparent partnership with the EVEN Defendants, or had authority to bind the EVEN Defendants in transactions with third parties with respect to its music streaming service, or could exercise joint ownership or control over the music streaming service, by virtue, *inter alia*, of their financial investments into the company.

152.    Through the conduct alleged above, each of the Investor Defendants is vicariously liable for the EVEN Defendants' infringement of the Trademarks.

153.    Plaintiff has been damaged – and continues to be damaged – in an amount to be determined at trial, but which is estimated to exceed $15,000,000.

154.    By reason thereof, Plaintiff is entitled to judgment against each of the Investor Defendants in an amount to be determined at trial, but which is estimated to exceed $15,000,000.

155.    Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to a permanent injunction requiring each of the Investor Defendants to immediately stop engaging in Federal vicarious trademark infringement.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Contributory Trademark Infringement – Against Investor Defendants)

156.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

157.    Plaintiff is the owner of the Trademark and the Trademark Registrations.

158.    The EVEN Defendants have been advertising and selling access to streaming music branded with the STOVE GOD COOKS Trademark.

159.    The EVEN Defendants' actions have and will continue to constitute Federal Trademark Infringement under 15 U.S.C. §1114 and Federal common law unfair competition under 15 U.S.C. §1125.

160.    Upon information and belief, each of the Investor Defendants intentionally induced the EVEN Defendants to use trademarks owned by others, including but not limited to the STOVE GOD COOKS Trademark owned by Plaintiff without regard to, or without adequate controls designed to prevent, trademark infringement in order, *inter alia*, to increase the value of the Investor Defendants' financial stakes in the company.

161.    Upon information and belief, each of the Investor Defendants continued to supply funding and other support to the EVEN Defendants, after knowing or having reason to know that

the EVEN Defendants were using trademarks owned by others, including but not limited to the

STOVE GOD COOKS Trademark owned by Plaintiff without regard to, or without adequate

controls designed to prevent, trademark infringement.

162. Through the conduct alleged above, each of the Investor Defendants is

contributorily liable for the EVEN Defendants' infringement of the Trademarks.

163. Plaintiff has been damaged – and continues to be damaged – in an amount to be

determined at trial, but which is estimated to exceed $15,000,000.

164. By reason thereof, Plaintiff is entitled to judgment against each of the Investor

Defendants in an amount to be determined at trial, but which is estimated to exceed $15,000,000.

165. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to a permanent injunction

requiring each of the Investor Defendants to immediately stop engaging in Federal contributory

trademark infringement.

## AS AND FOR A TENTH CAUSE OF ACTION
**(Declaratory Judgment – Against All Defendants)**

166. Plaintiff repeats, realleges and incorporates herein by reference each and every

allegation contained above as though the same were set forth herein.

167. Pursuant to 28 U.S.C. § 2201, the Court may declare the rights and other legal

relations of any interested party seeking such declaration whether or not further relief is, or could

be, sought. Any such declaration shall have the force and effect of a final judgment or decree and

shall be reviewable as such.

168. Plaintiff is the owner of the Compositions and Sound Recordings.

169. Plaintiff holds the federal Music Registration for the Compositions and Sound

Recordings.

170. The EVEN Defendants, or people acting at their direction or under their control,

had access to the Sound Recordings and Compositions.

171.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, reproduced the Sound Recordings and Compositions in the course of posting them to the EVEN service for purchase and streaming.

172.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, publicly performed the Sound Recordings and Compositions to people who purchased streaming access from the EVEN Defendants.

173.    Plaintiff is the owner of the Photographs.

174.    Plaintiff holds the federal Photograph Registration for the Photographs.

175.    The EVEN Defendants, or people acting at their direction or under their control, had access to the Photographs.

176.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, reproduced the Photographs in the course of posting it to the EVEN service.

177.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, publicly displayed the Photographs on the EVEN service, the EVEN website and the EVEN social media accounts.

178.    The EVEN Defendants' conduct constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to reproduce the Compositions, Sound Recordings and Photographs, 17 U.S.C. 106(1), (B) the right to publicly perform the Compositions and Sound Recordings, 17 U.S.C. § 106(4), and

(C) the right to publicly display the Photographs, 17 U.S.C. § 106(5).

179.    Upon information and belief, the Investor Defendants financed, supported, directed and/or controlled the EVEN Defendants' conduct, and therefore bear liability for the EVEN Defendants' copyright infringement.

180.    Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

181.    By reason of the foregoing, there is a present controversy between Plaintiff and the Defendants regarding the EVEN Defendants' infringement of Plaintiff's copyrights in the Compositions, Sound Recordings and Photographs.

182.    Plaintiff is the owner of the Trademark and the Trademark Registrations.

183.    The EVEN Defendants have been advertising and selling access to streaming music branded with the STOVE GOD COOKS Trademark.

184.    Upon information and belief, before the EVEN Defendants began advertising and selling access to streaming music branded with the STOVE GOD COOKS Trademark, it knew that Plaintiff was the owner of the STOVE GOD COOKS Trademark, that Plaintiff was the owner of the STOVE GOD COOKS Trademark Registrations, and that Plaintiff was already using the STOVE GOD COOKS Trademark in commerce.

185.    The EVEN Defendants directly and willfully infringed on Plaintiff's Trademark through their advertising and sale of access to streaming music branded with the STOVE GOD COOKS Trademark.

186.    The EVEN Defendants' actions in connection with the advertising and sale of access to streaming music was likely to lead to consumer confusion, and the EVEN Defendants knew that that was the case.

187.    The aforesaid actions of the EVEN Defendants have and will continue to create confusion to consumers and the relevant trade buying with ordinary care, and Plaintiff further avers that the EVEN Defendants are fully aware that their activities will falsely identify and falsely misrepresent the source of its goods and services.

188.    The aforesaid actions of the EVEN Defendants have and will continue to constitute Federal Trademark Infringement under 15 U.S.C. §1114.

189.    Upon information and belief, the Investor Defendants financed, supported, directed and/or controlled the EVEN Defendants' conduct, and therefore bear liability for the EVEN Defendants' trademark infringement.

190.    By reason of the foregoing, there is a present controversy between Plaintiff and Defendants regarding the EVEN Defendants' infringement of Plaintiff's federal Trademark Registrations in the STOVE GOD COOKS Trademark.

191.    Plaintiff seeks a declaration that it is the owner of all rights in and to the Compositions and Sound Recordings, and a declaration that Defendant's ongoing exploitation of the Compositions and Sound Recordings constitutes federal copyright infringement.

192.    Plaintiff seeks a declaration that it is the owner of all rights in and to the Photographs, and a declaration that Defendant's ongoing exploitation of the Photographs constitutes federal copyright infringement.

193.    Plaintiff seeks a declaration that it is the owner of all rights in and to the STOVE GOD COOKS Trademark, and a declaration that Defendants' ongoing exploitation of the Trademark constitutes federal trademark infringement and federal unfair competition.

194.    Upon entry of an order granting the sought after Declaratory Judgment, Plaintiff requests the Court order Defendants to pay Plaintiff's attorney's fees pursuant to 15 U.S.C. §

1117(a), and expenses incurred by Plaintiff in connection with this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
**(Injunctive Relief)**

195.    Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

196.    Plaintiff is the owner of the Compositions and Sound Recordings.

197.    Plaintiff holds the federal Music Registration for the Compositions and Sound Recordings.

198.    The EVEN Defendants, or people acting at their direction or under their control, had access to the Sound Recordings and Compositions.

199.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, reproduced the Sound Recordings and Compositions in the course of posting them to the EVEN service for purchase and streaming.

200.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, publicly performed the Sound Recordings and Compositions to people who purchased streaming access from the EVEN Defendants.

201.    Plaintiff is the owner of the Photographs.

202.    Plaintiff holds the federal Photograph Registration for the Photographs.

203.    The EVEN Defendants, or people acting at their direction or under their control, had access to the Photographs.

204.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, reproduced the Photographs

in the course of posting it to the EVEN service.

205.    The EVEN Defendants, or people acting at their direction or under their control, without the permission or consent of Plaintiff, and without authority, publicly displayed the Photographs on the EVEN service, the EVEN website and the EVEN social media accounts.

206.    The EVEN Defendants' conduct constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to reproduce the Compositions, Sound Recordings and Photographs, 17 U.S.C. 106(1), (B) the right to publicly perform the Compositions and Sound Recordings, 17 U.S.C. § 106(4), and (C) the right to publicly display the Photographs, 17 U.S.C. § 106(5).

207.    Upon information and belief, the Investor Defendants financed, supported, directed and/or controlled the EVEN Defendants' conduct, and therefore bear liability for the EVEN Defendants' copyright infringement.

208.    Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

209.    By reason of the foregoing, there is a present controversy between Plaintiff and the Defendants regarding the EVEN Defendants' infringement of Plaintiff's copyrights in the Compositions, Sound Recordings and Photographs.

210.    Plaintiff is the owner of the Trademark and the Trademark Registrations.

211.    The EVEN Defendants have been advertising and selling access to streaming music branded with the STOVE GOD COOKS Trademark.

212.    Upon information and belief, before the EVEN Defendants began advertising and selling access to streaming music branded with the STOVE GOD COOKS Trademark, it knew that Plaintiff was the owner of the STOVE GOD COOKS Trademark, that Plaintiff was the

owner of the STOVE GOD COOKS Trademark Registrations, and that Plaintiff was already using the STOVE GOD COOKS Trademark in commerce.

213.    The EVEN Defendants directly and willfully infringed on Plaintiff's Trademark through their advertising and sale of access to streaming music branded with the STOVE GOD COOKS Trademark.

214.    The EVEN Defendants' actions in connection with the advertising and sale of access to streaming music was likely to lead to consumer confusion, and the EVEN Defendants knew that that was the case.

215.    The aforesaid actions of the EVEN Defendants have and will continue to create confusion to consumers and the relevant trade buying with ordinary care, and Plaintiff further avers that the EVEN Defendants are fully aware that their activities will falsely identify and falsely misrepresent the source of its goods and services.

216.    The aforesaid actions of the EVEN Defendants have and will continue to constitute Federal Trademark Infringement under 15 U.S.C. §1114.

217.    Upon information and belief, the Investor Defendants financed, supported, directed and/or controlled the EVEN Defendants' conduct, and therefore bear liability for the EVEN Defendants' trademark infringement.

218.    By reason of the foregoing, there is a present controversy between Plaintiff and Defendants regarding the EVEN Defendants' infringement of Plaintiff's federal Trademark Registrations in the STOVE GOD COOKS Trademark.

219.    As a direct and proximate result of the federal copyright infringement and federal trademark infringement detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining the EVEN Defendants, and anyone acting at their

direction or under their control, from: (i) infringing Plaintiff's copyright in the Compositions and Sound Recordings pursuant to 17 U.S.C. § 502; (ii) infringing Plaintiff's copyright in the Photographs pursuant to 17 U.S.C. § 502; and (iii) infringing Plaintiff's trademark in the STOVE GOD COOKS Trademark pursuant to 15 U.S.C. § 1116.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Babygrande Global, Inc., prays for judgment against all of the Defendants as follows:

1. An order directing that Defendants provide Plaintiff with a complete and accurate detailed accounting to determine all amounts collected by Defendants as a result of their unlawful exploitation of the copyrights and trademarks owned by Plaintiff, such accounting to include, at a minimum, all sales figures, streaming metrics, revenues, costs, expenses, overhead, sales fees and royalties;

2. Damages to Plaintiff for the EVEN Defendants' willful infringement of Plaintiff's copyrights in the Compositions and Sound Recordings, and the Investor Defendants' secondary liability for the same, currently estimated to be at least $10,000,000;

3. Damages to Plaintiff for the EVEN Defendants' willful infringement of Plaintiff's copyright in the Photographs, and the Investor Defendants' secondary liability for the same, currently estimated to be at least $1,000,000;

4. Damages to Plaintiff for the EVEN Defendants' willful infringement of Plaintiff's trademarks in the STOVE GOD COOKS Trademark, and the Investor Defendants' secondary liability for the same, currently estimated to be at least $15,000,000;

5. Declaratory Judgment that Plaintiff is the owner of the copyrights in the Compositions

and the Sound Recordings, that Defendants have infringed Plaintiff's copyrights in the

Compositions and Sound Recordings, that Defendants have infringed Plaintiff's

trademark in the STOVE GOD COOKS Trademark, and that Defendants must pay

Plaintiff for the damages arising from said infringements;

6.  For preliminary and permanent injunctive relief enjoining and restraining each of the

Defendants, and anyone acting at its direction or under its control, from further exploiting

the Composition, Sound Recordings, Photographs and STOVE GOD COOKS

Trademark;

7.  For pre- and post-judgment interest according to law;

8.  For reimbursement of Plaintiff's expenses, including attorney's fees, incurred in

connection with the enforcement of its rights; and

9.  For such other and further relief as the Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: New York, New York              PARNESS LAW FIRM, PLLC
      September 6, 2024

By: ___/s/ Hillel I. Parness_____
Hillel I. Parness
136 Madison Ave., 6th Floor
New York, New York  10016
(212) 447-5299
hip@hiplaw.com
*Attorneys for Plaintiff*
  *Babygrande Global, Inc.*