UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABYGRANDE GLOBAL, INC., <br><br> Plaintiff, <br><br> - against- <br><br> EVEN LABS INC.; CSA PARTNERS, LLC; GENER8TOR MANAGEMENT, LLC; GANGELS, LLC; VC 414 FUND I, L.P.; ENRIQUE "MAG" RODRIGUEZ; DAMIEN "DDOT" WASHINGTON; DANIEL ROTMAN; ADOLF AKUFFO-AFFUL; DONTE MURRY; and OGO, <br><br> Defendants. | Case No.: 24-cv-6785-JGLC <br><br> **STIPULATED** <br> **PROTECTIVE ORDER** |

**JESSICA G. L. CLARKE, UNITED STATES DISTRICT JUDGE**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby

**ORDERED** that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential or Attorneys' Eyes Only**

1.   Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to

the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

  2.  The person producing Discovery Material may designate as "Confidential" any portion thereof that falls withing one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) personal identity information; and/or (e) personnel or employment records of a person who is not a party to this case. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

  3.  The person producing Discovery Material may designate as "Attorneys' Eyes Only" any portion thereof that: (1) includes any such party's confidential, commercially sensitive, non-public, proprietary and/or private information about any such party's assets, business operations, business plans, business strategies, customers, finances, income, liabilities, tax returns and/or trade secrets; and, (2) if disclosed to any officer, director, shareholder, employee, member of any other party, would furnish any such other party with confidential information that could reasonably be used by any such other party to gain a competitive advantage or other benefit to the detriment or prejudice of the party from whom any such confidential information has been requested.

  4.  With respect to the designations of any Discovery Material, other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "AEO", respectively, the document or

protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Attorneys' Eyes Only" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked accordingly by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the producing person may so designate that portion by promptly notifying all parties in writing. Accordingly, such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only, respectively, under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

6. Non-parties who produce documents in this action are permitted to designate Discovery Material that they produce as "Confidential" or "Attorneys' Eyes Only," pursuant to the terms and requisites of this Order.

**Who May Receive Designated Materials**

7. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

   a. the parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

c. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

e. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

f. stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

g. independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

h. the Court and its staff; and

i. any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Discovery Material.

8. No person subject to this Order, other than the producing person, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to:

   a. counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

   b. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   c. stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

   d. independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

   e. the Court and its staff; and

   f. any other person whom the producing person, or other person designating the Discovery Material "Attorneys' Eyes Only," agrees in writing may have access to such Discovery Material.

9. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d),(e), or (i), or 7(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure

Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Designated Materials in this Action**

10. Any person who either objects to any designation of confidentiality listed herein may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

11. Notwithstanding the designation of material in discovery, there is no presumption that such Discovery Material designated as Confidential or Attorneys' Eyes Only will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or Attorneys' Eyes Only or sealed during pretrial proceedings.

13. Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

14. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

18.   This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated Confidential or Attorneys' Eyes Only, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19.   During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED**

Dated: New York, New York
       May 2, 2025

| PARNESS LAW FIRM, PLLC | LEICHTMAN LAW PLLC |
|---|---|
| By: /s/ Hillel I. Parness<br>Hillel I. Parness (HP-1638)<br>136 Madison Ave., 6th Floor<br>New York, New York 10016<br>(212) 447-5299<br>hip@hiplaw.com<br>*Attorneys for Babygrande Global, Inc.* | By: /s/ David Leichtman<br>David Leichtman (DL-7233)<br>Sherli Furst (SF-7886)<br>Emma J. Hoffmann (EH-9673)<br>185 Madison Avenue, 15th Floor<br>New York, New York 10016<br>Tel: (212) 419-5210<br>dleichtman@leichtmanlaw.com<br>sfurst@leichtmanlaw.com<br>ehoffmann@leichtmanlaw.com<br>*Attorneys for Even Labs Inc.; CSA Partners, LLC; Gener8tor Management, LLC; Gangels, LLC; VC 414 Fund I, L.P.; Enrique "Mag" Rodriguez; Daniel Rotman; Adolf Akuffo-Afful; Donte Murry; and OGO* |

Dated: May 5, 2025

_/s/ Jessica Clarke_
**JESSICA  G.  L.  CLARKE**
**United States District Judge**

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABYGRANDE GLOBAL, INC., <br><br>         Plaintiff, <br><br> - against- <br><br> EVEN LABS INC.; CSA PARTNERS, LLC; GENER8TOR MANAGEMENT, LLC; GANGELS, LLC; VC 414 FUND I, L.P.; ENRIQUE "MAG" RODRIGUEZ; DAMIEN "DDOT" WASHINGTON; DANIEL ROTMAN; ADOLF AKUFFO-AFFUL; DONTE MURRY; and OGO, <br><br>         Defendants. | Case No.: 24-cv-6785-JGLC <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____[print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____
                                                         [Signature]