# PARNESS LAW FIRM, PLLC

136 Madison Avenue, 6th Floor • New York, New York  10016
Hillel I. Parness • www.hiplaw.com • hip@hiplaw.com
(Cell) 646-526-8261 • (Office) 212-447-5299 • (Fax) 212-202-6002

May 2, 2025

VIA ECF

United States District Judge Jessica G. L. Clarke
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

**MEMO ENDORSED**

      Re:    *Babygrande Global, Inc. v. Even Labs Inc. et al*, 1:24-cv-6785-JGLC

Dear Judge Clarke:

We represent Plaintiff Babygrande Global, Inc. in the above-referenced matter.  I am writing to the Court following yesterday's status conference.  My client – Mr. Charles "Chuck" L. Wilson Jr. – was listening on the public line, and is extremely upset with some of the things he heard opposing counsel say, so much so that he has instructed me to write to Your Honor, and to respectfully request that the Court direct counsel to refrain from making such statements in the future.

At the February 12, 2025 conference before Your Honor, counsel said the following things about Mr. Wilson:

> MR. LEICHTMAN: Yeah, at the mediation Mr. Parness' client was sitting there not listening to anything with sunglasses on. Okay? What I think this guy needs – our client made $14,000 in revenue, put aside profits, $14,000 in revenue from this alleged infringement. Okay? What this guy needs is he needs to be in a courthouse, in a courtroom, in a suit without his sunglasses on listening to a judge explain to him that he's not getting 50 percent of the equity in my client because his own artist, his own artist that signed to him loaded up materials that couldn't be released anyway because none of them, they all have samples of other songs in them, and they couldn't clear them.
>
> There's no damage, they have no damage from this. And this guy needs to hear a federal judge say that to him in a courthouse without his sunglasses on. He really didn't participate at all, and I don't think he was hearing what the mediator was telling him, and I think he needs a judge to tell that to him.

ECF 49 at 37-38.  I immediately responded, advising the Court that counsel was referring to our <u>virtual</u> mediation session, and that from my perspective Mr. Wilson had been sitting in a sunny room (I have since come to understand that Mr. Wilson was not wearing sunglasses at all, in point of fact, but rather regular glasses that have a tint).

United States District Judge  
Jessica G. L. Clarke

May 2, 2025

Regardless, my client was extraordinarily offended by what counsel had said previously, and was doubly offended when counsel thought it appropriate to <u>repeat those offending statements</u> during yesterday's call.  What Mr. Wilson was or was not wearing at a virtual mediation session has no possible bearing on any issue in this case, suggesting that counsel made these comments, and then repeated these comments, in an effort to malign Mr. Wilson before the Court.

Mr. Wilson feels extremely offended and disrespected, and has instructed me to advise the Court that he found the comments to lean heavily into crude, stereotypical, seemingly race-driven tropes that are in no way remotely applicable to him.  Mr. Wilson is a highly-accomplished, educated, sophisticated and experienced entrepreneur and executive in the music, golf, craft beer, film, technology and supercar industries.  He holds a B.A. from the University of Virginia, a J.D. from the University of Virginia School of Law, and an M.B.A. from the Darden Graduate School of Business Administration.  The statements made – and repeated – by counsel were without basis and designed for no conceivable reason other than to denigrate Mr. Wilson in the eyes of the Court (and anyone else observing the proceedings).  In light of the offending statements, Mr. Wilson has expressed concern to me about being able to comfortably attend any in-person proceeding with Mr. Leichtman, including but not limited to his upcoming deposition.  If Defendant's counsel does not refrain from using such offensive language Mr. Wilson has stated that he will pursue all lawful remedies at his disposal against the Defendant's counsel, his law firm and its employees with all deliberate speed.

In view of all of the foregoing, and the impact that counsel's statements have had on my client, I am writing on behalf of Mr. Wilson to respectfully request that the Court direct counsel to cease, desist and refrain from this type of behavior going forward.

Respectfully submitted,

Hillel I. Parness

cc:   Counsel of Record (via ECF)

Application DENIED. The Court did not interpret counsel's comments as improper or for the purpose of denigrating Mr. Wilson. Instead, the Court understood those comments as relevant to explain why an in-person deposition is necessary. Any requested relief is therefore denied. The Clerk of Court is directed to terminate ECF No. 60.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE  
United States District Judge

Dated:  May 6, 2025  
         New York, New York

2