T. A. BLACKBURN LAW
TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

September 17, 2025

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

Re: *Babygrande Global, Inc. v. EVEN Labs Inc., et al.*, Case No. 1:24-cv-06785 (JGL)

Dear Judge Clarke:

I represent Defendant Damien Washington in the above-captioned matter. I write in response to the "emergency" letter filed by counsel for EVEN Labs Inc. and Enrique "Mag" Rodriguez on September 17, 2025 (Dkt. 110), as well as the request in that letter related to sealing certain filings. To be clear:

1. **False Accusations**

Mr. Washington did *not* create any website or email campaign. The suggestion that he fabricated a website (e.g., "www.evenbiz.biz") or used a pseudonymous "No NDA Network" email address to contact EVEN's investors is entirely false, without factual support, and defamatory. Mr. Washington denies any involvement. ANY assertion to the contrary is based on speculation and is unsubstantiated.

2. **Laptop and Cell Phone**

Mr. Washington is not in New York City presently and will not be until September 25, 2025. Upon his return, he will make the laptop (which belongs to EVEN) available for turnover consistent with any Court order or agreement. However, the cellphone is Mr. Washington's personal property, not EVEN's, and he is under no obligation to surrender it.

3. **Sealing Documents – Legal Standards & Public Interest**

EVEN's request to seal filings or documents is highly disfavored under both the common law and the First Amendment. Below are the controlling Second Circuit standards, followed by their application in this case.

T. A. BLACKBURN LAW

- Presumption of Public Access. Under Second Circuit precedent, there is a strong presumption in favor of public access to judicial documents. The common law right of access is "firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo* ("Amodeo II"), 71 F.3d 1044, 1048- 50 (2d Cir. 1995).
- Definition of "Judicial Documents." The presumption attaches only if the items at issue are "judicial documents" — i.e., documents that are filed with the Court and are relevant to the performance of the judicial function and useful in the judicial process. *Amodeo I*, 44 F.3d 141, 145 (2d Cir. 1995); *Lugosch*, 435 F.3d at 119.
- Weight of the Presumption / Role of Documents. Once determined to be judicial documents, the Court must assess the weight of the presumption of access. That weight depends on:
  1. The role the documents play in Article III judicial functions.
  2. The value of the documents to the public's ability to monitor the judicial process; and
  3. Where on the continuum the documents fall (from those directly affecting adjudication to those largely irrelevant or purely evidentiary/discovery documents). *Amodeo II*, 71 F.3d at 1049*50; *Lugosch*, 435 F.3d at 119-20.
- Balancing Test / Overcoming the Presumption. Even if the presumption applies and has substantial weight, the Court may still seal or limit access only if the party seeking sealing demonstrates that:
  1. "Specific, on the record findings … that closure is essential to preserve higher values;"
  2. That the order is narrowly tailored.
  3. That there is no less restrictive alternative (e.g., redactions rather than full sealing). *Lugosch*, 435 F.3d at 120; *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).
- What Does Not Suffice. Avoidance of embarrassment, reputational harm, speculation, mere privacy concerns without specificity, or unsubstantiated potential harm are not enough. Such generalized concerns are insufficient to overcome the presumption of access. *Amodeo II*, 71 F.3d at 1048*50; *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) (reversing sealing over broad swaths of court filings where the district court failed to make specific findings).
- Application to This Case. Accordingly:
  1. Any request by EVEN to seal documents must satisfy the *Amodeo/Lugosch* standards: the documents must first be properly characterized as judicial documents, then the presumption of access must be given its proper weight, and EVEN must make specific, on-the-record findings of harm and show that no less restrictive alternative is possible.
  2. Given that EVEN has offered only speculative or generalized injury (if sealing is even proposed) and has not demonstrated why redactions would be insufficient, the Court should

T. A. BLACKBURN LAW

deny any motion or request to seal or limit any sealing to the narrowest possible parts (if any), with public filings preserved wherever possible.

4. **Good Faith & Availability to Confer**

Mr. Washington has acted in good faith. EVEN's accusations are false and remain unproven. He is ready and willing to return the laptop once he returns to New York. The cellphone at issue is his personal property. Moreover, under the governing precedent of the Second Circuit, legal standards weigh heavily against sealing documents unless a party makes a very strong, specific showing.

In sum, Mr. Washington respectfully requests that the Court:

1. Reject or limit any motion to seal, unless it makes specific, on-the-record findings as required under *Lugosch* and related authorities.
2. Deny relief based on unproven or speculative allegations.
3. Direct that all filings remain publicly accessible, with only narrowly tailored redactions if absolutely necessary, applied on a document-by-document basis; and
4. Require any party contending that any material currently sealed or redacted should stay so to show cause in writing why, for each document, the presumption of public access is overcome under the controlling precedent.

Respectfully,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.

See **Exhibit A**: Relevant Case Law.