UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BABYGRANDE GLOBAL, INC.,

                  Plaintiff,

           -against-

ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.;
DAMIEN DDOT WASHINGTON,

                Defendants.

24-CV-6785 (JGLC)

**<u>AMENDED ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

On December 2, 2025, the Court held a case management conference with counsel for

Plaintiff Babygrande Global, Inc. ("Plaintiff") and Defendants Enrique "Mag" Rodriguez and

EVEN Labs Inc. (the "EVEN Defendants"), as well as Defendant Damien "DDot" Washington

("Washington"), who appeared *pro se*. The Court set forth several deadlines and issued an Order

reflecting those deadlines at ECF No. 135. This Amended Order supplants that Order.

First, by **December 9, 2025**, the EVEN Defendants shall file a letter elaborating on the

joint privilege argument they previously advanced at ECF No. 130, including any relevant case

law. Defendant Washington shall file his reply no later than **December 16, 2025**.

Next, the Court ordered that both the laptop and cell phone at issue in this matter shall be

submitted to the Court for a forensic evaluation and search. By **December 19, 2025**, the parties

must file a joint letter detailing their proposal for those searches, including search terms that will

tailor the searches to retrieve only information relevant to this case. Defendant Washington, who

is currently in possession of both devices, is reminded that he must not delete any data from

those devices prior to turning them over. The EVEN Defendants may select the entity to conduct

these searches and shall bear the cost of the searches. The Court will order a deadline to produce these devices to the Court after receiving the parties' December 19th submission.

As discussed and agreed to at the conference, following the searches of these devices, the Court will set a date certain for the return of the physical laptop to the EVEN Defendants. The EVEN Defendants shall provide Defendant Washington a hard drive containing all of the data currently on that device. The cell phone will be returned to Washington.

Third, Defendant Washington shall meet and confer with Plaintiff about an appropriate deadline for any answer he may wish to file. The parties shall communicate that deadline to the Court in a joint letter by **December 12, 2025.**

Fourth, the Court hereby extends the deadline for fact discovery to **April 20, 2026**. The deadline for expert discovery, to the extent it is needed, is extended to **May 25, 2026**.

Fifth, Defendant Washington represented at the conference that he attempted to file documents on the docket via the Court's Pro Se Intake Unit. To the extent that any of those documents has not shown up on the docket, that is likely because it has not met the required standards for electronic filing. Washington is directed to email any document that he tried to file but has not yet been docketed to the Pro Se Intake Unit at pro_se_filing@nysd.uscourts.gov, the Court's chambers at ClarkeNYSDChambers@nysd.uscourts.gov, and all counsel.

Finally, the parties are directed to meet and confer to discuss the possibility of mediation. The Court-annexed Mediation Program is free to all parties and would have no effect upon any scheduling Order issued by this Court, unless the Court orders otherwise. The parties are directed

to file a separate joint letter relaying their willingness to mediate by no later than **December 19, 2025.**

Dated:  December 4, 2025
          New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge