

185 Madison Avenue, 15th Floor
New York, NY 10016
Tel: 212-419-5210 ext. 1

**David Leichtman**
dleichtman@leichtmanlaw.com

December 9, 2025

<u>**Via ECF**</u>

Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

      Re: *Babygrande Global, Inc. v. Even Labs Inc. et al.*, 1:24-cv-6785-JGL

Dear Judge Clarke:

We represent EVEN Labs and Enrique "Mag" Rodriguez (the "EVEN Defendants") in the above referenced action. We write in response to the Court's request during the December 2, 2025 court conference to provide case law on whether a "joint defense" or "common-interest" privilege may be waived unilaterally by one party to the joint relationship, without prior notice to the other party. The EVEN Defendants respectfully submit that: (1) the common interest privilege cannot be waived by one defendant; and (2) the common interest privilege cannot be waived retroactively.

There is no dispute that there was joint privilege between the EVEN Defendants and Mr. Washington. The only dispute is when it ended. The EVEN Defendants believe that the common interest privilege ended on September 3, 2025, the date on which Mr. Washington's independent contractor agreement with EVEN Labs was terminated. For the reasons stated below, the privilege could not have ended on August 26, 2025 – the date proffered by Mr. Washington – because the co-defendants were still in the midst of exchanging communications in furtherance of their common legal defense at that time.

**1. The Common-Interest Privilege Cannot Be Unilaterally Waived by a Single Co-Defendant**

As Mr. Washington agrees in his November 6, 2025 letter to the Court (Dkt. 128), the common interest privilege existed between Mr. Washington and the EVEN Defendants for the purpose of coordinating a legal defense. The common interest privilege allows parties who have a common legal interest in defending against a plaintiff's claims "to shield from disclosure certain attorney-client communications that are revealed to one another for the purpose of furthering a common legal interest." *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 625 (NY 2016). Thus, because the privilege exists for the benefit of all participants who share a

Honorable Jessica G. L. Clarke
United States District Judge
December 9, 2025
Page 2

Honorable Jessica G. L. Clarke
United States District Judge
December 9, 2025
Page 2

common legal interest at the time of the communication, no single participant may unilaterally waive the privilege for the others. *United States v. Napout*, No. 15 CR 252 (S-1) (PKC) (RML), 2017 U.S. Dist. LEXIS 34759, at *9 (E.D.N.Y. Mar. 10, 2017) ("The common interest rule further provides that the privilege cannot be waived without the consent of all parties to the privilege."); *see also 21st Century Diamond, LLC v. Allfield Trading, LLC*, 142 A.D.3d 913, 914 (1st Dep't 2016) (holding that a third party "could not unilaterally waive the joint privilege on behalf of third-party defendants-appellants, the other parties asserting it[.]").

Accordingly, even if Mr. Washington were otherwise entitled to disclose or rely on privileged communications, he may not himself waive the EVEN Defendants' privilege communications shared with him or his counsel through September 3, 2025, the date of his termination.

## 2. The Common-Interest Privilege Cannot Be Waived Retroactively

We note that because Mr. Blackburn entered his appearance on August 27, 2025, there were no direct communications between our firm and Mr. Washington between August 27th and September 3rd. All communications made between counsel for the EVEN Defendants and Mr. Blackburn up until September 3, 2025 were made in furtherance of their common legal interest and in relation to the pending litigation. As the Court is aware, Mr. Washington has at various times been represented by different counsel as well as representing himself as a *pro se* Defendant. Up and until September 3, 2025 the EVEN Defendants discussed strategy with Mr. Washington or his counsel and shared documentation relating to the shared elements of their defenses. *Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.,* No. 22-CV-1860-KPF, 2025 U.S. Dist. LEXIS 11484, at *5 (S.D.N.Y. Jan. 22, 2025) (Memo Endorsed) (New York courts apply the common interest privilege where "the parties share a common legal interest in an ongoing enterprise regarding a joint defense effort and legal strategy."). The privilege attaches at the time those communications were made, and cannot be retroactively removed whereas here, the relationship between the parties later deteriorates. "The common interest rule is concerned with the relationship between the transferor and the transferee at the time that the confidential information is disclosed." *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 159 F.R.D. 307, 314 (D.D.C. 1994) (finding a magistrate's holding "was clearly erroneous" when it failed to consider the time at which the communications that plaintiff sought protection under the common interest privilege were made, even though the parties to the common interest privilege were adverse at other times.).

To hold otherwise would undermine the public interest of the privilege by making it contingent on the future relationship of the parties instead of the expectations of the parties at the time the communications were made – *i.e.,* that the communications would remain confidential. *See Arkin Kaplan Rice LLP v. Kaplan*, 107 A.D.3d 502, 502, 967 N.Y.S.2d 63, 64 (1st Dep't 2013) (finding that a plaintiff adverse to her former co-defendants from another case could not waive the common interest privilege for the benefit of her co-plaintiffs who were not part of the common interest privilege in the prior litigation: "[t]he privilege belongs to the client," and the plaintiff "cannot

unilaterally waive it on defendants' behalf so as to benefit her coplaintiffs."). Thus, Mr. Washington cannot waive the privilege of the EVEN Defendants.[1]

For the above stated reasons, the common interest privilege applies up until September 3, 2025. We therefore respectfully request that the Court maintain the protections afforded under the common-interest privilege and reject Mr. Washington's assertion that the common privilege ended on August 26, 2025. In doing so, the EVEN Defendants also request that the Court order Mr. Washington not to disclose any privileged communications made *at any point in time* before September 3, 2025, and that the Court seal Dkt. Nos. 125-5 and 125-6, which were privileged communications at the time they were made.

Sincerely,

David Leichtman

David Leichtman

cc: Counsel of Record; Damien Washington (via ECF)

---

[1] Of course, Mr. Washington is free to waive the privilege for his own statements; he is only precluded from waiving anything said or provided to him or his counsel by EVEN or its counsel in connection with this case, or any other legal matter involving his time at EVEN. *See, e.g., SEC v. GPB Cap. Holdings, LLC*, Civ. No. 21-583, 2023 U.S. Dist. LEXIS 218226, at * 49 (E.D.N.Y. Dec. 7, 2023).