# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

<u>December 18, 2025</u>
Honorable Jessica G. L. Clarke
United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

       RE: Babygrande Global, Inc. v. Even Labs Inc. et al., 1:24-cv-6785-JGLC

       **MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**

Dear Judge Clarke:

Defendant **Damien "DDOT" Washington**, appearing **pro se**, respectfully moves for a **protective order under Federal Rule of Civil Procedure 26(c)** precluding or limiting inspection, seizure, or forensic examination of his personal and work devices by the EVEN Defendants.

This motion is **limited solely to device inspection**. Mr. Washington does not seek a stay of all discovery and does not object to producing non-privileged materials properly within his possession, custody, or control.

## I. FACTUAL BACKGROUND (LIMITED AND UNDISPUTED)

1. EVEN Defendants have demanded inspection and/or forensic analysis of devices previously used by Mr. Washington, asserting a need to investigate alleged deletion of emails from an EVEN-controlled work account that purportedly occurred "sometime after April 28, 2025."

2. EVEN did **not issue a litigation hold notice to its employees, including Mr. Washington, until July 29, 2025**, as reflected in the litigation-hold communications placed on the docket.

3. EVEN terminated Mr. Washington's access to EVEN systems and accounts in or about **April 2025**, retaining exclusive custody and control over its servers, cloud platforms, backups, and administrative email systems.

4. EVEN has not identified:

    - any specific category of unique or non-duplicative electronically stored information ("ESI") allegedly residing only on Mr. Washington's devices;

    - any loss of ESI occurring after a preservation duty was communicated to Mr. Washington; or

    - any basis for concluding that EVEN's own systems are insufficient to address its concerns.

## II. LEGAL STANDARD

Rule 26(c) authorizes the Court, for good cause, to issue a protective order to shield a party from discovery that would cause **undue burden, oppression, or invasion of privacy**, including by forbidding or limiting certain discovery methods.

Courts in the Southern District of New York treat **forensic inspection of personal devices as extraordinary relief**, appropriate only upon a particularized showing of necessity, relevance, and proportionality.

## III. ARGUMENT

### A. Device Inspection Is Disproportionate Where Preservation Duties Post-Date the Alleged Conduct

EVEN's justification for device inspection rests on alleged email deletions occurring "sometime after April 28, 2025." However, EVEN did not issue a litigation hold or otherwise notify employees of preservation obligations until **July 29, 2025**.

Absent a communicated preservation duty, compelled forensic inspection to investigate alleged pre-hold conduct is **not proportional to the needs of the case**. The timing undermines any claim that device inspection is necessary to remedy a preservation failure, particularly where EVEN retained exclusive control over its own email infrastructure.

### B. EVEN's Own Systems Are the Least Intrusive and Most Logical Source of the Information Sought

EVEN controlled the relevant email domain, servers, and administrative access at all relevant times and terminated Mr. Washington's access months before issuing a litigation hold. Where a company maintains centralized systems and backups, courts routinely deny device inspection absent evidence that such systems are unavailable or unreliable.

EVEN has made no such showing here.

### C. The Requested Inspection Is Overbroad and Intrusive

Mr. Washington's devices contain extensive personal, privileged, and unrelated information. Forensic inspection would expose data far beyond the scope of any legitimate discovery need, in violation of Rule 26(b)(1)'s proportionality principles. The absence of a timely litigation hold further weighs against authorizing such an intrusive measure.

### D. Less Intrusive Alternatives Exist

If relevant ESI exists, it is:

- equally or more readily obtainable from EVEN's own systems,

- addressable through targeted requests or search protocols, or

- already preserved through EVEN's administrative controls.

Rule 26(c) requires the Court to consider such alternatives before permitting extraordinary discovery methods.

## IV. CERTIFICATION OF GOOD-FAITH EFFORT

Mr. Washington has reviewed EVEN's position as set forth in its correspondence and determined that further meet-and-confer efforts would be futile given the narrow legal nature of the dispute and the relief sought.

## V. REQUESTED RELIEF

Mr. Washington respectfully requests that the Court enter a protective order:

1. **Precluding inspection, seizure, or forensic examination of Mr. Washington's devices**; or, in the alternative,

2. Requiring EVEN to first:

    - identify specific categories of allegedly unique ESI,

    - demonstrate why such ESI cannot be obtained from EVEN's own systems, and

    - propose narrowly tailored protocols subject to Court approval.

## VI. CONCLUSION

Because EVEN has not demonstrated necessity, proportionality, or a preservation-based justification for device inspection—particularly in light of the July 29, 2025 litigation-hold timing—protective relief under Rule 26(c) is warranted.

\s/ Damien "DDot" Washington
Defendant, Pro Se
P.O. Box 1468 Landover, MD, 20785
ddotomen.com@gmail.com
301-806-7111