UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABYGRANDE GLOBAL, INC.,<br><br>       Plaintiff,<br><br>   -against-<br><br>ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.;<br>DAMIEN DDOT WASHINGTON,<br><br>       Defendants. | 24-CV-6785 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

In a December 18, 2025 letter, the EVEN Defendants renew their request to seal an email docketed as two exhibits at ECF Nos. 125-5 and 125-6, which they assert is privileged under a joint defense privilege. ECF No. 159. Co-Defendant Damien "DDot" Washington opposes sealing the email, arguing in part that it is not an attorney-client communication and is therefore not privileged under the joint defense privilege. ECF No. 163.

The joint defense privilege, or common interest doctrine, "is not a separate privilege, but an extension of the work product or attorney client privilege." *Smith v. Pergola 36 LLC*, No. 22-CV-4052 (LJL), 2022 WL 17832506, at *7 (S.D.N.Y. Dec. 21, 2022) (quoting *BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-9367 (JMF) (SN), 2018 WL 3584020, at *3 (S.D.N.Y. July 23, 2018)); *see City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN) (KHP), 2019 WL 2865102, at *7 (S.D.N.Y. July 3, 2019) (The common interest "doctrine does not establish separate grounds for privilege, but rather is an exception to the rule that voluntary disclosure of privileged material to a third party waives protection from disclosure."). "It serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon

and undertaken by the parties and their respective counsel." *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989) (internal citation omitted). This "precept" comes from the attorney-client privilege itself, which is "intended 'to encourage clients to make full disclosure to their attorneys' and its 'purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *8 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Accordingly, "[b]efore a communication can be protected under the common interest rule, the communication must meet the elements of the attorney-client privilege." *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252 F.R.D. 163, 171 (S.D.N.Y. 2008). That means, when a "communication was not originally made between client and counsel for the purpose of obtaining legal advice, it is not privileged in the first place." *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *8; *see also* ECF No. 139 at 1 (citing *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 625 (2016)) ("The common interest privilege allows parties who have a common legal interest in defending against a plaintiff's claims 'to shield from disclosure certain attorney-client communications that are revealed to one another for the purpose of furthering a common legal interest.'")

Here, the email that EVEN seeks to seal was sent by EVEN's Director of People & Operations to what appears to be a wider EVEN "Team" listserv, ECF No. 125-5, with "no attorney involved," *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *8. Nor does the email appear to have been sent to an attorney's agent "for the purpose of obtaining legal advice from the lawyer." *Schwimmer*, 892 F.2d at 243 (internal citation omitted). The email was therefore not an attorney-client communication. Although it was sent at a time when the joint defense

privilege applied, *see* ECF No. 158, it was never privileged to begin with. Accordingly, EVEN's

request to seal the email is DENIED.

Dated:  December 22, 2025
        New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge