UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABYGRANDE GLOBAL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.; DAMIEN DDOT WASHINGTON, <br><br> Defendants. | 24-CV-6785 (JGLC) <br><br> **ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

The Court has received numerous letters from Defendant Damien "DDot" Washington ("Washington") regarding its prior Order, which directed the parties to propose mutually agreeable dates for a forensic search of the cell phone and laptop in Mr. Washington's possession. ECF No. 183. The Court has already ruled on all of the issues Mr. Washington raises in his letters, which are attached to ensure that they are properly docketed. The parties are directed to meet and confer to propose mutually agreeable dates during the week of February 9, 2026 and to submit those dates to the Court by **January 30, 2026**. If Mr. Washington refuses to participate in this meet and confer, the Court will select a date without his input.

As mentioned, the Court has attached Mr. Washington's letters below. The Court has previously directed Mr. Washington to email all filings to the Pro Se Intake Unit, to the Court, and to all counsel—including each email address in the "To:" field—to ensure that all of his filings can been properly docketed. The Court again instructs him to do so for all future filings.

The Court will address any discovery disputes, including potential issues raised in Mr. Washington's January 23, 2026 letter, pursuant to the protocol set forth in the Court's Individual Rules and Practices. *See* Individual Rule 4(k).


Dated:  January 23, 2026
        White Plains, New York

                                        SO ORDERED.

                                        JESSICA G. L. CLARKE
                                        United States District Judge

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

January 19, 2026
Honorable Jessica G. L. Clarke
United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

**RE: Babygrande Global, Inc. v. Even Labs Inc. et al., 1:24-cv-6785-JGLC**

**DEFENDANT DAMIEN "DDOT" WASHINGTON'S NOTICE OF COMPLIANCE AND PARTICIPATION UNDER PROTEST, WITH RESERVATION OF RIGHTS AND PROPOSED PROTECTIVE STIPULATIONS**

Dear Judge Clarke:

Defendant Damien "DDOT" Washington ("Mr. Washington"), appearing pro se, respectfully submits this Notice of Compliance and Participation Under Protest regarding the Court-ordered forensic inspection of his personal iPhone, as set forth in the Court's January 16, 2026 Order (ECF No. 183).

This notice is submitted to (1) confirm compliance with the Court's directive, (2) preserve objections previously raised and reflected on the record, and (3) propose protective stipulations to mitigate irreparable harm while discovery proceeds. This submission is further made to preserve Mr. Washington's objections and rights, as he did not consent to or waive any proposed discovery terms or stipulations while threshold motions remained pending before the Court.

## Participation Under Protest and Reservation of Rights

Mr. Washington will comply with the Court's directive **solely under protest** and without waiver of any objections previously asserted or preserved on the record. Compliance shall not be construed as consent to, admission of, or concession regarding:

- the necessity or proportionality of forensic imaging of a personal device under Rule 26(b);

- any allegation of spoliation;

- the sufficiency of any showing made to justify extraordinary discovery;

- the scope, method, vendor selection, or irreversibility of the forensic process; or

- Mr. Washington's status as a properly joined defendant.

This participation is undertaken solely to avoid the risk of sanctions and does not waive any rights to appellate review, including mandamus relief.

## Non-Waiver of Jurisdiction, Privileges, and Protections

Mr. Washington expressly preserves all objections and protections, including but not limited to:

- personal jurisdiction and venue;

- attorney-client privilege;

- work-product protection;

- privacy and confidentiality interests;

- constitutional protections under the Fourth and Fifth Amendments;

- proportionality objections under Rule 26(b)(1);

- objections to extraordinary discovery under Rule 26(c);

- objections to vendor selection, chain of custody, scope, timeframe, and search methodology.


Compliance with the Court's Order is compelled and involuntary and shall not be deemed a waiver of any jurisdictional defenses or party-status arguments, including those raised in Mr. Washington's pending motion for judgment on the pleadings and severance.

## Objections to Search Terms and Overbreadth (Preserved)

Mr. Washington preserves his objections to EVEN defendants' proposed search terms on the grounds that they are overbroad, unduly invasive, and likely to capture privileged attorney-client communications.

Mr. Washington further notes that the EVEN Defendants have stated their intent to subpoena Stove God Cooks as a third-party witness. To the extent any communications involving Mr. Washington and Mr. Cooks are relevant, such materials may be sought through third-party discovery without invading Mr. Washington's privileged communications or personal device.

Additionally, these same terms appear extensively in communications between Mr. Washington, Stove God Cooks and the EVEN Defendants, including Enrique Mag Rodriguez, and would therefore already exist within EVEN Defendants' own systems and devices; underscoring that forensic inspection of Mr. Washington's personal iPhone is not the least intrusive means of obtaining any relevant information.

Generic names and words (e.g., Stove, God, Cooks, Rose, Chuck, Wilson, Aaron, Cool, Dre) are common terms, especially given Mr. Washington's 15 year history as a music industry executive, unrelated to the claims and would capture substantial volumes of irrelevant personal data.

Mr. Washington has never refused discovery and has already produced responsive materials through non-invasive means. These objections are preserved for appellate review.

## Litigation Hold Timing and Absence of Spoliation Showing

Without waiving any objection, Mr. Washington notes that **no litigation-hold or preservation directive** was issued to him until **July 29, 2025,** despite the action having been filed in September 2024 and despite his earlier inclusion as a named defendant. This timing bears directly on proportionality and undermines any inference of intentional spoliation.

Mr. Washington further preserves his position that no party has identified specific ESI allegedly deleted, demonstrated that spoliation occurred, or shown that relevant ESI is unavailable from EVEN Defendants' own systems or third-party platforms.

## Proposed Protective Stipulations

To mitigate irreparable harm while complying with the Court's Order, Mr. Washington respectfully proposes the following safeguards:

1. **Neutral Vendor:** A neutral, Court-approved forensic vendor unaffiliated with any party.

2. **Location:** As ordered appearance in New York is required, however, reimbursement to EVEN Defendants should not be imposed absent a specific showing identifying allegedly deleted, case-relevant materials.

3. **Presence and Safety:**

To prevent intimidation, undue influence, and compromise of the integrity of the process, and given the adversarial posture of the litigation and Mr. Washington's expressed safety concerns, Mr. Washington respectfully requests the following safeguards:

- No EVEN Defendants, employees, agents, or representatives shall be physically, virtually, or telephonically present at or near the site during the examination for any reason;

- The examination shall occur only in Mr. Washington's physical presence;

- EVEN Defendants' counsel shall not participate in, observe, or communicate with the forensic vendor during the examination. Any data or reports shall be delivered solely to the Court for **initial in camera review and privilege determination**, and produced to parties only if expressly authorized by the Court.

- EVEN has alleged only the deletion or withholding of emails from an EVEN work email account. EVEN has never alleged that Mr. Washington deleted, withheld, or failed to produce text-based communications or other non-email messages. Accordingly, the forensic inspection should be limited to email-related materials and artifacts, and should exclude text messages and other non-email communications that fall outside the sole basis asserted for the inspection.

Any material violation of these safeguards shall be promptly reported to the Court and may constitute grounds for remedial relief, exclusion of improperly obtained material, or other relief the Court deems appropriate.

4. **Data Retention and Destruction:**

   - No extracted data or forensic images shall be disseminated to any party absent further Court order;
   - Upon completion of Court-authorized review, the forensic vendor shall permanently destroy all copies and certify such destruction **under penalty of perjury**, confirming that no copies remain.

5. **Vendor affidavit limitation**

   - The vendor's affidavit shall be limited to confirming compliance with the Court-approved procedures and stating whether responsive artifacts were identified or not identified through execution of the approved search protocol. The affidavit shall not offer opinions, inferences, or conclusions regarding the reasons for the presence or absence of any artifacts, including but not limited to deletion, concealment, relevance, or intent.
   - The absence of responsive artifacts identified through the Court-approved search shall not, standing alone, support cost-shifting, sanctions, spoliation findings, or additional discovery absent an independent evidentiary showing

## Preservation of Rights

Nothing herein shall be deemed a waiver of Mr. Washington's rights under the Federal Rules of Civil Procedure, the Constitution, or applicable appellate remedies.

Respectfully submitted,

**Damien "DDOT" Washington**
Defendant, Pro Se
P.O. Box 1468
Landover, MD 20785
ddotomen.com@gmail.com
(301) 806-7111

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

January 22, 2026
Honorable Jessica G. L. Clarke
United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

## RE: Babygrande Global, Inc. v. Even Labs Inc. et al., 1:24-cv-6785-JGLC

**DEFENDANT DAMIEN "DDOT" WASHINGTON'S Response to January 22, 2026 Letter Regarding Scheduling**

Dear Judge Clarke:

I respectfully submit this brief response to the EVEN Defendants' January 22, 2026 letter (Dkt. 184), solely to correct the record.

**First**, I <u>did not</u> refuse to participate meaningfully in a joint submission or to meet and confer. As reflected in my January 20, 2026 email to EVEN Defendants' counsel, I expressly stated that I would comply with the Court's directives, would continue to confer regarding scheduling, and was not refusing to meet and confer. I explained only that I was not available on the dates proposed (January 26–February 6) and that I was not yet able to provide alternative dates at that time due to unresolved safeguard issues and pre-existing professional and personal obligations. Following that response, no additional alternative date ranges were proposed to me for consideration. That correspondence is part of the record. That correspondence is part of the record.

**Second**, the EVEN Defendants' letter appears to mischaracterize my statements at the January 15, 2026 conference regarding my financial circumstances and availability. My statement that I could not presently afford to travel to New York following my termination by EVEN Defendants was not inconsistent with my having ongoing or prospective professional obligations. To the contrary, those obligations are the means by which I am attempting to generate income following termination and necessarily require advance coordination and rearrangement. Additionally, I currently have job prospects with interviews in progress, including potential in-person or in-office meetings anticipated during the month of February.

The timing and location of those interviews have not yet been confirmed and are not matters I can unilaterally determine at this stage. The fact that EVEN Defendants may be eager to proceed does not eliminate or override these practical constraints, nor does it transform them into a refusal to cooperate.

**Third**, as of today, January 22, 2026, my physician has directed that I abstain from professional duties and travel for a period of approximately three weeks while I am undergoing medical evaluation. I have attached the physician's note for the Court's reference. This medical directive independently precludes travel to New York during that period and explains why immediate alternative availability cannot presently be provided.

Finally, I reiterate that I have not refused to confer or comply. I remain willing to continue conferring regarding scheduling and logistics once I am medically cleared and once the pending safeguard and stay issues are resolved, consistent with my prior communications and filings.

I submit this response only to ensure the Court has an accurate and complete understanding of the record.

Respectfully submitted,

**Damien "DDOT" Washington**
Defendant, Pro Se
P.O. Box 1468
Landover, MD 20785
ddotomen.com@gmail.com
(301) 806-7111

Lic # _____    NPI # _____

DEA# _____

**MERCY A. OBAMOGIE, M.D., M.P.H., P.C.**
7225 HANOVER PARKWAY
SUITE A
GREENBELT, MD 20770
301-345-5900

NAME Darryl Washington    DOB 8/31/88

ADDRESS _____    DATE 1/22/26

**℞** (PLEASE PRINT) Above named was seen by one on 1/22/26 for evaluation of medical problem which require specialist intervention for the next three weeks. He is excused from all duty for the next three weeks

☐ LABEL

REFILL _____ TIMES    PRN    NR

_____ M.D.

TO INSURE BRAND NAME DISPENSING, PRESCRIBER MUST WRITE 'DISPENSE AS WRITTEN' OR
'DISPENSE ONLY AS DIRECTED' ON THE PRESCRIPTION.

07-27-17

TRI170727_71784_1_138613

 **Damien DDot Omen <ddotomen.com@gmail.com>**

---

## Babygrande v. EVEN Labs et al.-- Meet and Confer Regarding Availability for EVEN Device Imaging

3 messages

---

**Emma Hoffmann** <EHoffmann@egsllp.com>                                        Fri, Jan 16, 2026 at 2:50 PM
To: "ddotomen.com@gmail.com" <ddotomen.com@gmail.com>
Cc: Sherli Furst <SFurst@egsllp.com>, David Leichtman <DLeichtman@egsllp.com>, "hip@hiplaw.com"
<hip@hiplaw.com>

Good afternoon, Mr. Washington:

Per the Court's instruction at yesterday's case management conference (and the anticipated
order confirming the deadlines discussed), we are writing to request your availability to travel to
the White Plains Courthouse between January 26-February 6.  Please provide us with your
availability on each of those dates, taking into account travel time and time for imaging the
devices.

We are reaching out to the vendor to confirm their availability so that we can write to the Court
with mutually available dates by the January 22 joint letter deadline.

Thank you,



**Emma Hoffmann**
**Associate**
1345 Avenue of the Americas, 11th Fl., New York, NY 10105
Telephone: (212) 370-1300 Fax: (212) 370-7889
EHoffmann@egsllp.com |www.egsllp.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or
entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from
disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or
copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please
delete this message, along with any attachments, from your computer. Thank you.

---

**Emma Hoffmann** <EHoffmann@egsllp.com>                                        Tue, Jan 20, 2026 at 1:47 PM
To: "ddotomen.com@gmail.com" <ddotomen.com@gmail.com>
Cc: Sherli Furst <SFurst@egsllp.com>, David Leichtman <DLeichtman@egsllp.com>, "hip@hiplaw.com"
<hip@hiplaw.com>

Good afternoon, Mr. Washington:

We are following up on our request for your availability between January 26-February 6.  Our
joint letter to the Court is due Thursday January 22.

Best,



**Emma Hoffmann**
**Associate**
1345 Avenue of the Americas, 11th Fl., New York, NY 10105
Telephone: (212) 370-1300 Fax: (212) 370-7889
EHoffmann@egsllp.com | www.egsllp.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

**From:** Emma Hoffmann
**Sent:** Friday, January 16, 2026 2:50 PM
**To:** ddotomen.com@gmail.com <ddotomen.com@gmail.com>
**Cc:** Sherli Furst <SFurst@egsllp.com>; David Leichtman <DLeichtman@egsllp.com>; hip@hiplaw.com <hip@hiplaw.com>
**Subject:** Babygrande v. EVEN Labs et al.-- Meet and Confer Regarding Availability for EVEN Device Imaging

[Quoted text hidden]

---

**Damien DDot Omen** <ddotomen.com@gmail.com>                Tue, Jan 20, 2026 at 6:59 PM
To: Emma Hoffmann <EHoffmann@egsllp.com>
Cc: Sherli Furst <SFurst@egsllp.com>, David Leichtman <DLeichtman@egsllp.com>, "hip@hiplaw.com" <hip@hiplaw.com>
Bcc: William Guilford <wguilford@guilfordlawgroup.com>

I will comply with the Court's directives. However, I write to clarify that any participation by me is **under protest**, **without waiver of rights**, and **without consent** to the vendor selection, search terms, or any protocols beyond those expressly approved by the Court.

For the avoidance of doubt, I note that I did not waive any objections or consent to these matters while threshold motions were pending before the Court, and no such waiver should be implied.

I expressly reserve all rights and remedies, including the right to seek additional safeguard protocols and any relief legally available to me. Consistent with that, I will be submitting proposed safeguard protocols to the Court addressing scope, privilege, privacy, cost-shifting, and inspection limitations.

With respect to scheduling, I am not available on the dates proposed (January 26 through February 6). At this time, I am not yet able to provide alternative availability, as scheduling must remain contingent pending resolution of the safeguard issues noted above and other pre-existing professional and personal obligations. This is not a refusal to meet and confer, and I will continue to confer regarding scheduling once those issues are addressed.

Nothing in this correspondence should be construed as consent, waiver, or agreement beyond compliance with the Court's Order.

[Quoted text hidden]
--
-
Damien "DDot" Washington
Defendant, pro se

January 23, 2026
Honorable Jessica G. L. Clarke
300 Quarropas Street
Courtroom 320
White Plains, NY 10601

**RE: Babygrande Global, Inc. v. Even Labs Inc. et al., 1:24-cv-6785-JGLC**

**DAMIEN DDOT WASHINGTON Supplemental Notice Regarding Proportionality/ Symmetry of Discovery**

Dear Judge Clarke:

I respectfully submit this brief supplemental notice for the Court's awareness as it bears on proportionality under Rule 26(b)(1). The EVEN Defendants proposed—and the Court adopted—broad search terms to be applied to my personal iPhone device, including names of individuals, artists, business entities, and generic industry terms. However, in their January 22, 2026 responses and objections to Plaintiff Babygrande Global, Inc.'s Second Set of Requests for Production, EVEN Defendants object to producing materially similar categories of information from their own systems on grounds of overbreadth, undue burden, lack of proportionality, and availability from other sources.

By way of example, EVEN Defendants object to Plaintiff's Requests Nos. **2, 5, 7, 9, and 12** (among others), which seek communications, documents, and ESI concerning the same individuals, artists, agreements, and subject matter covered by the search terms imposed on me. In those objections, EVEN Defendants contend that such requests are overly broad, insufficiently tailored, and disproportionate to the needs of the case. I raise this not to seek reconsideration at this time, but to request a comparative proportionality assessment as to whether those same search terms satisfy Rule 26(b)(1) when imposed on a non-domiciliary individual's personal device, particularly where EVEN Defendants assert that equivalent discovery is disproportionate when sought from their own corporate systems.

If the Court nevertheless concludes that these search terms are proportional as applied to me, I respectfully submit that proportionality principles would warrant the same categories of discovery being considered proportional as applied to EVEN Defendants' systems, which are less intrusive and more likely to contain responsive material. This is particularly so where EVEN Defendants have repeatedly maintained that I was merely a contractor and not a custodian of EVEN's records or systems, further underscoring that EVEN Defendants—not I—had primary access to, control over, and custodial responsibility for the information at issue. I note this asymmetry solely to ensure proportionality is assessed consistently across parties and custodians, particularly where the discovery at issue involves irreversible forensic inspection of a personal device rather than production from corporate systems. I preserve this point for the record.

Respectfully submitted,

**\s/ Damien "DDOT" Washington**
Defendant, Pro Se
P.O. Box 1468
Landover, MD 20785
ddotomen.com@gmail.com
(301) 806-7111