EGS
Ellenoff Grossman & Schole LLP

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NY 10105
TELEPHONE: (212) 370-1300
FACSIMILE: (212) 370-7889
www.egsllp.com

April 23, 2026

**Via ECF**

Honorable Jessica G. L. Clarke
300 Quarropas Street, Courtroom 320
White Plains, NY 10601
ClarkeNYSDChambers@nysd.uscourts.gov

Re: **The EVEN Defendants' Requested Redactions to Currently Sealed Exhibits in *Babygrande Global Inc. v. EVEN Labs et al.*, Civ. No. 1:24-cv-06785-JGLC**

Dear Judge Clarke:

Pursuant to Your Honor's Individual Rules 5(d)(i)-(iii), the EVEN Defendants respectfully request that the following redactions be made to documents filed by Plaintiff under seal in association with its Opposition to the EVEN Defendants' Motion for Case-Terminating Sanctions. (*See* Dkts. 267-270).

Plaintiff filed a series of documents in support of its opposition papers (namely, communications between and among various parties) that contain the EVEN Defendants' confidential business information. Most of this information is contained in text messages between EVEN's CEO, Enrique "Mag" Rodriguez and Defendant Damien "DDot" Washington that were exchanged at the time that Mr. Washington was an independent contractor for EVEN. Per Your Honor's Individual Rule 5(c), the EVEN Defendants have narrowly tailored their redaction requests to remain consistent with the presumption in favor of public access to judicial documents. The requested redactions fall into three categories, as follows:

**1. Revenue Information.** The documents contain specific, non-public revenue figures for EVEN Labs, including references to both real and projected revenue amounts discussed in the course of confidential business communications. (*See e.g.* Dkts. 270-1 to 270-5, and 270-7 (Exhibits 6-8, 11-12, and 16 to Dkt. 268)). This information constitutes "individual financial information" and proprietary business data within the meaning of the S.D.N.Y. ECF Privacy Policy and Individual Rule 5(b). Public disclosure of these figures would cause competitive harm to EVEN Labs by revealing the company's financial position to competitors, potential counterparties, and the public at large, without serving any legitimate public interest in this litigation. The revenue figures are not necessary to the Court's resolution of the pending motion, which concerns alleged litigation misconduct, and their disclosure would not have any benefit by providing public access.

**2. Streaming Numbers.** The documents contain non-public streaming performance data—specifically, streaming counts and projections for musical releases distributed through or in association with EVEN Labs. (*See e.g.* Dkts. 270-2 and 270-7 (Exhibits 6 and 16 to Dkt. 268)). This data constitutes proprietary and trade secret information that EVEN Labs maintains as confidential in the ordinary course of its business. Disclosure of this information would provide

competitors with insight into EVEN Labs' business relationships, distribution strategies, and commercial performance in a highly competitive industry. The streaming figures are likewise not central to the Court's evaluation of the sanctions motion, and the EVEN Defendants' request to redact them is narrowly tailored to the specific numerical data appearing in the relevant exhibits.

**3. Personal Identifying Information.** The documents contain certain personal identifying information—including phone numbers, email addresses, and other contact information—of individuals who are not parties to this litigation and who have no reason to have their private information made part of the public record. (*See e.g.* Dkts. 270-2 and 270-3 (Exhibits 6 and 7 to Dkt. 268)). Redaction of this category of information is independently authorized without Court approval pursuant to Individual Rule 5(b) and the S.D.N.Y. ECF Privacy Policy, as it constitutes "personal identifying" information within the meaning of those provisions. Out of an abundance of caution and in the interest of full disclosure, the EVEN Defendants include this category here so that the Court has a complete picture of the redactions sought.

For the foregoing reasons, the EVEN Defendants respectfully request that the Court grant leave to file the exhibits referenced in Dkts. 267-270 with the proposed redactions for the reasons outlined above. Per Individual Rule 5(d)(iii), the EVEN Defendants are simultaneously filing a publicly available version of the relevant documents with the proposed redactions applied, and an unredacted copy under seal with the proposed redactions highlighted, each electronically related to this letter-motion.

Respectfully submitted,

Emma J. Hoffmann

Emma J. Hoffmann
Ellenoff, Grossman & Schole LLP

*Counsel for EVEN Defendants*