Ellenoff Grossman & Schole LLP

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NY  10105
TELEPHONE: (212) 370-1300
FACSIMILE: (212) 370-7889
www.egsllp.com

April 22, 2026

**Via ECF**



Honorable Jessica G. L. Clarke
300 Quarropas Street, Courtroom 320
White Plains, NY 10601
ClarkeNYSDChambers@nysd.uscourts.gov

Re:    **Letter Request To Require Production of Plaintiff's _In Camera_ Submission Filed with its Opposition to the EVEN Defendants' Motion for Case-Terminating Sanctions in _Babygrande Global Inc. v. EVEN Labs et al._, Civ. No. 1:24-cv-06785-JGLC**

Dear Judge Clarke:

The EVEN Defendants have now had an opportunity to review Plaintiff Babygrande's memorandum of law in opposition to the EVEN Defendants' motion for case terminating sanctions. (Dkt. 267). We write regarding the _ex parte in camera_ submission filed by Babygrande in connection with that memorandum. At the April 14, 2026 Hearing, Plaintiff requested to file e-mails between Mr. Parness and _his own client_, Mr. Wilson _in camera_, to which the EVEN Defendants objected. But the sole references to this _in camera_ submission in Babygrande's brief are to e-mail communications between Mr. Parness and Defendant Damien Washington, who is _not_ Mr. Parness' client. As the Court has already ruled, any claim of privilege between Mr. Parness and Mr. Washington is baseless. We respectfully request that the Court order the submissions disclosed to counsel of record and that they be filed publicly on the docket.

I.    **The _Ex Parte_ Declaration and Exhibits contain non-privileged communications between Mr. Parness and Mr. Washington.**

At the April 14, 2026 Hearing, Plaintiff's counsel represented to the Court that the e-mails he was requesting to submit for _in camera_ review contained communications between himself and his client, and were therefore allegedly protected by attorney-client privilege. (_See_ Hearing Transcript, relevant pages 20-21 attached hereto). However, in its opposition papers, Plaintiff references multiple communications that took place between Mr. Parness and Mr. Washington, seemingly to support its argument that Plaintiff's counsel was unaware of the extortion scheme. (Dkt. 267 at 17-18). These communications are by their nature relevant and non-privileged. At the March 11, 2026 Conference, the Court already ruled that substantive communications between Mr. Parness and Mr. Washington are not privileged and ordered them to be produced. (Dkt. 245, at 39). Apparently, this is yet another order that Babygrande did not comply with, since it has now provided communications to the Court _in camera_ between Mr. Parness and Mr. Washington which have not been produced to the EVEN Defendants. Attorney-client privilege protects only confidential communications between an attorney and his client, made for the purpose of seeking or rendering legal advice, with no third parties present. Based on Babygrande's own description

Hon. Jessica G. L. Clarke
April 22, 2026
Page 2

of the documents in its brief, the submission appears to include only communications involving Mr. Parness and Mr. Washington. (*See* Dkt. 267, at 13 & 16 (each discussing Exhibit D, and at 17-18, discussing Exhibits A-F, but not indicating who the communications in Exs. A-C or Exs. E-F, which appear to be self-selected rather than complete, are between)). And, even if Mr. Wilson was part of the e-mail chain, the presence of a non-client party in those communications destroyed any privilege at inception. There is accordingly no basis for *in camera* treatment, and the submission should be produced to counsel of record immediately.

**II.      Plaintiff should not be allowed to rely on documents as evidence to support its opposition to the EVEN Defendants' motion while simultaneously keeping them from the EVEN Defendants.**

Even if some of the other attachments to the *in camera* declaration (which have not even been described in Plaintiff's memorandum of law) contain communications between Mr. Parness and Mr. Wilson, to the exclusion of Mr. Washington, Babygrande cannot rely on documents as evidence in a public filing and also shield them from adversarial scrutiny under a claim of privilege. Babygrande's submission is a textbook sword-and-shield waiver. By selectively using the documents to its advantage in a public pleading, Babygrande has waived any privilege that might otherwise have applied. *See*, *e.g.*, *Windsor Securities, LLC v. Arent Fox LLP*, 273 F.Supp.3d 512, 518 (S.D.N.Y. 2017) (by placing privileged communications at issue, invasion of the privilege is required as a matter of fairness so that the adversary can test the issue the information is being used for by the party claiming the privilege: "[i]t would be unfair for a party to who has asserted facts that place privileged communications at issue to deprive the opposing party of the means to test those factual assertions through discovery of those communications."). By citing to the *in camera* submission and characterizing the contents of the documents to support its opposition, Babygrande has put those materials at issue in the litigation. The Court should not permit Babygrande to weaponize documents against the EVEN Defendants while denying the EVEN Defendants the ability to examine or contest them.

**III.      Requested Relief**

The EVEN Defendants respectfully request that the Court order the *Ex Parte* Parness Declaration and associated *ex parte* exhibits be filed publicly on the docket, or at the very least, be provided to the EVEN Defendants immediately so that they may be adequately addressed in the EVEN Defendants' reply brief due April 27, 2026.

Respectfully submitted,

*David Leichtman*

David Leichtman
Ellenoff, Grossman & Schole LLP

*Counsel for EVEN Defendants*

The Court has reviewed the EVEN Defendants' motion and Mr. Parness's response. *See* ECF Nos. 272, 273. The Court confirms that the email communications submitted *ex parte* are between Mr. Parness and Mr. Wilson. As such, there is no basis for the production of these documents at this time. The Court has already ordered that these documents are to be submitted *in camera* only at this initial juncture; should they be subject to a privilege exception, they will also be subject to disclosure. *See* ECF No. 263. EVEN Defendants' reply remains due on April 27. The Clerk of Court is respectfully directed to terminate ECF No. 272.
SO ORDERED.

*Jessica Clarke*

Dated: April 23, 2026
White Plains, New York

JESSICA G. L. CLARKE
United States District Judge