

Ellenoff Grossman & Schole LLP

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NY  10105
TELEPHONE: (212) 370-1300
FACSIMILE: (212) 370-7889
www.egsllp.com

May 18, 2026

**Via ECF**

Honorable Jessica G. L. Clarke
300 Quarropas Street, Courtroom 320
White Plains, NY 10601
ClarkeNYSDChambers@nysd.uscourts.gov

Re:    **Supplemental Letter in Support of the EVEN Defendants' Motion for Case-Terminating Sanctions in *Babygrande Global Inc. v. EVEN Labs et al.*, Civ. No. 1:24-cv-06785-JGLC**

Dear Judge Clarke:

Pursuant to Your Honor's Order granting the EVEN Defendants permission to file a supplemental letter (Dkt. 286) in support of EVEN's motion for case-terminating sanctions (Dkts. 252-281), EVEN submits this letter and the attached Exhibit 25.

In its opposition to the pending motion, Babygrande represented to the Court that "the Ex Parte Exhibits demonstrate that *there was no follow-up to the August 5 or 13, 2025 calls, and no further contact whatsoever with Defendant Washington* until he returned to pro se status in early November 2025."  (Dkt. 267, at 15) (emphasis added).  In response to EVEN's request to supplement, Mr. Parness now contends that the foregoing was meant to refer only to himself.  (Dkt. 284, at 1).  Irrespective of Mr. Parness' contention, the new text chain produced on April 24th shows that Mr. Wilson continued discussing the scheme reflected in the August Recordings that Babygrande mainly has not tried to excuse in its opposition papers.

The text chain attached as Exhibit 25 was produced by Babygrande on April 24, 2026 in its still-incomplete production ordered by the Court.  It spans August 5 through November 25, 2025, bracketing the August Recordings and continuing more than three months past Washington's October 2025 return to *pro se* status, and contains multiple unproduced audio messages from Washington to Wilson and vice versa.  Read alongside contemporaneous events in this case and outside it, the chain demonstrates (in Wilson's own words) that he personally orchestrated the scheme described in EVEN's opening and reply papers:

**August 5-13, 2025:**  Washington opens the chain on August 5 with "Hey chuck.  Hillel said to give you a call." (Ex. 25, at 1).  The next morning Wilson asks whether Washington has a "current contract" with EVEN or "can leave any time."  (*Id.*).  Between the two recorded calls, Wilson requests Washington's resume asking, "What exactly are you looking for in your next role?"  (*Id.* at 3).  These exchanges further reflect the "job" Wilson held out on the Recordings as consideration for Washington's confidential EVEN information.  On August 13, the day of the recorded call with Mr. Parness, Washington again writes: "Call me when you have a chance."  (*Id.* at 5).

**August 26-27, 2025:**  Washington tells Wilson that he will have "a gift" for him.  (Ex. 25, at 8).  The next afternoon, Wilson asks, "So even finally agreed to pay for your lawyer??"  Washington

Hon. Jessica G. L. Clarke
May 18, 2026
Page 2

answers, "Nope.  Just watch." (*Id.* at 10).  Wilson replies, "Hit em!" (*Id.* at 11).  The Court will recall that August 27th was the date that Mr. Blackburn briefly entered his appearance.

**September 11-13, 2025 (Washington's *pro se* cross-motion filings, Dkts. 106-107):** Wilson writes Washington: "I just heard you brought the heavy hitters out....  You know who gonna be losing some sleep soon." (Ex. 25, at 12).  When Washington reports offers from "Even's competitors" and asks Wilson "What we doing?" (*Id.* at 14-15).  Wilson replies: "Suit up!... Let's gOOOOOOO.  Even gon owe you so much bread you ain't gon work no mo.  You hit em with some kind of ric flair / game of death combo." (*Id.* at 15-16). Washington then sends a graphic of wrestlers labelled "DDOT" and "Chuck" body-slamming a wrestler labelled "EVEN," with Wilson responding with crying laughing emojis saying "me and you gonna own even." (*Id.* at 16). On September 13, there are a series of still unproduced audio messages, (*Id.* at 20-23), while Wilson responds in part:  "I see what they don't see and it's valuable and **mutually beneficial**." (*Id.* at 21).

**September 18-19, 2025 (following the denied emergency letter motion, Dkts. 110-114):** Wilson appropriates Washington's wrestling graphic, sending it back to Washington saying, "Dam you hit em with a body blow again," and then, "Looks like that website is staying up... **Diabolical**" endorsing Washington's defamatory website, the same content at issue in EVEN's defamation action against Washington pending in Maryland.[1]  (Ex. 25, at 23).  Washington replies implying he would be calling Wilson that day saying, "On the train.  Hit you later." (*Id.* at 23-24).  The next morning, Washington writes that "we would like for you to remove/dismiss me from the lawsuit with EVEN.  I have a separate entertainment attorney that will put together our working arrangement."  Wilson responds: "That's all Hillel." (*Id.* at 25).

**October 8-10, 2025**: Washington sends Wilson his Instagram post defaming EVEN and reigniting Washington's internet campaign outlined in the defamation complaint.  (Ex. 25, at 26-27; *see also* MD Action, Dkt. 1).  On October 10, Washington sends Wilson his "Meet The Mag" Instagram post defaming Mr. Rodriguez—also at issue in the Maryland Action.  (*Id.* at 27-28).  Wilson responds: "OMG.  YOU LIT HIM UP MAN....  Love it!!!!!  Shit is real!" (*Id.*).  Washington replies:  "I'm back in the country next week.  Let's get to work." (*Id.* at 29).

**November 25, 2025:**  Washington tells Wilson that "EVEN raised a Series A funding...last month but haven't publicly announced or disclosed how much they raised.  You should go through your channels and see what you can find out." (Ex. 25, at 40).  This is a clear example of precisely the nonpublic information Wilson sought to "squeeze" EVEN with on the August Recordings.  (Dkt. 254-8, 8:14-9:3).

In short, Exhibit 25 confirms, in Wilson's own words, the conduct EVEN has documented in its motion:  his solicitation of confidential EVEN information in exchange for employment and other benefits, his encouragement of Washington's defamatory campaign against EVEN and Mr. Rodriguez, and his stated intent to "force a settlement" or "blow this whole thing up." (Dkt. 254-8, 11:24-12:18).  The chain refutes Babygrande's representation of "no further contact whatsoever" with Washington after the August Recordings and confirms that those Recordings began a sustained scheme warranting the relief sought in EVEN's motion.

---

[1] A more detailed timeline of Washington's actions during this time is outlined in the complaint filed by EVEN in the case before Judge Xinis.  (*EVEN et al. v. Washington*, Civ. No. 8:26-cv-816-PX, Dkt. 1).

Hon. Jessica G. L. Clarke
May 18, 2026
Page 3

Respectfully submitted,

David Leichtman

David Leichtman
Ellenoff, Grossman & Schole LLP
*Counsel for EVEN Defendants*