*Managing Attorney*
**William F. Guilford, Esq.**



May 27, 2026

<u>**Via ECF**</u>
Honorable Jessica G. L. Clarke
300 Quarropas Street, Courtroom 320
White Plains, NY 10601
ClarkeNYSDChambers@nysd.uscourts.gov

RE: **Babygrande Global, Inc. v. Rodriguez, et al., No. 1:24-cv-06785-JGLC – Emergency Letter Request to Modify the May 11, 2026, and May 26, 2026 Orders**

Dear Judge Clarke,

My office was recently retained by Defendant Damien "DDot" Washington in the above-referenced matter. I am writing to request that this Court modify and/or amend the court's May 11, 2026, Order (Dkt. 285) to allow for the search of the devices to take place in New York now that Mr. Washington has retained New York counsel and to stay sanctions accrual related to all devices until at least Monday, June 1, 2026. It would be more practical to have the search of the devices done here in New York where all counsel are located. Mr. Washington informs me that he can bring the phone to New York this week in order to comply with the Court's Order. Mr. Washington does not seek to disobey this Court's orders and he has been advised of the seriousness of non-compliance and any further sanctions in this matter. Please be advised that I called the U.S. Marshall's office in Maryland on May 25, 2026 and received no answer, indicating that the office was closed for Memorial Day, the day that this Court set as the deadline for Mr. Washington to comply with the Court's Order. Mr. Washington informs me that he was not in Maryland yesterday, May 26, 2026, and that is why he could not take the phone to the Marshall's office that day. He also states that he is not in Maryland today. While Mr. Washington did oppose the search of his phone as ordered and he reserves his objections to same, he does not intend to disobey the court's order. Mr. Washington also is not in possession of the laptop, as detailed below, and he apologizes for the delay in bringing in the devices.

My office was only recently retained by Mr. Washington for this case and I have spent a significant amount of time getting up to speed on the numerous filings in this case. Prior to my filing of my Notice of Appearance on May 25, 2026, Mr. Washington was appearing *pro se* in this matter since approximately October 2025. Mr. Washington, now that he has counsel, wishes for his counsel to attend any inspection of the device. The Court previously ordered in their January 16, 2026 Order (Dkt. 183) that the parties and vendor shall meet at the United States Courthouse in White Plains, New York. It is my understanding that the inspection was to take place at the Courthouse in White Plains in the presence of all counsel. We are requesting that the Court modify the existing Order to reflect that same protocol.

Contrary to assertions and insinuations made by EVEN Labs, Inc.'s ("EVEN") Counsel David Leichtman in his letter to the court yesterday (Dkt. 290), I was not previously familiar with the intricate details of all that has happened in this case, including the filings related to the discovery of the devices at issue herein over the last several months. I only first read many of the recent court

Honorable Jessica G.L. Clarke
May 27, 2026
Page 2

orders and filings over the course of the past two days, after being retained by Mr. Washington for this matter. While my office does represent Mr. Washington in his employment litigation against EVEN currently pending in E.D.N.Y., it is telling that Mr. Leichtman relates this discovery issue in this case to the E.D.N.Y. case. As it is Mr. Washington's belief that the EVEN Defendants are using this discovery mechanism here as a vehicle to get personal information regarding Mr. Washington to use in Mr. Washington's E.D.N.Y. employment case and EVEN's case against Mr. Washington that they filed in Maryland.

I am further requesting a stay of any sanctions or fine accrual related to the laptop at issue herein pursuant to the May 11, 2026 Order (Dkt. 285) and the May 26, 2026 Order (Dkt. 291). Mr. Washington has advised me that the laptop at issue herein was lost and possibly stolen. According to Mr. Washington, he lost the laptop on May 8, 2026. Mr. Washington further informs me that he believes EVEN is able to track the device through Apple "find my" or other tools. After being retained in this matter, I immediately informed opposing counsel of the missing laptop. Mr. Washington has represented to me that he filed a police report on May 13, 2026, with the Metropolitan Washington Airport Authority ("MWAA") police department regarding the lost laptop and that he was given a report number, that number was written on a sticky note by an officer at the police station. Mr. Washington also filed a lost and found report with the MWAA as well. Mr. Washington assures me that he will be going to the police station this week to retrieve the police report and to follow-up with the police on their investigation. To date, Mr. Washington has been unsuccessful in his efforts at retrieving the lost laptop. Therefore, we request that this Court modify the Court's Order and stay sanctions and fine accrual related to the laptop pending investigation and retrieval of the missing laptop and/or further proceedings with the Court.

Wherefore, Defendant Washington respectfully requests that this Court issue an Order:

1. Modifying the Court's May 11, 2026 Order and allow the devices to be produced for inspection at the Federal Courthouse in White Plains, New York in the presence of New York counsel as previously Ordered in the Court's January 16, 2026 Order (Dkt. 183);
2. Staying the accrual of sanctions and fines related to all devices until June 1, 2026;
3. Staying the accrual of sanctions and fines related to the laptop device pending investigation of the missing laptop and/or further proceedings with the Court; or
4. In the alternative granting Defendant Washington leave to file a formal motion with an affirmation of Defendant staying sanctions and fees pending resolution of said motion.

We appreciate the Court's attention to this matter.

Respectfully Submitted,

/s/William Guilford
William F. Guilford, Esq

Cc:    Counsel of Record (via ECF)

www.guilfordlawgroup.com    333 Park Avenue South, Suite 3A, New York, NY 10010    P: 212.653.0635