

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NY 10105
TELEPHONE: (212) 370-1300
FACSIMILE: (212) 370-7889
www.egsllp.com

May 27, 2026


**Via ECF**

Honorable Jessica G. L. Clarke
300 Quarropas Street, Courtroom 320
White Plains, NY 10601
ClarkeNYSDChambers@nysd.uscourts.gov


Re:  **EVEN Defendants' Response to Defendant Washington's Emergency Letter
Motion to Modify Orders (Dkt. 292) in _Babygrande Global Inc. v. EVEN Labs et al._,
Civ. No. 1:24-cv-06785-JGLC**

Dear Judge Clarke:

The EVEN Defendants submit this letter in brief response to the emergency letter motion filed earlier today by Mr. Washington's newly-retained counsel (Dkt. 292), and respectfully request that the relief sought be denied in its entirety.  Mr. Washington's latest lie about his "lost" or "stolen" laptop is directly contradicted by his own prior representations to this Court and is the latest entry in a long pattern of obstruction that has now spanned the better part of a year.

On April 14, 2026, Mr. Washington represented to this Court (in support of his refusal to appear in White Plains in compliance with the Court's Order to Show Cause) that he was "unable to travel from Maryland due to medical restrictions" and that his physical appearance was "medically and physically impossible at this time."  (Dkt. 262 at 1).  In support of that representation, Mr. Washington attached a phony "Disability Slip" from an unknown "chiropractor," expressly stating that he was permitted _"no travel more than 30 minutes through 5/13/26."_  (Dkt. 262-1).  Mr. Washington later reiterated his inability to travel, twice, in his April 27, 2026 submission to this Court, that those same medical limitations rendered him unable to travel and unable to comply with the Court's repeated orders to produce his devices for inspection in White Plains before May 13th.  (Dkt. 283, stating twice that "Mr. Washington remains under medical supervision through May 13, 2026.").  Those representations formed the predicate for the Court's subsequent and very forgiving accommodations and for the orders that Mr. Washington now seeks to modify.

Mr. Washington cannot, apparently, remember his own lies.  Now he represents that he has filed a claim with the Metropolitan Washington Airport Authority ("MWAA") police, which only operate out of Dulles and Reagan/National Airports, stating that he was at the airport on May 8, 2026, where he supposedly "lost" the very laptop this Court has ordered him to produce, or that the laptop "may have been stolen." (Dkt. 292 at 2).   He also claims that he returned to the MWAA police station on May 13, 2026, to file a report.  (Dkt. 292 at 2).  If Mr. Washington was not able to travel farther than 30-minutes until after May 13th, the Court may wonder, what was he doing at either airport – both of which are farther from his P.O. Box than 30 minutes – and where was

Hon. Jessica G. L. Clarke
May 18, 2026
Page 2

he travelling on May 8th?  The Court has already declined to accept his representation of the fake medical note at face value; it should do the same here.

The timing of the alleged loss is also not credible.  The laptop purportedly disappeared within the precise date Mr. Washington claimed to be medically incapable of travelling beyond 30 minutes from his home, weeks before the production deadline set by the Court's May 11, 2026 Order (Dkt. 285), and at a location for which the only evidence of any report is a "sticky note" supposedly bearing a report number, and which itself has not even been provided to the Court.  (Dkt. 292 at 2).  In the meantime, Mr. Washington filed several letters with the Court between May 8th and May 25th, not once mentioning the laptop was lost or stolen.  At this point, it appears that nothing other than detention will cause him to comply.[1]

The accrual of sanctions ordered on May 11, 2026 (Dkt. 285), and confirmed on May 26, 2026 (Dkt. 291), should not be disturbed, and EVEN's request for immediate detention (Dkt. 290), should be revisited.

Mr. Guilford's suggestion that the EVEN Defendants' Letter (Dkt. 290) suggests some improper intent to use the documents that may be recovered here in either Mr. Washington's frivolous E.D.N.Y. employment action or EVEN's defamation, trademark, and theft of trade secrets action in the District of Maryland is also misplaced.  Mr. Washington and EVEN both have a duty to preserve relevant documents in those cases, and has nothing to do with the relevance of the devices to *this* action.  The Court has already addressed Mr. Washington's concerns about relevance and set parameters and search terms.  To the extent that Consilio will now become a custodian of documents that may be relevant to either or both of the E.D.N.Y or Maryland actions, we are certain that the judges in those two matters are fully capable of protecting Mr. Washington's interests.

Accordingly, the EVEN Defendants respectfully reiterate their request that the Court deny Mr. Washington's motion in its entirety, decline to stay the accrual of sanctions related to either device, and to order that Mr. Washington be detained until he provides both the laptop and the iphone for imaging.

Respectfully submitted,

*David Leichtman*

David Leichtman
Ellenoff, Grossman & Schole LLP
*Counsel for EVEN Defendants*

---

[1] Moreover, the suggestion that the EVEN Defendants would have some way of tracking the laptop is ludicrous at this point; if they had the ability to do that, they would have done so long ago.