UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABYGRANDE GLOBAL, INC.,<br><br>               Plaintiff,<br><br>       -against-<br><br>ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.;<br>DAMIEN DDOT WASHINGTON,<br><br>              Defendants. | 24-CV-6785 (JGLC)<br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

The Court has reviewed the letters from counsel for Damien "DDot" Washington and the EVEN Defendants. *See* ECF Nos. 292, 293. Mr. Washington remains in contempt of the Court's Order at ECF No. 285, and as such, the fines and sanctions imposed by the Court shall remain in place until Mr. Washington complies or the Court orders otherwise.

With respect to the cell phone, Mr. Washington must contact the U.S. Marshals Service ("USMS") at (301) 344-8400 to coordinate bringing the cell phone to the federal courthouse at 6500 Cherrywood Lane, Greenbelt, Maryland, and he must actually bring the device (along with the information to unlock it) to USMS. Alternatively, the Court will consider Mr. Washington having satisfied the Order with respect to the cell phone if the parties are able to reach agreement about delivering the cell phone to the EVEN Defendants or their vendor for examination in New York, and the cell phone is so delivered. For avoidance of doubt, if the parties are unable to reach an agreement as to alternative means to submit the phone, Mr. Washington must submit the phone to the U.S. Marshals Service in Maryland. Furthermore, to be clear, the Court will consider Mr. Washington in contempt of the Court's Order with respect to the cell phone unless and until either: (1) Mr. Washington contacts the USMS in Greenbelt, Maryland and brings the

phone and necessary information to unlock the device to the USMS; or (2) the EVEN Defendants or their vendor receives the device and information as agreed to by counsel.

With respect to the laptop, Mr. Washington is directed to submit a declaration under penalty of perjury that details all of the circumstances surrounding the alleged loss of the laptop. At a minimum, the declaration must explain how the laptop was possibly lost or stolen; where the laptop was stored before it was allegedly stolen; where Mr. Washington last saw the laptop; when Mr. Washington last used the laptop; whether Mr. Washington believes that the laptop was removed from the last place he kept it; who else had access to the location where he stored the laptop; if Mr. Washington believes the laptop was stolen, where it was stolen from and what other items were taken; whether Mr. Washington maintained any location tracking to possibly locate the device; whether and when Mr. Washington reported the laptop lost or stolen to anyone else, including the police; a copy of the police report he filed; and where Mr. Washington believes the laptop is currently located.

Mr. Washington must submit this declaration no later than June 1, 2026. The fines and sanctions imposed by the Court will remain in place absent any further order from the Court. *See* ECF Nos. 285, 291.

Dated: May 28, 2026
      White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge