UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABYGRANDE GLOBAL, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.;<br>DAMIEN DDOT WASHINGTON,<br><br>　　　　　　　　Defendants. | 24-CV-6785 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

The U.S. Marshals ("USMS") have advised the Court that, yesterday, Mr. Washington failed to provide a passcode to successfully access all of the information on the cell phone in the Marshals' possession. Mr. Washington had previously provided the USMS with the cell phone and a passcode to unlock the phone. *See* ECF No. 295. However, yesterday, when the EVEN Defendants' vendor arrived at the federal courthouse in Greenbelt, Maryland to examine the device, it became clear that another passcode had been set up on the phone's messaging app—blocking access to the messages.

The following account was relayed directly to the Court by the USMS. When the vendor attempted to access the messaging app using the passcode Mr. Washington had previously provided, the passcode did not open the messaging app. The USMS then telephoned Mr. Washington's counsel, Mr. Guilford, and advised him that his client was violating the Court's order by failing to disclose the passcodes needed to access all of the information on the cell phone. *See* ECF No. 285. Mr. Guilford called Mr. Washington. He then informed the USMS that Mr. Washington was refusing to provide him with the passcode.

Mr. Guilford told the Marshals that Mr. Washington stated that he could travel to the Greenbelt federal courthouse—at some point—and provide the passcode. The USMS advised

counsel that that would not suffice because the vendor was on site and could not be delayed indefinitely. The Marshals also explained once again that the Court had ordered Mr. Washington to provide the passcodes.

Mr. Guilford called Mr. Washington once again. He returned to the Marshals with a similar answer. The Marshals told counsel that they would make the Court aware of Mr. Washington's lack of compliance with the Court's order. Approximately ten minutes later, Mr. Guilford called the USMS back with a passcode. The vendor entered the new code to try to open the messaging app—but it also did not work. Counsel then the Marshals back with yet another passcode. This code also failed to open the messaging app. Mr. Guilford told the USMS that he had no further information to provide.

Later in the day, the EVEN Defendants updated the Court that their vendor had "completed imaging the device and is prepared to run the searches using the search terms and protocol adopted by the Court." ECF No. 296. However, the EVEN Defendants raise two additional issues: first, that the device that Mr. Washington dropped off at the courthouse "is not the phone at issue." *Id.* And second, that "the device contains almost no data." *Id.*

Mr. Washington remains in contempt of the Court's orders. *See* ECF No. 285, 291. He will remain in contempt with regard to the cell phone until he provides the USMS with all of the information necessary for the EVEN Defendants' vendor to unlock the device it seeks to search and access all of the information therein, and until the Court is satisfied that the device being searched is the cell phone at issue. *See* ECF Nos. 285, 291. Fines against him will continue to accrue until the Court orders otherwise. *See id.* Mr. Washington is directed to file a sworn declaration, under penalty of perjury, no later than June 4, 2026, explaining why the device he gave the USMS does not have the same serial number—and does not appear to be the same

2

device—as the cell phone at issue. He must also explain why the device he dropped off to the USMS contains almost no data. And he must declare whether or not he deleted any data from that device after the Court's preservation orders were put in place.

Meanwhile, the EVEN Defendants' vendor shall complete its search of the cell phone in the Marshals' possession using the search protocol previously ordered by the Court within two business days of this Order. *See* ECF Nos. 285, 295; *see also* ECF No. 183 (incorporating the search terms proposed by EVEN Defendants and Plaintiff, along with the privilege protocol). The EVEN Defendants shall file a letter on the docket informing all parties when their vendor has completed its search. After the search is completed, EVEN Defendants' vendor, through counsel for EVEN Defendants, shall contact Mr. Washington so that he can retrieve the phone from the vendor. *See* ECF Nos. 285, 295.

Mr. Washington has also now filed a sworn declaration regarding the other device at issue—the laptop he claims was lost or stolen—as directed by another Court order. *See* ECF Nos. 294, 297. The Court ordered Mr. Washington to explain, at a minimum, under penalty of perjury,

> how the laptop was possibly lost or stolen; where the laptop was stored before it was allegedly stolen; where Mr. Washington last saw the laptop; when Mr. Washington last used the laptop; whether Mr. Washington believes that the laptop was removed from the last place he kept it; who else had access to the location where he stored the laptop; if Mr. Washington believes the laptop was stolen, where it was stolen from and what other items were taken; whether Mr. Washington maintained any location tracking to possibly locate the device; whether and when Mr. Washington reported the laptop lost or stolen to anyone else, including the police . . . and where Mr. Washington believes the laptop is currently located.

ECF No. 294 at 2. Mr. Washington was also ordered to provide a copy of the police report he said he filed. *Id.*

3

Mr. Washington's declaration substantially complies with the Court's order. *See* ECF Nos. 294, 297-1. He does not explain, however, when he "last used the laptop." ECF No. 294. He is therefore directed to include that information as part of his next sworn declaration, under penalty of perjury, due June 4, 2026. He is also directed to provide, as part of that sworn declaration, receipts for his Uber ride on May 8, 2026, with driver Stanilus—including screenshots of any messages he exchanged with Stanilus, the time and map of his trip, and evidence of his calls to Stanilus on May 8, May 9, and May 11, as well as his communication with Stanilus on May 24. ECF No. 297-1 ¶¶ 10, 12, 16.

Finally, the Court notes that on May 8, 2026, when Mr. Washington now swears under penalty of perjury that he was attempting to board a commercial flight from Dulles International Airport, *see* ECF No. 297-1 ¶¶ 4–9, he also allegedly "remain[ed] under medical restrictions" that curtailed his ability to travel. ECF No. 283; *see* ECF Nos. 261–62. As the Court attempted to orchestrate a search of the devices at the Greenbelt federal courthouse in a manner that would accommodate what Mr. Washington represented were medical restrictions on his ability travel outside of Maryland, *see* ECF No. 277, Mr. Washington informed the Court that he was "not available . . . during the week of May 11, 2026" because he would "remain under medical restrictions through May 13, 2026." ECF No. 283.

Mr. Washington had previously told the Court that he was not "medically cleared for interstate travel, [was] not physically able to appear in person, and [that] any requirement that he do so would pose risks to his health." ECF No. 261. "[F]urther medical testing and treatment," he explained, "may further impair his ability to travel due to mobility limitations." *Id.* He went on to say, in later representations to the Court, that he "remain[ed] unable to travel from Maryland due

to medical restrictions" and that "compliance [with the Court's orders] by physical appearance [was] medically and physically impossible." ECF No. 262.

Nevertheless, according to his sworn declaration, he "rushed" to catch his flight on May 8, 2026. ECF No. 297-1 ¶ 6. And he told police that he "made a run to catch [his] flight" and "rushed" to the help desk once his boarding pass did not print at the airport kiosk. ECF No. 297-1 at 12.

Mr. Washington is directed to explain these apparent contradictions in his sworn declaration due June 4, 2026. All the while, he remains in contempt. *See* ECF No. 285. Fines shall continue to accrue unless and until the Court issues another order stating otherwise. *See* ECF Nos. 294–95.

Dated:  June 2, 2026
        White Plains, New York

SO ORDERED.

*Jessica Clarke*

_____
JESSICA G. L. CLARKE
United States District Judge

5