UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABYGRANDE GLOBAL, INC., Plaintiff, -against- ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.; DAMIEN DDOT WASHINGTON, Defendants. | 24-CV-6785 (JGLC) **ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

The Court today received the attached letter from Defendant Damien "DDot" Washington. Mr. Washington appears able to access the docket and is directed—as ordered earlier today—to appear alongside all parties for a virtual conference on September 10, 2026, at 2:30pm. Mr. Washington is directed to contact the Court at ClarkeNYSDChambers@nysd.uscourts.gov or 914-390-4101 prior to the September 10 conference so that the Court can send him the relevant Microsoft Teams credentials.

The Court will discuss Mr. Washington's requests at the September 10 conference.

Dated: September 8, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

September 3, 2026
Honorable Jessica G. L. Clarke
300 Quarropas Street
White Plains, NY 10601

RE: **Babygrande Global, Inc. v. Rodriguez, et al., No. 1:24-cv-06785-JGLC**

I respectfully submit this letter concerning the evidentiary hearing currently scheduled for September 18, 2026 at 11:00 a.m. I respectfully request that the September 18, 2026 evidentiary hearing be converted from an in-person appearance to a remote video appearance or, at minimum, to a remote status conference to address counsel, hearing scope, witness and exhibit procedures, and a new hearing date if necessary.

I am not seeking to ignore the Court's order or avoid participation. I am requesting remote appearance because I am currently without counsel, actively attempting to retain counsel, dealing with impaired access to my email address of record, managing ongoing family medical and caretaking responsibilities, and addressing international professional obligations during the relevant period.

These circumstances make physical appearance and pro se participation in an evidentiary hearing materially prejudicial to my rights. My prior email address of record is no longer reliable. The docket reflects that counsel for Plaintiff attempted to reach me at my prior email address and received error messages, and that counsel for the EVEN Defendants experienced the same issue.

I have reason to believe that my email of record and personal communications were compromised, targeted, or interfered with in connection with this litigation or related disputes, including potentially through actions by a party or person connected to this case. I am not asking the Court to determine responsibility for those incidents in this letter. I raise them only because they affected my ability to receive filings, communicate reliably, monitor the docket, meet and confer with counsel, and prepare for the September 18 hearing while pro se. I have also been managing serious family medical and caretaking responsibilities since late June 2026.

A family member was hospitalized from June 27 through July 3, 2026, and since that time I have had ongoing day-to-day caretaking responsibilities. Those circumstances have materially affected my ability to participate pro se, monitor the docket, respond to filings, communicate with counsel, and prepare for an evidentiary hearing. In addition, I have international travel obligations for professional work during the relevant period. Those obligations were arranged in connection with my livelihood and professional responsibilities.

The September 18 hearing involves discovery compliance, contempt-adjacent issues, the alleged loss or theft of an EVEN-issued laptop, credibility, potential sanctions consequences, and issues that may affect related litigation. I respectfully submit that proceeding pro se and in person under these circumstances would materially prejudice my rights, including my ability to present evidence, call witnesses, object to improper evidence, preserve privilege and work-product issues, respond to allegations, and preserve appellate or other review rights.

If the Court permits remote appearance, I am prepared to appear by video from a private location, remain on camera, take any oath or affirmation required by the Court, and comply with any safeguards the Court deems appropriate.

If the Court is not inclined to convert the September 18 hearing to remote appearance, I respectfully request that the September 18 appearance be converted to a remote status conference only, for the limited purpose of addressing retention of counsel, hearing procedures, witness and exhibit disclosures, subpoenas, remote testimony, the scope of the evidentiary hearing, and a new evidentiary hearing date.

In the alternative, if the Court determines that the evidentiary hearing must proceed in person, I respectfully request a brief adjournment until the week of October 5, 2026, or another date shortly thereafter convenient for the Court, so that I may retain counsel, counsel may appear, and the parties may address witness lists, exhibit lists, subpoenas, remote testimony, and the scope of the hearing in an orderly manner.

I am available during the week of October 5, 2026, including October 6, 7, 8, or 9, subject to counsel's availability once retained.

Respectfully submitted,

\s/ **Damien "DDOT" Washington**
Defendant, Pro Se

W

Damien Washington
PO Box 1468
Hyattsville, MD 20785

**Honorable Jessica G. L. Clarke**
US District Judge
Southern District of NY
300 Quarropas Street Court Rm320
White Plains, NY 10601