UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BABYGRANDE GLOBAL, INC.,
Plaintiff,

-against-

ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.; DAMIEN DDOT WASHINGTON,
Defendants.

24-CV-6785 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Late last night, the Court received a blank email from the sender "Kanga Roo Court" and the address prejudicialproseproceedings@gmail.com with the below letter and exhibits attached. Since the letter is signed by Defendant Damien "DDot" Washington, the Court infers that the email was also sent by Mr. Washington. His requests are DENIED.

As the Court has already made clear on numerous occasions, Mr. Washington is DIRECTED to appear in person at the evidentiary hearing on September 18, 2026, at 11:00 a.m., in Courtroom 320 of the Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601-4150. *See, e.g.*, ECF Nos. 325, 329. There, he will be questioned by counsel and the Court about both his alleged loss of the laptop and the cell phone at issue. Mr. Washington should bring any documents supporting his claim that he submitted the relevant phone at issue to the U.S. Marshals Service and that he lost his laptop. Those documents must be fully unredacted. Mr. Washington is also permitted to bring any witness declarations supporting his position to the hearing.

Should Mr. Washington choose not to appear at the September 18 hearing, the Court will issue an Order to Show Cause as to why it should not issue a warrant for Mr. Washington's arrest, for violating multiple court orders.

Among those orders is the Court's recent order "to file on the docket—no later than September 11, 2026—a working email address and physical address where the Court can contact him." ECF No. 325. On September 11, 2026, Mr. Washington sent the Court an email from the address federallaw28usc455@gmail.com that included an attachment containing a physical address. That attachment has now been docketed at ECF No. 328. However, the Court's attempt to contact Mr. Washington at the federallaw28usc455@gmail.com email address has since returned a bounce-back indicating that the email account is already "inactive." Mr. Washington has now emailed the Court from a new email address: prejudicialproseproceedings@gmail.com.

The Clerk of Court is directed to update Mr. Washington's contact information on the docket with Mr. Washington's latest email address— prejudicialproseproceedings@gmail.com— as well as the physical address listed at ECF No. 328. The Court will also email Mr. Washington this Order at his new email address.

Dated: September 16, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

September 15, 2026
Honorable Jessica G. L. Clarke
300 Quarropas Street
White Plains, NY 10601

RE: **Babygrande Global, Inc. v. Rodriguez, et al., No. 1:24-cv-06785-JGLC -** DAMIEN "DDOT" WASHINGTON'S EMERGENCY MOTION FOR RECONSIDERATION TO STAY OR ADJOURN SEPTEMBER 18 IN-PERSON EVIDENTIARY HEARING

Dear Judge Clarke:

I, Damien "DDOT" Washington, respectfully submit this emergency motion for reconsideration to stay or adjourn the September 18, 2026 in-person evidentiary hearing, clarify the scope and procedure of any testimony, and stay any order to show cause, warrant, arrest-related process, additional fine accrual, fee-shifting, adverse inference, or sanctions pending clarification and counsel.

This is not a refusal to comply with the Court's lawful orders. I am asking for a realistic, lawful, and fair compliance path before I am compelled to appear physically, while pro se, under active contempt findings, continuing coercive fines, possible arrest-related consequences, and unresolved questions concerning notice, email access, docket access, present ability, travel, work obligations, counsel, and the procedure governing any testimony.

The September 10, 2026 order confirms the urgency of this request. The Court ordered me to appear in person on September 18, 2026, stated that "Counsel should be prepared to lead the questioning of Mr. Washington—should he appear," and stated that if I do not appear the Court will issue an order to show cause as to why it should not issue a warrant for my arrest. The order does not identify which counsel will question me, the order of examination, the scope of questioning, the burden that applies, whether the Federal Rules of Evidence will apply, how objections may be raised and preserved, whether the hearing is limited to the laptop issue, the $15,000 fine, sanctions or if I'm required to present for the EVEN Defendants' motion for case-terminating sanctions being addressed.

The September 18 hearing therefore should be stayed or adjourned unless and until those issues are clarified and I have a reasonable opportunity to appear through counsel or, at minimum, prepare with the protections necessary for a pro se litigant facing contempt escalation and possible arrest.

## I. THE SEPTEMBER 18 HEARING CANNOT FAIRLY PROCEED WITHOUT CLARIFICATION OF THE SCOPE, PROCEDURE, BURDEN, AND QUESTIONING FORMAT.

The Court's September 10 order creates substantial procedural uncertainty. It states that "Counsel should be prepared to lead the questioning of Mr. Washington—should he appear—and to discuss the EVEN Defendants' motion for case-terminating sanctions." But the order does not specify whether Plaintiff's counsel, EVEN Defendants' counsel, or both will be permitted to question me; what sequence of questioning will apply; whether questioning is limited to the laptop; whether the phone, fines, sanctions, arrest-related issues, or case-terminating sanctions motion will be addressed; what evidentiary burden applies; whether the Federal Rules of Evidence will apply; or how I may raise and preserve objections.

That lack of procedure is highly prejudicial because I remain pro se and would be appearing under active contempt findings, continuing fines, and possible arrest-related consequences. Under Federal Rule of Evidence 611, the Court controls the mode and order of examining witnesses and presenting evidence. Before any testimony is compelled from me, the Court should clarify the Rule 611 framework governing the hearing, including the scope of testimony, the order and limits of examination, which counsel may question me, whether questioning is limited to identified topics, whether the Federal Rules of Evidence apply, and how objections will be handled.

Without that clarification, I am being ordered to physically appear and submit to questioning by represented adversaries without knowing the scope, procedure, burden, or protections applicable to my testimony.

**II. THE NOTICE HISTORY UNDERMINES ANY INFERENCE THAT I AM EVADING THE COURT.**

The events leading to the September 10 conference undermine any inference that I have been evading the Court. Plaintiff and EVEN Defendants both acknowledged difficulty reaching me. The Court then authorized or relied on indirect notice through Mr. Guilford, who represents me in separate litigation against EVEN.

Once I received notice through that indirect channel, I complied and appeared at the September 10 conference. That compliance should weigh against any inference of evasion or willful noncompliance. It shows that when notice actually reached me through a reliable channel, I appeared.

Instead, after I appeared and explained my lack of reliable email and docket access, financial limitations, overseas location, recent employment obligations, and lack of formally appeared counsel, the Court denied my requests for remote appearance or adjournment and warned that nonappearance at the September 18 hearing would result in an order to show cause as to why a warrant should not issue.

That sequence supports a stay or adjournment under ordinary notice, fairness, present-ability, and due-process principles. I should **not** be treated as refusing to comply where the record shows that the parties had difficulty reaching me, the Court relied on indirect notice through counsel in another case, and I appeared once that notice reached me.

**III. I HAVE NOT HAD RELIABLE PACER SEARCH ACCESS OR RELIABLE EMAIL ACCESS.**

The notice problem is also egregiously unaccommodated because I have not had reliable access to the docket or reliable email communications.

For months, my PACER account displayed a notice stating that my "PACER search privileges were disabled due to non-payment" and that I "will not be able to search." Attached as Exhibit A. This was not strategic. It resulted from the same financial limitations that the Court and EVEN Defendants have already acknowledged in connection with the $15,000 contempt-fine cap. I could not reliably monitor the docket in the same way represented parties could monitor the docket through counsel.

The email-access issue is similarly not theoretical. After the Court required me to provide an email address, and after I had already raised concerns that my existing email access was compromised, unreliable, or unsafe for litigation communications, I attempted to create a dedicated litigation-only email address while outside the United States. That account was disabled by Google on September 12, 2026. The Google notice states that the account "has been disabled," that it "became unavailable on Sep 12, 2026," and that Google believed the account may have been created or used by automated means in violation of Google's policies. Attached as Exhibit B.

I do not offer these facts to avoid compliance. I offer them because they confirm the practical problem I have been raising: my access to reliable electronic litigation communications has been unstable, impaired, and outside my full control. I have not had the same access as the represented parties, who receive ordinary ECF notice through counsel with full docket-monitoring and reliable email access.

**IV. THE SEPTEMBER 18 IN-PERSON HEARING CREATES AN UNJUSTIFIED TRAVEL, WORK, AND LIVELIHOOD BURDEN.**

The September 18 physical-appearance requirement creates an unjustified burden under the circumstances.

I am outside the United States, thousands of miles from White Plains. I recently obtained professional work after months of unemployment or underemployment. That work is the means by which I can pay ordinary living expenses, address litigation obligations, retain or assist counsel, and regain financial stability.

The Court has recognized my financial limitations in connection with the contempt-fine cap, yet I am now being ordered to arrange emergency international travel, interrupt newly obtained work, appear physically in White Plains, and defend myself without formally appeared counsel at an evidentiary hearing tied to contempt, fines, sanctions, and possible arrest.

That creates a coercive loop. My lack of financial resources is acknowledged for purposes of capping the fine, but the consequences of that same financial hardship; unpaid PACER search access, inability to fund emergency international travel, impaired ability to secure counsel, unstable email access, and the need to preserve newly obtained employment, are being treated as potential evidence of defiance.

The Court cannot fairly convert financial inability, impaired docket access, unreliable email access, lack of counsel, inability to fund emergency international travel, and the need to preserve newly obtained employment into proof of willful noncompliance.

The burden is especially difficult to justify because the September 18 date itself was moved up from the previously scheduled September 21 hearing date because of a religious-holiday scheduling issue affecting counsel. The Court accommodated the represented parties' scheduling conflict by moving the hearing sooner, but my own request for accommodation, remote appearance, or adjournment was denied despite my lack of counsel, impaired notice, impaired docket access, unreliable email, overseas location, financial limitations, and newly obtained work obligations. That sequence reinforces why the hearing should be stayed or adjourned until the Court sets a fair procedure and allows counsel to appear.

Attached as Exhibit C is documentation of my international travel status showing that I was ticketed for Berlin before the Court required physical appearance in White Plains on September 18.

**V. A STAY OR ADJOURNMENT IS NECESSARY BEFORE ANY OSC, WARRANT, FURTHER FINES, OR SANCTIONS.**

If the proceeding remains civil/coercive, any contempt sanction must be tied to a clear purge condition and present ability to comply. United States v. Rylander, 460 U.S. 752 (1983). If the proceeding is punitive or criminal in effect, different procedures apply. United Mine Workers v. Bagwell, 512 U.S. 821 (1994); Fed. R. Crim. P. 42.

The September 10 conference and order placed possible arrest-related consequences on the record, but the September 18 hearing remains procedurally undefined. I cannot fairly prepare without knowing whether I am facing civil coercive contempt, compensatory sanctions, punitive sanctions, criminal contempt, or some mixed proceeding.

A stay or adjournment is therefore necessary so that the Court can clarify the nature of the proceeding, identify the exact issues to be addressed, define the Rule 611 framework for any testimony, allow counsel to appear or advise me, and make findings concerning actual notice and present ability before any further coercive or liberty-restricting action is taken.

**VI. REQUESTED RELIEF**

For the foregoing reasons, I respectfully request that the Court:

1. Stay or adjourn the September 18, 2026 in-person evidentiary hearing;
2. Permit remote appearance if the Court does not adjourn the hearing;
3. Stay any order to show cause, bench warrant, body attachment, arrest warrant, detention request, further fine accrual, fee-shifting, adverse inference, or sanctions pending clarification, counsel, and findings concerning notice and present ability;
4. Clarify whether the September 18 hearing is limited to the laptop issue or inclusive of the $15,000 fine, arrest, detention, criminal contempt, adverse inference, fee-shifting, sanctions, and EVEN Defendants' motion for case-terminating sanctions;
5. Clarify the Rule 611 framework for any testimony, including which counsel may question me, the order and limits of examination, the subject-matter scope, the applicable burden, whether the Federal Rules of Evidence will apply, and how objections may be raised and preserved;
6. Prohibit questioning by Plaintiff's counsel or EVEN Defendants' counsel on topics not identified in advance;
7. Require pre-hearing witness lists, exhibit lists, forensic materials, chain-of-custody materials, and identification of factual issues before any evidentiary hearing proceeds;
8. Require specific findings regarding actual notice, Plaintiff's and EVEN Defendants' acknowledged difficulty reaching me before the September 10 conference, the Court-authorized or Court-relied-upon indirect notice through Mr. Guilford, my compliance in appearing once I received that notice, reliable docket access, disabled PACER search privileges, compromised or unreliable email access, disabled replacement litigation-email account, financial ability to travel, risk to newly obtained employment, ability to secure counsel, and present ability to comply;
9. Permit service and Court communications through a reliable alternative method, including through counsel once counsel formally appears; and
10. Grant such other and further relief as the Court deems just and proper.

This emergency filing is submitted without waiver of my separate position that the Washington-specific contempt, device, sanctions, forensic, discovery, evidentiary, and enforcement proceedings should be reassigned or referred for independent review. This filing seeks immediate stay, adjournment, and clarification relief because the September 18 hearing is imminent, the September 10 order does not identify which counsel will question me or under what procedures, and I remain pro se, outside the United States, without reliable docket or email access, facing work and travel impossibility, and under threat of contempt escalation and possible arrest.

Respectfully submitted,

**\s/ Damien "DDOT" Washington**
29 Rue Malar, 75007 Paris, France
prejudicialproseproceedings@gmail.com

**SIGNATURE:**

EXHIBIT A

## New York Southern District Court Login

* Required Information

### PACER Search Status

Your PACER search privileges were disabled due to non-payment.

**You may continue to log in to file and perform other activities (e.g., pay filing, admission, renewal, or other court fees), but will not be able to search.**

If you would like to reactivate your search privileges, contact the PACER Service Center at (800) 676-6856 between the hours of 7 AM and 6 PM CT Monday through Friday or by email at pacer@psc.uscourts.gov.

Continue Cancel

discovered, including unauthorized access attempts, it may be reported to law enforcement officials.

EXHIBIT B


Your account has been disabled
[redacted]mail.com
It looks like this account was created or used with multiple other accounts to violate Google's policies. The account might have been created by a computer program or bot.
This account became unavailable on Sep 12, 2026. Starting on Aug 8, 2027, this account will be considered for deletion.
If you think your account was disabled by mistake, submit an appeal as soon as possible.
You can also download your data from some Google services. This gives you a way to keep your data even if your account is not restored.
Download your data
Start appeal

EXHIBIT C

# Damien, you're all set for Berlin

Great news—your flight to Berlin has been booked and ticketed. Below you'll find all the important details for your upcoming trip.

## Transavia France Confirmation: [redacted]

Expedia itinerary [redacted]

View full itinerary

## Paris to Berlin

[redacted]

Transavia France 4060: Economy / Coach

**ORY**

9:45am Fri, Sep 11

**BER**

11:30am Fri, Sep 11