**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

September 21, 2026
Honorable Jessica G. L. Clarke
300 Quarropas Street
White Plains, NY 10601

RE: **Babygrande Global, Inc. v. Rodriguez, et al., No. 1:24-cv-06785-JGLC - DAMIEN WASHINGTON'S REPLY TO THE EVEN DEFENDANTS' OPPOSITION TO MOTION FOR RECUSAL (DKT. 337) AND OBJECTIONS TO THE ERRONEOUS AND UNRELIABLE DECLARATION OF MAG RODRIGUEZ**

Dear Judge Clarke:

I, Damien "DDOT" Washington, proceeding pro se, respectfully submit this reply to the EVEN Defendants' September 21, 2026 opposition to my motion for recusal or reassignment (Dkt. 332), docketed at Dkt. 337, together with the accompanying declaration of Enrique "Mag" Rodriguez and its exhibits (Dkts. 337-1 through 337-3).

The EVEN Defendants' submission presents an incomplete chronology of my September 16, 2026 motion, relies upon observations attributed to unidentified third parties who have not provided firsthand sworn declarations, and attempts to introduce collateral allegations concerning my professional activities without demonstrating their relevance to the substantive grounds for recusal.

Not only is their opposing filing devoid of factual evidence (per usual), it's not the "gotcha" moment it's being presented as to The Court. It only lands somewhere between unlawfully invasive and petulantly irrelevant.

Most significantly, the EVEN Defendants omit the contemporaneous documentary evidence establishing that I initially transmitted my recusal motion to the Court's Pro Se Intake Unit at 5:36 p.m. Eastern Time on September 16, 2026, approximately five hours and thirty-five minutes before the supplemental 11:11 p.m. transmission upon which Rodriguez's declaration relies.

I respectfully request that the Court consider the complete documentary record, decline to adopt unsupported adverse inferences concerning my credibility, and adjudicate my pending motion upon its substantive grounds rather than the EVEN Defendants' collateral allegations.

## I. THE EVEN DEFENDANTS OMIT MY INITIAL 5:36 P.M. TRANSMISSION OF THE RECUSAL MOTION

Paragraph 4 of Rodriguez's declaration asserts that I was allegedly observed at a Los Angeles music industry event at 11:11 p.m. Eastern Time on September 16, 2026, which Rodriguez identifies as the same time the Court received my recusal motion. This representation omits a material fact: I had already transmitted the motion to the Court's Pro Se Intake Unit more than five hours earlier. My contemporaneous email records establish the following chronology:

### A. Initial transmission — 5:36 p.m. Eastern Time

On September 16, 2026, at 5:36 p.m. Eastern Time, I transmitted my motion for recusal or reassignment to both of the Court's Pro Se Intake email addresses. The email included my motion as a PDF attachment. A copy of this contemporaneous transmission record is attached as Exhibit A.

**B. Photographic timestamps — approximately 10:46 p.m. and 10:50 p.m. Eastern Time**

The EVEN Defendants' photographic exhibits purport to depict me attending an event at approximately 7:46 p.m. and 7:50 p.m. Pacific Time, corresponding to 10:46 p.m. and 10:50 p.m. Eastern Time. These timestamps occur approximately five hours and ten to fourteen minutes after my initial transmission to the Court's Pro Se Intake Unit.

**C. Subsequent transmission — 11:11 p.m. Eastern Time**

At 11:11 p.m. Eastern Time, I transmitted the motion again, this time including the Pro Se Intake Unit, Chambers, counsel for the EVEN Defendants, and counsel for Plaintiff among the recipients. This subsequent transmission was consistent with the Court's instructions concerning the service of my pro se submissions.

A copy of this subsequent transmission record is attached as Exhibit B.

The EVEN Defendants' declaration does not acknowledge the earlier 5:36 p.m. transmission. Instead, Mag Rodriguez selectively identifies the subsequent 11:11 p.m. email as the relevant transmission and invites the Court to draw an adverse inference from its proximity to the photographic timestamps.

The time at which I redistributed an already prepared document does not independently establish when I drafted it, when its factual representations were originally composed, or my physical location at the time of drafting and submission. As I clarified during the September 18, 2026 conference, my physical location when I drafted the relevant statement was not the same as my physical location when the motion was subsequently transmitted.

The EVEN Defendants' presentation disregards the earlier documented transmission and creates an incomplete impression of the chronology. I respectfully request that the Court consider both transmissions and my September 18 clarification when evaluating the allegations advanced in Rodriguez's declaration.

To further illustrate my point because the EVEN Defendants cannot grasp the concepts between post dated and real time, I am in fact transmitting THIS version of an already filed motion, again, to Chambers and other parties approximately 8 hours after I've already submitted the same document to Pro Se Intake. I'll leave it to EVEN to advise the Court if I submit while physically in Long Beach, California, Killingsworth, Connecticut or elsewhere.

**II. MAG RODRIGUEZ'S DECLARATION LACKS AN ADEQUATE FIRSTHAND FOUNDATION FOR MATERIAL ASSERTIONS ATTRIBUTED TO UNIDENTIFIED THIRD PARTIES**

Rodriguez's declaration states that an EVEN employee and an independent contractor attended a Symphonic Distribution event on September 16, 2026, allegedly observed me, and created the photographic and video materials submitted as Exhibits 1 and 2.

However, the declaration contains significant evidentiary deficiencies. First, Mag Rodriguez does not identify either purported eyewitness by name.

Second, neither purported eyewitness has submitted a declaration under penalty of perjury confirming the alleged observations. Third, Rodriguez does not expressly state that he personally attended the event or observed me.

Fourth, the declaration does not explain the basis for Mag Rodriguez's firsthand knowledge of the circumstances under which the photographs and video were created, preserved, transferred, or presented.

Instead, Mag Rodriguez attributes the central factual observations to unidentified individuals while presenting their alleged accounts through his own declaration.

His introductory assertion that the declaration is based upon personal knowledge and EVEN's business records does not, standing alone, establish personal knowledge of events that he attributes to third parties.

Nor does the assertion that these unidentified individuals were familiar with me independently establish the foundation for their alleged observations. Although the accompanying exhibits include images and screenshots displaying timestamps, those materials do not necessarily establish every factual assertion contained in Rodriguez's narrative.

I do not contend that photographic or video evidence categorically requires a declaration from its creator in every circumstance. However, I do object to the Court treating the unidentified individuals' alleged observations as independently verified firsthand testimony without an adequate foundation. In contrast, the declarations I've submitted to The Court regarding the devices, are firsthand accounts with sworn testimony, not random invasive surveillance from unknown sources.

Federal Rule of Evidence 602 generally requires testimony concerning factual matters to be supported by evidence sufficient to establish personal knowledge. Rule 901 requires evidence sufficient to support a finding that an item is what its proponent claims it to be. I respectfully submit that the EVEN Defendants have not adequately explained Rodriguez's personal knowledge of the unidentified individuals' observations or established the complete foundation for the assertions attributed to them.

To the extent the Court intends to rely upon these materials to resolve disputed factual issues, I respectfully request that the EVEN Defendants be required to identify the individuals with firsthand knowledge and provide an appropriate foundation for the observations and materials submitted.

At minimum, I request that the Court distinguish the contents of the photographic exhibits from Rodriguez's additional characterizations of their creation, circumstances, and significance.

**III. MY PROFESSIONAL RELATIONSHIP WITH SYMPHONIC DISTRIBUTION IS INDEPENDENT OF EVEN AND HAS NO DEMONSTRATED RELEVANCE TO MY RECUSAL MOTION**

The EVEN Defendants identify the alleged location as a Symphonic Distribution music industry event. What they fail to disclose is that Symphonic Distribution was a business partnership I personally procured and delivered to (alongside another former EVEN employee) EVEN during my tenure as a full-time employee.

Separately, I maintain professional business dealings and relationships with Symphonic Distribution independent of EVEN. As I explained during the September 18 conference, I am a music industry executive with approximately sixteen years of professional experience and an extensive network of industry relationships that predates EVEN's existence.

My professional relationships, business dealings, and industry activities do not become the exclusive province of EVEN merely because I previously worked for the company. Nor does my former employment render my subsequent professional activities inherently suspicious or relevant to this litigation.

The EVEN Defendants identify no provision of a court order prohibiting me from attending music industry events, conducting independent business, or maintaining professional relationships with Symphonic Distribution. They also fail to identify any substantive connection between the alleged attendance and the grounds for judicial recusal or reassignment presented in Dkt. 332.

Even assuming, solely for purposes of argument, that the photographic exhibits accurately depict me at the identified event, that circumstance does not independently establish misconduct, a violation of any court order, or the absence

of grounds for recusal. I respectfully submit that my independent professional relationships and attendance at industry functions have no demonstrated bearing on the substantive matters presently before the Court.

Absent a demonstrated connection to a disputed issue or a specific court order, my professional whereabouts are not independently a matter requiring judicial scrutiny merely because the EVEN Defendants choose to investigate or publicize them. I therefore request that the Court decline to permit these collateral allegations to displace the substantive issues raised by my pending motion.

**IV. THE EVEN DEFENDANTS' OPPOSITION DOES NOT MEANINGFULLY ADDRESS THE SUBSTANTIVE GROUNDS FOR RECUSAL**

The EVEN Defendants expressly filed Dkt. 337 as an opposition to my pending motion for recusal, Dkt. 332.

The official Notice of Electronic Filing identifies the submission as: "DECLARATION of Enrique Mag Rodriguez in Opposition re: [332] MOTION for Recusal."

Notwithstanding that designation, the submission does not meaningfully address the substantive legal grounds presented in my motion. Instead, the EVEN Defendants attempt to undermine my credibility through an incomplete chronology and allegations concerning attendance at an unrelated professional industry event.

The relevant question before the Court is whether the facts and circumstances identified in my motion warrant recusal or reassignment under the applicable legal standards, including 28 U.S.C. § 455. The EVEN Defendants' photographic exhibits do not answer that question.

Neither my alleged attendance at a professional event nor the subsequent transmission of an already prepared document independently determines whether the circumstances raised in my recusal motion establish an appearance of partiality or otherwise satisfy the applicable standard.

Even if a collateral factual dispute existed concerning my physical location at a particular moment, that dispute would not independently resolve the separate legal questions presented by my motion. I respectfully request that the Court adjudicate my recusal motion based upon its substantive grounds, the governing law, and the complete relevant record rather than collateral efforts to discredit me.

**V. THE EVEN DEFENDANTS' SELECTIVE CHRONOLOGY AND UNSUPPORTED INFERENCES WARRANT PARTICULAR SCRUTINY**

I remain concerned by the EVEN Defendants' repeated efforts to introduce collateral allegations concerning my personal and professional activities into proceedings involving distinct legal questions.

The September 21 submission illustrates that concern. This is an ongoing pattern for abuse of process, where EVEN defendants are misusing the Court as a platform for their adversarial and hostile acts. I have repeatedly requested The Court to mitigate these frivolous personal attacks disguised as litigation, which goes back to the device(s) dispute that EVEN deliberately misled the Court to believe was a genuine discovery issue, despite me advising the Court this was yet another EVEN ploy for personal agenda.

Mag Rodriguez's declaration presents the 11:11 p.m. transmission as the relevant point in time while failing to disclose that I had already transmitted my motion to the Pro Se Intake Unit at 5:36 p.m., because just like all of EVEN's accusations to attack my credibility as a litigant, they lack proof or any evidence supporting their ridiculous claims.

The declaration further relies upon alleged observations by unidentified individuals who have not submitted firsthand declarations and introduces my professional attendance at a music industry event without establishing its relevance to the grounds for recusal.

Taken together, these deficiencies substantially limit the inferences that can reasonably be drawn from the submission. I am particularly concerned that the EVEN Defendants seek to challenge my credibility based upon my professional whereabouts while omitting documentary evidence that materially affects the chronology upon which their allegations depend.

I do not ask the Court to make unsupported findings concerning the subjective intentions of opposing counsel.

Instead, I ask the Court to examine the documentary record, distinguish verified facts from disputed assertions, and decline to adopt adverse credibility determinations unsupported by the complete chronology or an adequate evidentiary foundation.

I further request that, in considering any future applications for relief directed against me, the Court independently evaluate the factual support and relevance of the allegations presented rather than accepting disputed assertions solely because they are advanced by opposing parties or their counsel.

The parties' adversarial relationship does not relieve any litigant of the obligation to present factual assertions accurately or to establish a sufficient foundation for allegations upon which judicial relief is requested. I respectfully submit that consideration of the complete record is particularly important where collateral allegations are advanced in an effort to undermine a pro se litigant's credibility during adjudication of a pending motion.

**VI. RODRIGUEZ'S PRIOR ADMISSIONS CONCERNING HIS BROOKLYN RESIDENCE AND THE EVEN DEFENDANTS' MORE RECENT REPRESENTATIONS**

I would be remiss not to note the conspicuous irony of Mag Rodriguez's sudden concern with my physical whereabouts when the EVEN Defendants' own representations concerning his residence have become a disputed issue across federal proceedings involving these same parties.

In their January 3, 2025 Answer and Affirmative Defenses in this very action, the EVEN Defendants expressly admitted that Rodriguez resided in Brooklyn, New York. (Dkt. 40 at 3, ¶ 11.) They separately admitted that Rodriguez resided in New York State and that EVEN conducted systematic and continuous business in New York. (Id. at 4, ¶¶ 17–18.) Yet, during oral argument on September 16, 2026, in my separate employment action against Mag Rodriguez and EVEN in the Eastern District of New York, EVEN's counsel represented that Rodriguez resided in Milwaukee, Wisconsin, while contesting jurisdiction in Brooklyn.

I bring this discrepancy to the Court's attention because Rodriguez's prior admission of Brooklyn residency is not conjecture or an unsupported allegation of mine. It is expressly documented in the EVEN Defendants' own pleading in this action. It is therefore incredibly ironic that Mag Rodriguez now submits a declaration inviting this Court to scrutinize my whereabouts and draw adverse inferences about my credibility while the EVEN Defendants' own representations concerning his residence remain subject to dispute.

I respectfully submit that the same evidentiary scrutiny the EVEN Defendants seek to impose upon me should apply equally to Mag Rodriguez and EVEN Defendants.

**VII. THE EVEN DEFENDANTS' USE OF A NONPARTY BUSINESS PARTNER'S PRIVATE EVENT FURTHER DEMONSTRATES THE COLLATERAL PURPOSE OF THEIR OPPOSITION**

I further submit that the EVEN Defendants' decision to introduce photographs and video from a private event hosted by Symphonic Distribution, a nonparty to this litigation, is particularly remarkable in light of their recent efforts to persuade this Court to redact and seal judicial filings based upon the disclosure of business partners' names in conference transcripts.

The EVEN Defendants cannot reasonably invoke the confidentiality of their business relationships when seeking to restrict public access to judicial records, only to disregard the privacy interests of a business partner when its event can be used to advance a collateral attack against me.

That is precisely the inconsistency presented here. Symphonic Distribution is not a party to this action. Its industry mixer was a professional networking event organized for invited industry colleagues to socialize, develop relationships, and conduct business. It was not a litigation proceeding, a discovery exercise, or an event organized for the purpose of gathering evidence against me.

Yet the EVEN Defendants have taken photographs and video allegedly obtained by their employee and independent contractor at this event and incorporated them into a publicly filed opposition to my motion for recusal, Dkts. 337–337-3.

The EVEN Defendants provide no explanation establishing why the identity of this nonparty business partner, the location of its private event, or my attendance as an industry professional was necessary to adjudicate the substantive grounds for judicial recusal. Nor do they explain why the confidentiality considerations they recently advanced concerning their business partners should apparently cease to matter when the disclosure serves their litigation objectives.

I do not speak on behalf of Symphonic Distribution or assert that it has authorized me to represent its interests. Nevertheless, I respectfully submit that using a nonparty's private industry event as the setting for collateral attacks upon invited guests raises legitimate questions concerning the necessity, proportionality, and purpose of this submission.

This concern is particularly acute where the underlying allegations are attributed to unidentified individuals who have not submitted firsthand declarations, and where the resulting opposition omits contemporaneous evidence of my earlier 5:36 p.m. transmission.

I contend that these circumstances, considered together with the broader course of proceedings, support my concern that the EVEN Defendants are using litigation procedures to pursue collateral objectives unrelated to a fair determination of my pending motion. I recognize that the EVEN Defendants are entitled to oppose my motion and introduce relevant evidence. However, that entitlement should not insulate the submission from scrutiny concerning its factual foundation, relevance, or purpose.

The Court should not permit the confidentiality interests of nonparty business partners to be invoked selectively, nor should the judicial process become a vehicle for unnecessary exposure of independent professional relationships and activities merely to undermine an opposing litigant's credibility.

I respectfully request that the Court consider this inconsistency when evaluating the EVEN Defendants' opposition and decline to adopt adverse inferences based upon collateral material whose necessity and relevance have not been adequately demonstrated.

## VIII. MY SEPTEMBER 18 CLARIFICATION SHOULD BE CONSIDERED ALONGSIDE THE COMPLETE DOCUMENTARY CHRONOLOGY

During the September 18, 2026 conference, I clarified to the Court that my physical location when I drafted the relevant statement differed from my location when I subsequently transmitted the motion. My September 16 email records establish two distinct transmission times: an initial transmission at 5:36 p.m., followed by a subsequent transmission at 11:11 p.m.

The EVEN Defendants' declaration does not establish when I originally drafted the relevant statement. Nor does it address my earlier transmission. I respectfully submit that the appropriate analysis requires consideration of the complete sequence of events, including the drafting of my motion, its initial transmission, and its subsequent distribution to additional recipients.

The EVEN Defendants' decision to focus exclusively on the final transmission does not eliminate the earlier documentary record. I therefore request that the Court consider my September 18 clarification together with Exhibits A and B and decline to adopt the EVEN Defendants' characterization without examining the complete circumstances.

**RELIEF REQUESTED**

For the foregoing reasons, I respectfully request that the Court:

1. Accept and consider my contemporaneous September 16, 2026 email records documenting the initial 5:36 p.m. transmission and subsequent 11:11 p.m. transmission of my motion for recusal or reassignment;
2. Decline to adopt an adverse inference based upon the EVEN Defendants' incomplete presentation of the transmission chronology;
3. Accord the declaration of Enrique Rodriguez and accompanying photographic materials only such evidentiary weight as their demonstrated foundation warrants;
4. Require an adequate firsthand foundation for any disputed factual assertions attributed to unidentified individuals if the Court intends to rely upon those assertions;
5. Disregard collateral allegations concerning my independent professional activities to the extent they have no demonstrated relevance to the pending motion;
6. Consider the discrepancies and evidentiary deficiencies identified herein when evaluating representations or requests for relief directed against me;
7. Adjudicate my pending motion for recusal or reassignment (Dkt. 332) based upon its substantive grounds, the governing legal standards, and the complete record; and
8. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**\s/ Damien "DDOT" Washington**
1824 Metzerott Road B5 Adelphi, MD 20783
prejudicialproseproceedings@gmail.com

**SIGNATURE:** Damien DDOT Was