LEICHTMAN LAW PLLC
185 Madison Avenue, 15th Floor
New York, NY 10016
(212) 419-5210

David Leichtman, Esq.
dleichtman@leichtmanlaw.com

October 6, 2025

MEMO ENDORSED

**Via ECF**

Honorable Judge Jessica G. L. Clarke
Southern District of New York

**Re: *Babygrande Global Inc. v. EVEN Labs et al.*, Case No. 1:24-cv-06785-JGLC-- Update from EVEN Defendants and Mr. Washington Regarding Mr. Washington's Request for Leave to File Cross-Claims**

Dear Judge Clarke:

We represent Defendants Enrique "Mag" Rodriguez and EVEN Labs, Inc. (the "EVEN" Defendants) in the above-captioned action. On September 11, 2025, through his counsel, co-defendant Damien Washington filed a request for leave to file cross-claims against the EVEN Defendants. (Dkt. 106). The Court ordered the parties to meet and confer regarding the filing of these cross-claims and to submit a joint letter detailing whether the EVEN Defendants consent to these claims, and if not, including a proposed briefing schedule on the issue. Additionally, the Court requested that Mr. Washington provide an update as to whether he intends to withdraw his motion to dismiss. (Dkt. 109).

The parties met and conferred to discuss these issues on two occasions and followed those conversations with email correspondence, but prior to 4:30 PM today, the most recent substantive communication we received from Mr. Blackburn was this morning that he is "currently assessing my further involvement in this case." At 4:30 PM, Mr. Blackburn proposed to write to inform the Court that Mr. Washington intends to voluntarily withdraw his pending motion to dismiss and "proceed with filing a cross complaint against his co-defendants, EVEN Labs Inc. and Enrique "Mag" Rodriguez."

Mr. Blackburn proposes that Mr. Washington's motion for leave to file the cross-claims be filed on October 17, 2025. The EVEN Defendants propose that they have twenty-one (21) days to respond and that Mr. Washington have fourteen (14) days to reply.

The EVEN Defendants do not consent to the cross-claims being brought in this action. To the extent we can even understand what the cross-claims are about, it appears that Mr. Washington claims he was mischaracterized as an independent contractor when he should have been classified as a W-2 employee. That claim makes no sense. As the Court is aware from prior correspondence and pleadings, Mr. Washington started as a W-2 employee of EVEN but later entered into a series of two separate independent contractor agreements, for which he had counsel, and which make clear that during the time frames of those agreements, he was an independent contractor. Aside



EXHIBIT
2

from the lack of merit to his claims, they have nothing to do with the copyright and trademark claims brought by the Plaintiff, and would just cause needless distraction and delay in the completion of discovery, which has already proven challenging as the Court is aware.

We also request again that the Court enter an Order requiring Mr. Washington to return immediately his EVEN issued laptop and iPhone. Mr. Blackburn had promised that the laptop would be returned by September 25th when his client returned to New York, but it still has not been returned. (Dkt. 113). With respect to the iPhone, while Mr. Blackburn claimed it belonged to Mr. Washington, attached hereto as Exhibit 1 is the receipt showing that it was paid for by EVEN, for use in EVEN's business.

While we understand the Court's reluctance to intervene on the other matters about which we sought emergency relief (Dkt. 114), the missing devices may contain evidence because, as we previously reported, Mr. Washington deleted emails prior to April 2025 from his EVEN email account, and we do not yet know whether anything he deleted included evidence that may be relevant to this case. (Dkt. 112). EVEN cannot engage a forensics vendor to see if they can recover what Mr. Washington deleted until the devices are returned. For this reason, at least that aspect of the dispute between Mr. Washington and EVEN does have some impact on this case.

The Parties have consented to the following schedule to brief Mr. Washington's motion for leave to file cross-claims should the Court allow it:

Washington's Opening Motion for Leave to File Cross-Claims: October 17, 2025

EVEN Defendants' Opposition: November 7, 2025

Washington's Reply (if required): November 21, 2025

Sincerely,

David Leichtman

David Leichtman

The Court deems the motion to dismiss filed by Defendant Damien "DDot" Washington as withdrawn. *See* ECF No. 75. The briefing deadlines for leave to file cross-claims are ADOPTED as set forth above. As to the laptop and iPhone: assuming that EVEN sought through a discovery request to inspect these devices, then the parties are DIRECTED to confer regarding producing these devices for forensic evaluation. The parties must file a joint letter if disputes remain. As always, the parties are reminded to heed their obligations to preserve documents. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217–18 (S.D.N.Y. 2003). The Clerk of Court is respectfully directed to terminate ECF No. 75.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge
Dated: October 8, 2025
New York, New York