# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

Honorable Judge Jessica G. L. Clarke
Southern District of New York
December 18, 2025

**BABYGRANDE GLOBAL, INC.,**
Plaintiff,

v.

**EVEN LABS, INC., ENRIQUE "MAG" RODRIGUEZ, and DAMIEN "DDOT" WASHINGTON,**
Defendants.

Case No. **1:24-cv-06785 (JGLC)**

---

## MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c), FOR SEVERANCE PURSUANT TO FED. R. CIV. P. 21, AND FOR A STAY OF DISCOVERY**

Defendant Damien "DDot" Washington ("Washington"), appearing **pro se**, respectfully moves for judgment on the pleadings pursuant to **Federal Rule of Civil Procedure 12(c)**, severance pursuant to **Rule 21**, and a stay of discovery pursuant to **Rules 26(c) and 1**. Mr. Washington expressly preserves and does not waive his objections to improper service of process and lack of personal jurisdiction, and brings this motion without conceding that he is properly before the Court.

*This motion concerns threshold pleading and joinder issues and is not a discovery motion subject to the meet-and-confer requirements of Federal Rule of Civil Procedure 37 or Local Civil Rule 37.2.*

This motion is warranted because, as a matter of law:

1. **The Amended Complaint fails to state any plausible claim against Washington;**

2. **Washington was improperly joined** despite lacking authority, control, or ownership related to the alleged infringement;

3. **EVEN Labs, Inc. and Enrique "Mag" Rodriguez have repeatedly misrepresented Washington's employment status to the Court**, while simultaneously treating him as an employee when convenient and suppressing filings that expose this inconsistency (Dkts. 75–77);

4. **Plaintiff admitted directly to Washington that he was joined not for liability or damages but as a litigation strategy**, acknowledging EVEN as the true target and "deep pockets"; and

EXHIBIT

6

5. Continuing discovery against Washington is **disproportionate, prejudicial, and contrary to Rule 1,** particularly where threshold legal defects require resolution first.

Because no material facts are disputed as to Washington's lack of liability, **judgment on the pleadings or, at minimum, severance is required as a matter of law.**

## FACTUAL BACKGROUND (UNDISPUTED)

### A. Washington Had No Authority or Control Over the Alleged Infringement

Washington was never an owner, officer, or C-suite executive of EVEN Labs, Inc. All decisions regarding hosting, takedowns, and platform operations were **solely controlled by Enrique "Mag" Rodriguez**, EVEN's Founder and CEO.

The Amended Complaint does not allege that Mr. Washington:

- uploaded infringing material,
- controlled EVEN's systems,
- had authority to remove content, or
- derived any direct financial benefit.

### B. Timeline Confirms Washington Was Improperly Added

- **August 29, 2024**: Plaintiff sent cease-and-desist letters; Washington was not a full-time employee.
- **September 6–10, 2024**: Plaintiff filed its original complaint, **not naming Mr. Washington.**
- **October 7, 2024**: Mr. Washington was rehired as a full-time employee and promoted.
- **October 30, 2024**: Plaintiff amended the complaint to add Washington based on false assumptions.

Since **May 14, 2025**, Mr. Washington has consistently asserted that he was misjoined, misclassified, and entitled to indemnification.

### C. Misrepresentation and Suppression by EVEN Defendants

Mr. Washington raised misclassification and misjoinder in **Dkts. 75–77**, which the EVEN Defendants sought to seal rather than rebut. At the same time, EVEN treated Washington as an employee by:

- issuing company devices,
- imposing legal-hold obligations,
- terminating system access and asserting custodial responsibilities.

These contradictions demonstrate **bad-faith litigation conduct** and underscore that Mr. Washington is not a proper defendant.

### D. Plaintiff's Admission of Improper Joinder and Leverage

On **August 13, 2025**, Plaintiff's owner, Chuck Wilson, directly communicated with Washington, a **Pro Se litigant**, and admitted:

- Plaintiff did not expect to recover damages from Mr. Washington;
- EVEN was the "real target" and "deep pockets";
- pursuing Mr. Washington would be "a waste of time";
- Mr. Washington was included as a "leverage" in Plaintiff's litigation strategy;
- Plaintiff discussed a professional working relationship in exchange for dismissal or payment in exchange for information about EVEN.

While Washington is prepared to submit an audio recording of this conversation if necessary, such submission may be unnecessary given that **EVEN Defendants' counsel referenced awareness of the same conversation on the record (December 2nd, 2025).**

## LEGAL STANDARD

**Rule 12(c)**

Judgment on the pleadings is appropriate where, accepting the non-movant's allegations as true, **no plausible claim for relief exists as a matter of law.** *See* Fed. R. Civ. P. 12(c); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Rule 21**

Misjoined parties may be dropped or severed **at any time**, on just terms, where joinder causes prejudice or lacks a transactional nexus.

## ARGUMENT

### I. JUDGMENT ON THE PLEADINGS IS WARRANTED UNDER RULE 12(c)

The Amended Complaint fails to plead:

- direct infringement by Washington, contributory infringement (knowledge + material contribution),
- vicarious infringement (control + direct financial benefit).

Conclusory group pleading against "EVEN Defendants" is insufficient. Washington's lack of authority is undisputed. Accordingly, **no set of facts entitles Plaintiff to relief against Mr. Washington.**

## II. Mr. WASHINGTON IS IMPROPERLY JOINED AND MUST BE SEVERED UNDER RULE 21

Even if dismissal were not granted, severance is required because:

- Washington's alleged conduct does not arise from the same transaction as EVEN's;
- Plaintiff admitted Washington was included only for leverage;
- investors with greater nexus were already severed;
- discovery burdens against Washington are extreme and prejudicial.

Plaintiff's claims against Washington **fail** because they rely on **vague and derivative allegations** that he acted "at the direction of" third parties, whom Plaintiff elected not to sue, including Aaron Scott aka "Stove God Cooks", a recording artist that is in a contract with Plaintiff, while simultaneously failing to plead that Washington had independent authority or control over the alleged infringement. The omission of the alleged directing party underscores the implausibility of imposing individual liability on Washington and confirms that his **inclusion is strategic** rather than necessary to resolve the alleged infringement. This pleading defect further supports judgment on the pleadings or, at minimum, severance under Rule 21. However, this defect does not affect Plaintiff's separate theory against EVEN Labs, which is based on alleged post-notice control.

Plaintiff's inclusion of Washington further reflects improper, leverage-based joinder. Washington notes that Plaintiff's owner acknowledged to him that Plaintiff did not expect to recover damages from Washington and viewed EVEN Labs as the primary target. Washington is prepared to provide corroborating evidence of this admission if the Court deems it relevant; however, resolution of this motion does not require consideration of such evidence, as the pleading defects and misjoinder are dispositive as a matter of law.

## E. Post-Privilege Conduct Confirms Irreconcilable Adversity and Prejudice

The Court has determined that any common-interest privilege between Mr. Washington and the EVEN Defendants terminated on September 3, 2025 (Dkt 158). Following that date, the EVEN Defendants, through counsel, have taken positions directly adverse to Mr. Washington that further confirm the impropriety of joint litigation.

On September 17, 2025, the EVEN Defendants filed multiple applications (Dkts. 110–112) seeking to compel Mr. Washington, alone, to return purported "EVEN-owned" devices. The Court denied that relief. Thereafter, the EVEN Defendants shifted their position and asserted that the same devices were required for forensic inspection in discovery, without seeking comparable relief from Plaintiff or offering reciprocal production obligations as to their own devices or systems.

These positions were taken despite the fact that Mr. Washington had already produced relevant emails and communications (ESI) from the same devices at issue. The EVEN Defendants' continued efforts to compel unilateral, intrusive discovery from Mr. Washington, while exempting themselves and Plaintiff from equivalent measures, underscore that Mr. Washington is being treated as an adversarial target rather than as a co-defendant with aligned interests.

This record demonstrates concrete prejudice. Mr. Washington **cannot fairly litigate this action** as a co-defendant where his purported co-defendants seek coercive relief against him, advance asymmetric discovery demands, and adopt litigation positions that are directly hostile to his interests. Rule 21 exists precisely to prevent such prejudice and to permit severance where continued joinder undermines fairness and judicial economy. Accordingly, even if dismissal were not warranted, severance of Mr. Washington is independently required.

Maintaining Mr. Washington as a party under these circumstances is inconsistent with Rule 1's mandate that proceedings be conducted in a manner that is just, speedy, and inexpensive.

## III. MISREPRESENTATION OF EMPLOYMENT STATUS REINFORCES MISJOINDER

EVEN cannot simultaneously deny employee status while:

- issuing equipment or corporate owned devices and asserting custodial obligations,
- suppressing misclassification filings.

This inconsistency confirms that Mr. Washington was joined improperly and without factual basis.

## IV. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION

Under **Rules 26(c) and 1**, discovery must be proportional and efficient. Forcing discovery against a misjoined pro se defendant before resolving threshold defects **undermines judicial economy and fairness.** In the alternative, should the Court permit discovery to proceed pending resolution of this motion, Washington respectfully reserves the right to seek appropriate protective relief pursuant to Rule 26(c).

For the foregoing reasons, Mr. Washington respectfully requests that the Court:

1. **Grant judgment on the pleadings in his favor under Rule 12(c);**
2. **Alternatively, sever him from this action under Rule 21;**
3. **Stay all discovery obligations as to Washington pending resolution;**
4. Grant such other and further relief as the Court deems just.

Respectfully submitted,

\s/ Damien "DDot" Washington
Defendant, Pro Se
P.O. Box 1468 Landover, MD, 20785
ddotomen.com@gmail.com
301-806-7111