# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

January 19, 2026
Honorable Jessica G. L. Clarke
United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

**RE: Babygrande Global, Inc. v. Even Labs Inc. et al., 1:24-cv-6785-JGLC**

**DEFENDANT DAMIEN "DDOT" WASHINGTON'S Response to January 22, 2026 Letter Regarding Scheduling**

Dear Judge Clarke:

I respectfully submit this brief response to the EVEN Defendants' January 22, 2026 letter (Dkt. 184), solely to correct the record.

**First**, I did not refuse to participate meaningfully in a joint submission or to meet and confer. As reflected in my January 20, 2026 email to EVEN Defendants' counsel, I expressly stated that I would comply with the Court's directives, would continue to confer regarding scheduling, and was not refusing to meet and confer. I explained only that I was not available on the dates proposed (January 26–February 6) and that I was not yet able to provide alternative dates at that time due to unresolved safeguard issues and pre-existing professional and personal obligations. That correspondence is part of the record.

**Second**, the EVEN Defendants' letter appears to mischaracterize my statements at the January 15, 2026 conference regarding my financial circumstances and availability. My statement that I could not presently afford to travel to New York following my termination by EVEN Defendants was not inconsistent with my having ongoing or prospective professional obligations. To the contrary, those obligations are the means by which I am attempting to generate income following termination and necessarily require advance coordination and rearrangement. Additionally, I currently have job prospects with interviews in progress, including potential in-person or in-office meetings anticipated during the month of February.

The timing and location of those interviews have not yet been confirmed and are not matters I can unilaterally determine at this stage. The fact that EVEN Defendants may be eager to proceed does not eliminate or override these practical constraints, nor does it transform them into a refusal to cooperate.

**Third**, as of today, January 22, 2026, my physician has directed that I abstain from professional duties and travel for a period of approximately three weeks while I am undergoing medical evaluation. I have attached the physician's note for the Court's reference. This medical directive independently precludes travel to New York during that period and explains why immediate alternative availability cannot presently be provided.

EXHIBIT 7

Finally, I reiterate that I have not refused to confer or comply. I remain willing to continue conferring regarding scheduling and logistics once I am medically cleared and once the pending safeguard and stay issues are resolved, consistent with my prior communications and filings.

I submit this response only to ensure the Court has an accurate and complete understanding of the record.

Respectfully submitted,

**Damien "DDOT" Washington**
Defendant, Pro Se
P.O. Box 1468
Landover, MD 20785
ddotomen.com@gmail.com
(301) 806-7111

DEA # Lic # NPI #

MERCY A. OBAMOGIE, M.D., M.P.H., P.C.
7225 HANOVER PARKWAY
SUITE A
GREENBELT, MD 20770
301-345-5900

NAME Darryl Washington DOB

ADDRESS DATE 1/22

℞ (PLEASE PRINT) Above name was seen by me 1/22/26 for evaluation of medical problem which require specialist intervention for the next three weeks. He is excused from all duty for the next three [illegible]

☐ LABEL

REFILL ______ TIMES PRN NR

[signature]

To insure brand name dispensing, prescriber must write 'Dispense As Written' or 'Dispense Only As Directed' on the prescription.

07-27-17 TRI170727_71784_1