UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BABYGRANDE GLOBAL, INC.,

Plaintiff,

-against-

ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.; DAMIEN DDOT WASHINGTON,

Defendants.

24-CV-6785 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On March 1, 2026, Defendant Damien "DDot" Washington ("Washington") emailed a letter and three exhibits to the Court, copying the Pro Se Intake Unit, in response to the Court's Order to Show Cause. *See* ECF No. 221. He did not copy any other party on his email, in contravention of the Court's prior orders. *See* ECF No. 187. To ensure that Mr. Washington's filings are visible to all parties in this case, and because they have not yet been filed on the docket, the Court has attached them to this Order.

In part, Mr. Washington explains that he failed to appear at the Court-ordered forensic evaluation of a cell phone and laptop in his possession on February 25, 2026, due to "an acute medical event involving [a] life altering diagnosis and a resulting medical travel restriction." He includes as evidence of this diagnosis a doctor's note—with all identifying information from the doctor's office redacted—instructing him to "[a]void travel [for] more than 30 minutes in duration through 3/9/26."

Mr. Washington also claims that he "made last-ditch, good-faith efforts" to comply with the Court's numerous orders directing him to travel to the courthouse on February 25, 2026. The Court need not delve into the granular details of his exchange with the EVEN Defendants here—it is sufficient to state that the evidence makes clear that his efforts, while "last-ditch," were not

EXHIBIT
10

made in good faith. On the one hand, Mr. Washington insists that he genuinely tried to "comply with the Court's directives"; but on the other, he unabashedly shares that he requested a private jet to bring him to the courthouse. He also admits that he refused to provide the EVEN Defendants with a pick-up address to allow them to hire him a car service—knowing full-well that any rideshare app, such as Uber or Lyft, requires a specific pick-up location to book a trip.

The Court should not have to chaperone Mr. Washington in order for him to comply with its clear orders. So let the Court be clear: Mr. Washington and counsel for the EVEN Defendants, as well as a forensic vendor, are DIRECTED to appear in Courtroom 320 of the Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601-4150, on **March 19, 2026**, at **12:00 p.m.** Mr. Washington must bring the cell phone and laptop at issue with him for evaluation. By midnight on March 10, 2026, Mr. Washington must provide the EVEN Defendants with a specific pick-up address (which does not need to be his home address) to permit the EVEN Defendants to book him an Uber or a Lyft to the train station. Mr. Washington shall provide counsel for EVEN Defendants any other information necessary for them to book his train travel.

This Order has no effect on the previously scheduled case management conference, which will still take place via Microsoft Teams on March 11, 2026, at 12:00 p.m. *See* ECF No. 214.

Dated: March 3, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

March 1, 2026
Honorable Jessica G. L. Clarke
300 Quarropas Street
Courtroom 320
White Plains, NY 10601

RE: **Babygrande Global, Inc. v. Rodriguez, et al., No. 1:24-cv-06785-JGLC Response to Order to Show Cause Regarding February 25, 2026 Appearance**

Dear Judge Clarke:

Defendant Damien Washington, proceeding Pro Se, respectfully submits this response to the Court's Order to Show Cause directing him to explain his nonappearance on February 25, 2026. Mr. Washington did not fail to appear out of defiance or bad faith. Mr. Washington respectfully submits he made diligent, reasonable efforts to comply under the circumstances

His nonappearance was the result of (1) an acute medical event involving life altering diagnosis and a resulting medical travel restriction, and (2) unresolved last-minute travel logistics in which Defendants maintained that Mr. Washington must prepay cross-state travel and seek reimbursement later, something he lacked the present ability to do.

Mr. Washington remains ready to comply and respectfully requests that the Court reschedule the examination after he is medically cleared for longer travel, with definitive scheduling parameters. While Mr. Washington remains ready to comply, he respectfully requests the Court's guidance regarding the appropriate procedure for resolving recurring logistical disputes where the parties have been unable to meet and confer in good faith and submit joint letters consistent with the Court's expectations.

### Mr. Washington also respectfully asks the Court to consider his demonstrated commitment to compliance when it is feasible.

On January 16, 2026, Mr. Washington suffered an immediate family loss and attended a funeral within hours of a Court-required conference that same day, yet he did not seek to reschedule and appeared as required reflecting that, even during bereavement, he makes every effort to comply with Court scheduling when he has the ability to do so.

### Mr. Washington's nonappearance was not willful; it was driven by acute pain and a medical travel restriction.

On February 25, 2026, Mr. Washington began experiencing severe pain and felt unwell. He did not travel because he believed travel would be unsafe given his condition. Shortly thereafter, his treating provider issued a written restriction stating that Mr. Washington should not travel for longer than 30 minutes through March 9, 2026. A copy of the medical note is attached as Exhibit A. Under these circumstances, Mr. Washington's nonappearance was not willful.

**Mr. Washington made last-ditch, good-faith efforts immediately before the scheduled time.**
In a final good-faith effort to comply on February 25, 2026, despite his ailments and religious observance, Mr. Washington emailed Defendants' counsel before the scheduled start, requesting that Defendants either (i) book transportation directly or (ii) advance reasonable travel costs consistent with the Court's allocation, because he lacked the present ability to front those costs. Mr. Washington contacted Defendants' counsel during the early morning hours only after exhausting reasonable, good-faith efforts to secure transportation on his own and out of concern that, without a workable plan, he would be unable to appear and risk being deemed noncompliant.

Mr. Washington's outreach reflected an effort to comply with the Court's directives under medical and logistical constraints. Instead of obliging, the EVEN Counsel responses shifted from refusing accommodations to later proposing conditional, compressed timing, and then followed by, characterizing Mr. Washington's outreach was improper and not in good faith, demonstrating that the meet-and-confer process did not meaningfully resolve logistics. The relevant email exchange is attached as Exhibit B.

EVEN Counsel responded with refusal and stated that the Court required Mr. Washington to procure and pay for travel himself and that Defendants would reimburse later upon receipts, and refused any advance or direct booking. After initially taking that position, Defendants' counsel reversed course and later stated: "That said, in an effort to avoid further delay, if you provide a specific street address for pickup immediately, we can attempt to schedule an Uber to depart within the next 30 minutes."

<u>This was not a confirmed booking</u> and was conditioned on immediate response in the early morning hours. By the time that message was sent, Mr. Washington had gone back to sleep. When he awoke for Fajr (Ramadan prayer) around 5:30 a.m., he saw EVEN counsel's message but remained in excruciating pain stemming from his previously documented ongoing health issues and proceeded to seek medical care that morning. Exhibit A confirms the subsequent travel restriction.

**Travel logistics were provided in advance; Defendants' "noncompliance" narrative is false.**
Prior to February 25, Mr. Washington provided Defendants with multiple workable transportation options and booking parameters (including air and ground) sufficient to arrange travel to White Plains, while protecting sensitive information by offering to provide any street-level pickup details directly to the transportation provider after booking. Screenshots reflecting the origin/destination parameters and proposed options were provided to Defendants and are attached for the Court's convenience as Exhibit C.

Mr. Washington also repeatedly requested a key practical item Defendants did not provide: an estimated duration/end time for the examination so return travel could be scheduled reasonably.

**Ramadan observance was raised in advance and was presented as a scheduling constraint, not an "excuse".**
EVEN Defendants' letter mischaracterizes Mr. Washington's Ramadan observance as a "further excuse" and asserts they are "not aware" of any restrictions that would require Mr. Washington to leave by a specific time.

Mr. Washington respectfully submits that counsel's personal awareness is not a proper basis to deny a religious-observance scheduling constraint. Ramadan observance is not limited to fasting; it also includes required daily prayers at prescribed times. Mr. Washington raised Ramadan timing and requested scheduling clarity before February 25, including in communications dated February 18 and February 19 (attached as Exhibit B). His request was made to attempt to facilitate compliance without conflict with religious obligations, particularly in the absence of any confirmed duration/end time.

**Proportionality and feasibility.**

Mr. Washington also respectfully notes a proportionality issue regarding the travel burden and who was required to appear. The February 25 court appearance required Mr. Washington traveled a total of approximately 600 miles between Maryland and New York, in historical winter conditions, to participate in a forensic process that was not conducted before the Court, as noted Your Honor would not be present.

By contrast, EVEN Defendants' counsel and representatives are based in the New York City area and would have faced comparatively minimal travel time to White Plains. In addition, Plaintiff was excused and not required to be present, even though this is Plaintiff's action against Mr. Washington (not an EVEN Defendants' action against him).

Mr. Washington does not raise these points to avoid compliance, but to underscore that the imposed cross-state travel obligations on a pro se litigant are materially more burdensome than the obligations imposed on New York-based counsel and parties, and that less burdensome alternatives, such as use of a neutral Maryland-area vendor under identical safeguards would accomplish the same objectives without recurring disputes.

**Defendants' "significant action" request should be viewed in light of their prior representations regarding Mr. Washington's lack of revenue from the alleged infringement.**

Defendants' current request for "significant action" should also be viewed in light of Defendants' prior representations to this Court that Mr. Washington did not personally earn revenue from the alleged infringement and that his relationship with EVEN was insufficient to tether him to New York for jurisdictional purposes (Dkt. 99). While those arguments were made in a different context, they underscore that Mr. Washington did not receive infringement-related proceeds and is further evidence of his inability to front substantial interstate travel costs on short notice, particularly where Defendants insist on reimbursement only after receipts.

Defendants' letter includes unsupported collateral accusations and inflammatory characterizations that are not material to whether Mr. Washington's nonappearance was willful. Mr. Washington will address those statements through a separate motion for protective relief; he respectfully requests that the Court disregard them for purposes of the OSC.

**Monetary sanctions would be punitive and inappropriate under these circumstances.**
The OSC asks Mr. Washington to show cause why he should not be held in contempt and required to pay monetary sanctions, costs, and/or attorney's fees. Mr. Washington respectfully requests that the Court decline to impose monetary sanctions.

Penalizing a pro se litigant for inability to pay by layering additional financial burdens would be unduly harsh and would effectively punish financial incapacity rather than enforce compliance.

Civil contempt is intended to coerce compliance, not to punish, and where noncompliance stems from lack of present ability to comply and a documented medical travel restriction, additional monetary penalties cannot serve a coercive purpose. The appropriate remedy is a feasible compliance pathway such as rescheduling after medical clearance (and/or allowing a local Maryland-area vendor under identical safeguards), not financial punishment.

## Requested relief.

For the foregoing reasons, Mr. Washington respectfully requests that the Court:

1. find that Mr. Washington's nonappearance on February 25 was not willful and discharge the OSC without sanctions, costs, attorney's fees, or adverse inferences;
2. adjourn and reschedule the forensic examination for a date after Mr. Washington is medically cleared for longer travel (after March 9, 2026), or alternatively after March 19, 2026 to avoid conflict with Ramadan, with definitive scheduling parameters (start time and estimated duration/end time);
3. direct Defendants to provide an estimated duration/end time in advance and to meet and confer in good faith on logistics, with joint submissions to the extent practicable for future logistical disputes; and
4. in the alternative to interstate travel, permit the same imaging tasks to be performed by a neutral forensic vendor in the Baltimore/Washington, D.C. area (or another location within 30 minutes of Mr. Washington), under identical safeguards and reporting obligations.

**Exhibits.**

Ex. A – Medical note restricting travel to no more than 30 minutes through March 9, 2026.
Ex. B – February 18 and February 19, 2026 emails raising Ramadan timing/scheduling concerns. February 25, 2026 email exchange regarding prepayment/reimbursement and Defendants' "attempt to schedule an Uber" message.
Ex. C – Screenshots reflecting transportation options and origin/destination parameters provided to Defendants.

Respectfully submitted,

**\s/ Damien "DDOT" Washington**
Defendant, Pro Se
P.O. Box 1468
Landover, MD 20785
ddotomen.com@gmail.com
(301) 806-7111

---

1. Exhibit A is filed in redacted form to protect sensitive medical and personal information. Mr. Washington will provide an unredacted copy for in camera review upon the Court's request. The redactions do not alter the operative medical restriction; they remove only identifying information for privacy and safety.

Case 1:24-cv-06785-JGLC Document 229 Filed 03/03/26 Page 7 of 28

# EXHIBIT A

[redacted] Chiropractic and Rehab [redacted]

[redacted] MD [redacted]

**Disability Slip**

Patient Name: Washington, Daryl

( ) As of ____________
( ) Was treated in my office today.
( ) Should be excused from work ________ through ________.
( ) Should be placed on light duty work status.
( ) Should be placed on off work status.
( ) May return to full work status.
( ) May return to light duty work status.
( ) Should be excused from school ____________.
( ) Should refrain from all physical education until ____________.
( ) May participate in restricted physical education.
( ) May participate in unrestricted physical education.
( ) Until further notice
( ) No lifting over ________ lbs.
( ) No sitting for longer than ____________ minutes.
( ) No strenuous activity
( ) No bending
( ) Complete bed rest
( ) Should be allowed to take breaks when necessary.
( ) Restriction ____________
( ) Diagnosis ____________
( ) Status ____________
( ) Other ____________

Signed: ____________ Date: 2/25/26

should [illegible] more than 30 minutes in duration, through 3/9/26

Phone: 301[redacted]
Fax: 30[redacted]

# EXHIBIT B

Parness <hip@hiplaw.com>
**Subject:** Re: Babygrande v. EVEN Labs et al.--Transportation to White Plains Courthouse on February 25, 2026

Mr. Washington,

We are following up on our two previous requests on February 12th and February 13th. Please provide us with the station you would prefer to depart from to get to White Plains on February 25th or we will need to raise the issue with the Court.
[Quoted text hidden]

---

**Damien DDot Omen** <ddotomen.com@gmail.com> Wed, Feb 18, 2026 at 7:02 PM
To: David Leichtman <DLeichtman@egsllp.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, Emma Hoffmann <EHoffmann@egsllp.com>

David and Sherli,

Based on current pricing for flights, ground transportation, and rental options, anticipated travel costs are approximately $1,000.

I do not have the financial ability to front these expenses. Pursuant to the Court's Order that EVEN bear the cost of my travel, please advance $1,000 to cover anticipated travel expenses. I will appear on February 25 as ordered.

I respectfully decline proposal for the train as it isn't in proximity, nor reliable as your client well knows, has caused me to miss while I was unlawfully employed at EVEN and required travel to NYC. Noticeably, Amtrak has significantly reduced operations and this limits travel between Maryland and NYC. More importantly, my doctors have advised that train is not suitable to my needs which may require access medical attention while I am still under medical treatment.

Furthermore as I'm observing Ramadan, I'm requesting a joint letter be filed to confirm that this questionable fishing expedition does not conflict with my religious observance and will conclude promptly at 12pm ET. I will not be able to attend beyond that time.

Additionally, please will confirm only one attorney from your firm will be present at the courthouse, as there is no necessity for two or three attorneys for one party to be present and would excessive when considering efforts to "conserve party resources" have been raised on the docket. I'm inclined to agree that a surplus of attendees is egregiously inappropriate.

Lastly, please confirm that under no circumstances EVEN defendants or EVEN representatives/agents/contractors/employees or affiliates will be physically or virtually present at the courthouse on the day of, for my safety and wellbeing concerns, as your clients have demonstrated propensity for retaliation and hostility.

I look forward to coordinating the ordered logistics and submitting a joint letter to the court.

- Damien "DDOT" W.
ConnecteDDots Music | ConnecteDDots Management

si monumentum requiris, circumspice
Ramadan Mubarak
[Quoted text hidden]

**4 attachments**



**IMG_9361.jpeg**
402K



**IMG_9305.jpeg**
247K




**IMG_9303.jpeg**
242K



**IMG_9304.jpeg**
388K

---

**Emma Hoffmann** <EHoffmann@egsllp.com> Wed, Feb 18, 2026 at 8:25 PM
To: Damien DDot Omen <ddotomen.com@gmail.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

Mr. Washington:

Please send us the receipts for your travel plans so that we can review and evaluate the costs.

Best,

Ellenoff Grossman & Schole LLP

**Emma Hoffmann**
**Associate**
1345 Avenue of the Americas, 11th Fl., New York, NY 10105
Telephone: (212) 370-1300 Fax: (212) 370-7889
EHoffmann@egsllp.com | www.egsllp.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

---

**From:** Damien DDot Omen <ddotomen.com@gmail.com>
**Sent:** Wednesday, February 18, 2026 7:02:54 PM
**To:** David Leichtman <DLeichtman@egsllp.com>
**Cc:** Sherli Furst <SFurst@egsllp.com>; Hillel Parness <hip@hiplaw.com>; Emma Hoffmann <EHoffmann@egsllp.com>
**Subject:** Re: Babygrande v. EVEN Labs et al.--Transportation to White Plains Courthouse on February 25, 2026

Caution: External Sender
[Quoted text hidden]

---

**Emma Hoffmann** <EHoffmann@egsllp.com> Thu, Feb 19, 2026 at 2:47 PM
To: Damien DDot Omen <ddotomen.com@gmail.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

Mr. Washington,

We do not understand the Court's order requiring EVEN bear the costs of your travel to White Plains to mean advancing unspecified large quantities of money for expenses without documentation. As directed, however, the EVEN Defendants will cover the reasonable costs of your travel to the White Plains Courthouse.

You may either: (1) submit receipts for reimbursement; or (2) work with us to arrange and directly book the necessary travel on your behalf.

If you prefer that we make the arrangements, please confirm whether you would like:

- Ground transportation (Uber) from Court Plaza, Princess Anne, MD to the White Plains Courthouse; or
- Uber transportation to and from DCA, a flight from DCA to JFK or LGA, and Uber transportation between the airport and the Courthouse.

Please let us know your preference today, and we will proceed accordingly. We need to ensure that tickets and cars are available for reservation and cannot wait any longer to book your travel.

Ellenoff Grossman & Schole LLP

**Emma Hoffmann**
**Associate**
1345 Avenue of the Americas, 11th Fl., New York, NY 10105
Telephone: (212) 370-1300 Fax: (212) 370-7889
EHoffmann@egsllp.com | www.egsllp.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

---

**From:** Emma Hoffmann <EHoffmann@egsllp.com>
**Sent:** Wednesday, February 18, 2026 8:25 PM
**To:** Damien DDot Omen <ddotomen.com@gmail.com>
**Cc:** Sherli Furst <SFurst@egsllp.com>; Hillel Parness <hip@hiplaw.com>; David Leichtman <DLeichtman@egsllp.com>
**Subject:** Re: Babygrande v. EVEN Labs et al.--Transportation to White Plains Courthouse on February 25, 2026

Mr. Washington:

Please send us the receipts for your travel plans so that we can review and evaluate the costs.

Best,

[Quoted text hidden]

---

**Damien DDot Omen** <ddotomen.com@gmail.com> Thu, Feb 19, 2026 at 3:33 PM
To: Emma Hoffmann <EHoffmann@egsllp.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

The Leichtman firm initiated this discovery request. As a result, The Court and Judge was instructed that your client is responsible for the costs of my travel.

As stated during the conference, I am incapable of fronting the costs of this travel due to the abrupt wrongful termination by your client which altered my income, therefore (again) your client is required to bear the costs, which in this case is to provide a stipend to cover the costs. That does not transfer authority over my travel or transportation.

The court order requires for me complete interstate travel that's up to 8 hours in addition to the bizarre and unjustified ordeal itself. Perhaps a finance attorney at your firm can explain that receipts can't be provided before a transaction occurs. In the absence of such, estimated costs directly from the corresponding travel websites for the day of travel have been provided.

Your client is fully capable of making payment transfers to me as they have done for 365 days while I was illegally misclassified as a contractor by them. Hope this is helpful and I look forward to the joint letter that includes addressing all the items I previously identified.

Yawm Mubarak

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

Ellenoff Grossman & Schole LLP

**Emma Hoffmann**
**Associate**
1345 Avenue of the Americas, 11th Fl., New York, NY 10105
Telephone: (212) 370-1300 Fax: (212) 370-7889
EHoffmann@egsllp.com | www.egsllp.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is alegally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.
[Quoted text hidden]

--
-
Damien "DDot" W.
ConnecteDDots Music | ConnecteDDots Management
si monumentum requiris, circumspice....
Ramadan Mubarak

---

**Emma Hoffmann** <EHoffmann@egsllp.com> Fri, Feb 20, 2026 at 5:08 PM
To: Damien DDot Omen <ddotomen.com@gmail.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

Mr. Washington:

We just wanted to confirm that you received the attached order from the Court today. We look forward to hearing from you by 5:00pm ET on Sunday, February 22 to arrange your travel to the courthouse in White Plains on Wednesday, February 25. Additionally, please remember to print out and bring the other attached order allowing you to bring your devices into the courthouse as typically no electronics are allowed inside without advance permission.

Best,

Ellenoff Grossman & Schole LLP

**Emma Hoffmann**
**Associate**
1345 Avenue of the Americas, 11th Fl., New York, NY 10105
Telephone: (212) 370-1300 Fax: (212) 370-7889
EHoffmann@egsllp.com | www.egsllp.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

**From:** Damien DDot Omen <ddotomen.com@gmail.com>
**Date:** Thursday, February 19, 2026 at 15:34
**To:** Emma Hoffmann <EHoffmann@egsllp.com>
**Cc:** Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>
**Subject:** Re: Babygrande v. EVEN Labs et al.--Transportation to White Plains Courthouse on February 25, 2026

**Caution: External Sender**

[Quoted text hidden]

---

**2 attachments**

**Proposed Order for Authorization to Bring Devices into Courthouse-non-attorneys.pdf**
68K

**Dkt. 214- Judge Clarke's Order on 02.20.26 re Devices, Travel, Recordings, and Discovery.pdf**
83K

---

**Damien DDot Omen** <ddotomen.com@gmail.com> Sun, Feb 22, 2026 at 4:57 PM
To: Emma Hoffmann <ehoffmann@leichtmanlaw.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

Per the court orders I will be prepared to travel on February 25. Consistent with the Court's Order, I do not have the ability to advance travel costs. Please confirm once transportation has been arranged.

Please see passenger information below:

Passenger Name: Damien Washington
Phone number: 301-806-7111
Confirmation Email: ddotomen.com@gmail.com
[Quoted text hidden]

---

**Emma Hoffmann** <EHoffmann@egsllp.com> Sun, Feb 22, 2026 at 5:57 PM
To: Damien DDot Omen <ddotomen.com@gmail.com>, Emma Hoffmann <ehoffmann@leichtmanlaw.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

Mr. Washington:

This response does not comply with the Order. We need you to tell us how you would like to travel and from where.

Ellenoff Grossman & Schole LLP

**Emma Hoffmann**
**Associate**
1345 Avenue of the Americas, 11th Fl., New York, NY 10105
Telephone: (212) 370-1300 Fax: (212) 370-7889
EHoffmann@egsllp.com | www.egsllp.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

---

**From:** Damien DDot Omen <ddotomen.com@gmail.com>
**Sent:** Sunday, February 22, 2026 4:57:01 PM
**To:** Emma Hoffmann <ehoffmann@leichtmanlaw.com>
**Cc:** Sherli Furst <SFurst@egsllp.com>; Hillel Parness <hip@hiplaw.com>; David Leichtman <DLeichtman@egsllp.com>
**Subject:** Re: Babygrande v. EVEN Labs et al.--Transportation to White Plains Courthouse on February 25, 2026

Caution: External Sender
[Quoted text hidden]

---

**Damien DDot Omen** <ddotomen.com@gmail.com> Mon, Feb 23, 2026 at 9:16 AM
To: Emma Hoffmann <EHoffmann@egsllp.com>
Cc: Emma Hoffmann <ehoffmann@leichtmanlaw.com>, Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

Let's all be thankful that the fate of the World isn't dependent on the opinions of 2 year associates.

Per the Court's February 20, 2026 Order, I am confirming my travel for the February 25 forensic fishing expedition. Train is not an option. Please book alternative extradition transportation directly (I cannot advance costs) from the Maryland or Washington, D.C. area.

Separately, please confirm the duration/end time for the examination so return travel can be scheduled appropriately.

As I've previously stated, due to my religious observance during Ramadan, I will not be available after 11:00 a.m. on February 25. The examination needs to be scheduled to conclude by 11:00 a.m.

Here are options:

- https://ridelux.com/
- https://www.blade.com/flight_search/choose_flight?origin=WAS&destination=HPN&passengers=1&depart_date=2026-02-25
- https://www.mercuryjets.com/route-new-york-to-washington-dc/?utm_source=google&utm_medium=cpc&utm_term=&utm_content=180805131556&utm_campaign=DSARoutes&cam

Please send the itinerary/confirmations once booked.

[Quoted text hidden]
ابن العليّ
[Quoted text hidden]

---

**6 attachments**



**transportation-2.png**
130K



**transportation-1.png**
301K



**IMG_9513.png**
676K



**IMG_9515.png**
167K



**IMG_9512.jpeg**
669K



**IMG_9514.png**
680K

---

**Damien DDot Omen** <ddotomen.com@gmail.com> Wed, Feb 25, 2026 at 3:33 AM
To: Emma Hoffmann <EHoffmann@egsllp.com>
Cc: Emma Hoffmann <ehoffmann@leichtmanlaw.com>, Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

I have not received a response regarding this transportation arrangement.

For the record, I remain willing to comply with the Court's directives and appear with the devices. My inability to prepay travel remains unchanged. I have exhausted reasonable efforts to facilitate travel independently without advancing costs.

If you will book transportation directly or advance reasonable travel costs consistent with the Court's prior allocation, I will cooperate immediately on logistics upon your confirmation. As previously stated, I am available for air travel from Washington, D.C./Maryland-area airports, and for car service pickup from Waldorf, Maryland. Upon your confirmation that transportation has been prepaid/booked, I will provide the exact pickup location directly to the driver or car service. Given the 10:30 a.m. start time and overnight snow, timely arrival from Maryland is not feasible absent direct booking or an advance.

Please confirm by return email whether you will book directly or advance travel costs.

[Quoted text hidden]

---

**Emma Hoffmann** <EHoffmann@egsllp.com> Wed, Feb 25, 2026 at 3:43 AM
To: Damien DDot Omen <ddotomen.com@gmail.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>, Emma Hoffmann <EHoffmann@egsllp.com>

Mr. Washington,

Your email does not correspond with the Court's Order.

As the Court expressly directed: *"Mr. Washington is directed to pay for his own travel. The EVEN Defendants shall reimburse his reasonable travel costs after he presents them with receipts."*

The Court rejected advance payment and direct booking. The Order requires that you procure your own transportation and submit reasonable receipts for reimbursement.

We remain prepared to promptly reimburse reasonable travel expenses upon presentation of receipts, consistent with the Court's directive. If you do not appear in person with the devices as ordered, you do so at your own risk, as the Court has already warned.

We will see you at 10:30 a.m. tomorrow.

ConnecteDDots Music | ConnecteDDots Management
si monumentum requiris, circumspice....

ابن العليّ

--'
-
Damien "DDot" W.
ConnecteDDots Music | ConnecteDDots Management
si monumentum requiris, circumspice....

--
-
Damien "DDot" W.
ConnecteDDots Music | ConnecteDDots Management
si monumentum requiris, circumspice....

ابن العليّ

**Dkt. 217- Memo Endorsement re Washington to Pay for his own travel.pdf**
298K

---

**Emma Hoffmann** <EHoffmann@egsllp.com> Wed, Feb 25, 2026 at 3:46 AM
To: Damien DDot Omen <ddotomen.com@gmail.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

That said, in an effort to avoid further delay, if you provide a specific street address for pickup immediately, we can attempt to schedule an Uber to depart within the next 30 minutes.

Ellenoff Grossman & Schole LLP

**Emma Hoffmann**
**Associate**
1345 Avenue of the Americas, 11th Fl., New York, NY 10105
Telephone: (212) 370-1300 Fax: (212) 370-7889
EHoffmann@egsllp.com | www.egsllp.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

---

**From:** Emma Hoffmann <EHoffmann@egsllp.com>
**Sent:** Wednesday, February 25, 2026 3:43:38 AM
**To:** Damien DDot Omen <ddotomen.com@gmail.com>
**Cc:** Sherli Furst <SFurst@egsllp.com>; Hillel Parness <hip@hiplaw.com>; David Leichtman <DLeichtman@egsllp.com>; Emma Hoffmann <EHoffmann@egsllp.com>
**Subject:** Re: Babygrande v. EVEN Labs et al.--Transportation to White Plains Courthouse on February 25, 2026

--
-
Damien "DDot" W.
ConnecteDDots Music | ConnecteDDots Management
si monumentum requiris, circumspice....
Ramadan Mubarak

--
-
Damien "DDot" W.
ConnecteDDots Music | ConnecteDDots Management
si monumentum requiris, circumspice....

ابن العليّ

--
-
Damien "DDot" W.
ConnecteDDots Music | ConnecteDDots Management
si monumentum requiris, circumspice....

--
-
Damien "DDot" W.
ConnecteDDots Music | ConnecteDDots Management
si monumentum requiris, circumspice....

ابن العليّ

---

**Emma Hoffmann** <EHoffmann@egsllp.com> Wed, Feb 25, 2026 at 4:42 AM
To: Damien DDot Omen <ddotomen.com@gmail.com>
Cc: Sherli Furst <SFurst@egsllp.com>, Hillel Parness <hip@hiplaw.com>, David Leichtman <DLeichtman@egsllp.com>

Mr. Washington:

As we have now explained multiple times, we cannot dispatch an Uber, alternative car service, or transportation to/from "Waldorf, Maryland," "Maryland," or the "D.C. Area." Uber (and every other car service) requires a specific street address for pickup, it cannot dispatch a vehicle to a general city, state, or metropolitan area.

Moreover, the timing of your 3:34am ET email (less than 7 hours before a scheduled appearance despite your knowledge of the distance and estimated travel time by any method of transportation) is difficult to view as inadvertent. Particularly given the lack of any subsequent response, the message appears timed in a manner that makes meaningful logistical coordination impracticable. Your timing and lack of response are also inconsistent with your representation that you "will cooperate immediately on logistics upon [our] confirmation." Such cooperation necessarily requires timely and responsive communication.

If you do not intend to appear as ordered, please state that clearly now so that we may promptly advise the Court. Otherwise, if you expect us to attempt to arrange transportation, you must provide a specific pickup address by 5:00am ET *at the latest* so that we can determine whether any option remains feasible.

Please advise immediately.

# EXHIBIT C

ridelux.com

RIDELUX

POINT TO POINT | HOURLY

Pick-up Location

Waldorf, MD, USA

Destination

300 Quarropas Street, White Plains, ...

Pick-up Date / Time

Wed, Feb 25th, 2026 06:00 AM

☑ Add a return trip

Return Trip Pick-up Date / Time

Wed, Feb 25th, 2026 11:00 AM

GET MY PRICES →



6:24 76

ridelux.com

STEP 3 OF 4

## Booking Details

Booking Summary Expand

## Additional information (Optional)

Notes for the chauffeur

Enter any special requests or important information for your ride, e.g. child car seats, etc.

Are you booking for someone else?

## Passenger information

First name*

Last name*

Contact Number*

+1

Email address*

Case 1:24-cv-06785-JGLC Document 229 Filed 03/03/26 Page 24 of 28

MERCURY JETS   Home   Private Jet Charter   Aircraft   Cities   Empty Legs   About Us   Contact Us

2417
365

# Charter a Private Jet from New York to Washington, DC

Round trip   USD

RONALD REAGAN NATIONAL, WASHINGTON, DC, United States, DCA (KDCA)   2

Wed, 25 Feb   08:00 AM

JOHN F KENNEDY INTL, NEW YORK, NY, United States, JFK (KJFK)   2

Wed, 25 Feb   01:00 PM

RONALD REAGAN NATIONAL, WASHINGTON,

SEARCH

**Excellent 4.9** out of 5 based on 1000+ reviews ★ Trustpilot

Case 1:24-cv-06785-JGLC Document 229 Filed 03/03/26 Page 25 of 28



Log in

English

# Your trip summary

« New search

DEPART

DCA → JFK

Wednesday, February 25, 2026

RETURN

LGA → DCA

Wednesday, February 25, 2026

Total $482.79

(all passengers)

Continue

Cost details




**Reserve a ride**

Earning $6.76 credits

**Black** 4 **$136.33**
AA 4396 lands at 7:49 AM, Wed, Feb 25

**UberX** **$126.80**
AA 4396 lands at 7:49 AM

**Comfort** **$139.29**
AA 4396 lands at 7:49 AM

**Black SUV** **$184.37**



**$681.54 / TOTAL**
Includes Taxes & Fees

**Save 10% - 15% with extras**
Save 10% when you select 2 qualifying extras, or save 15% when you select 3 or more extras.

# Individual add-ons

### Cover The Car (LDW)
With LDW, avoid paying for damage to our vehicle with no additional out of pocket expense & no incre...
**See more**

**$40.99 / DAY**

### Cover Myself (PAE)

CONTINUE