UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABYGRANDE GLOBAL, INC.,<br>Plaintiff,<br><br>-against-<br><br>ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.; DAMIEN DDOT WASHINGTON,<br>Defendants. | 24-CV-6785 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Defendant Damien "DDot" Washington ("Washington") has filed a letter demonstrating yet another violation of this Court's clear orders. ECF No. 283; *see* ECF Nos. 221, 229, 238, 244, 249. For months, the Court has directed Mr. Washington to appear in person for a straightforward forensic evaluation of a cell phone and laptop in his possession. *See id.* At every turn, Mr. Washington has failed to appear. *See id.* The Court has therefore "warned him on numerous occasions that he faces civil contempt sanctions—up to and including possible detention—should he continue to disregard its unambiguous orders." ECF No. 249.

On March 19, 2026, the Court issued an Order to Show Cause directing Mr. Washington to appear for a conference in person to explain why the Court should not impose sanctions upon him for his repeated failure to comply with its clear orders. *Id.* On April 14, 2026, the Court held the show-cause hearing. ECF No. 263. Mr. Washington did not appear. *Id.* During that conference, the Court set forth Mr. Washington's long history of failing to comply with court orders.

Still, the Court did not immediately impose sanctions. Instead, it endeavored to accommodate Mr. Washington's claimed medical concerns, which remain largely unsupported by the information he has provided to date, and scheduled a forensic examination near his home.

EXHIBIT
13

*See* ECF No. 277. Now, as has become his custom, Mr. Washington has alerted the Court that "he is not available" to appear for the examination. ECF No. 283. He argues, as is also his custom, that his "inability to proceed . . . is not based on delay or refusal." *Id.* But Mr. Washington cannot simply speak an alternative reality into existence. Plainly, what he denies is precisely what he continues to do: delay and refuse to comply with the Court's clear orders.

"A court may hold a party in civil contempt for failure to comply with a court order if '(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.'" *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) (quoting *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016)).

"Civil contempt sanctions may serve either or both of two purposes: They may be coercive, to secure compliance with court orders, or they may be compensatory, to make whole the party who has been wronged." *Al Hirschfeld Found.*, 438 F. Supp. 3d at 207 (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)). "When the purpose is coercive, 'the district court has broad discretion to design a remedy that will bring about compliance.'" *Warshaw Grp. Inc. v. Materialink LLC*, No. 23-CV-1916 (JPC), 2024 WL 5178876, at *1 (S.D.N.Y. Nov. 14, 2024) (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)). And in exercising that discretion, courts consider several factors, "including the 'character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance,' and the 'amount of the contemnor's financial resources and the consequent seriousness of the burden to

him.'" *Perfect Fit Indus.*, 673 F.2d at 56 (alterations adopted) (quoting *United Mine Workers of Am.*, 330 U.S. at 304).

The Court finds Mr. Washington in contempt. All three elements of the civil contempt test are met. Mr. Washington has "egregiously failed to comply" with numerous, unambiguous court orders. *Al Hirschfeld Found.*, 438 F. Supp. 3d at 208; *see* ECF Nos. 221, 229, 238, 244, 249, 263, 277. And, despite his claims to the contrary, he has not "diligently attempted to comply in a reasonable manner.'" *CBS Broadcasting Inc.*, 814 F.3d at 98. He refuses to travel to New York to supply these devices, notwithstanding EVEN Defendants arranging and paying for his travel to do so on multiple occasions. He has likewise refused to provide his availability to have the devices searched at the courthouse in Greenbelt, Maryland, near where he resides. He has continued to fight the basis for, and the scope of, the search. And he has yet to suggest any workable, alternate means of compliance. The Court has afforded him countless opportunities to comply; yet he has never done so.

Accordingly, "[a]pplying the *Perfect Fit Industries* factors, the Court imposes upon [Mr. Washington] a coercive fine, designed to compel compliance with the Court's" clear directive to hand over the phone and laptop in his possession for a temporary forensic examination. *Warshaw Grp. Inc.*, 2024 WL 5178876, at *2. **Mr. Washington is ordered to contact the U.S. Marshals Service at (301) 344-8400 to coordinate bringing the laptop and cell phone in question, along with any information needed to unlock the devices, to the federal courthouse at 6500 Cherrywood Lane, Greenbelt, Maryland.** By May 12, 2026, EVEN Defendants are directed to provide the Court with contact information for their forensic vendor located in the Greenbelt, Maryland area; the Court will then provide that information to the U.S. Marshals Service. The U.S. Marshals Service will contact EVEN Defendants' vendor to retrieve the phone, laptop and

information needed to open the devices on the same day those items are delivered by Mr. Washington.

Within two business days of receiving the devices, EVEN Defendants' vendor shall complete its search of the devices using the search protocol previously ordered by the Court. *See* ECF No. 183 (incorporating the search terms proposed by EVEN Defendants and Plaintiff, along with the privilege protocol). After the search is completed, EVEN Defendants' vendor, through counsel for EVEN Defendants, shall contact Mr. Washington so that he can retrieve the phone from the vendor. The vendor shall return the laptop to EVEN Defendants. The vendor shall file an affidavit confirming that it followed the procedures and protocols herein and previously approved by the Court. *See* ECF No. 183.

Mr. Washington has two weeks from today—in other words, by **May 25, 2026**—to coordinate with, **and** bring the phone, laptop, and information needed to open the devices to the U.S. Marshals Service at the federal courthouse in Greenbelt, Maryland, before the fines begin. After two weeks, Mr. Washington will be **fined $100 per day** for every day that he is in violation of this order—in other words, for every day that he has not provided the phone, laptop, and information needed to open the devices. **After 14 days, his daily fine will increase to $500 per day until he complies.** Although Mr. Washington's financial circumstances are somewhat unclear, the Court understands that Mr. Washington is not currently employed, and in light of Mr. Washington's financial constraints, his total fine shall not exceed $15,000.

If Mr. Washington continues to refuse to comply and the fines reach $15,000, the Court will issue an order to show cause as to why the Court should not issue a warrant for Mr. Washington's arrest. If Mr. Washington continues to refuse to comply, the Court will issue such a warrant, and Mr. Washington will be incarcerated until he complies.

In Mr. Washington's most recent letter to the Court, he asked for time to obtain legal counsel. *See* ECF No. 283. Mr. Washington is free to obtain counsel and has had over six months to do so. *See* ECF No. 122 (order granting Mr. Washington's former counsel's motion to withdraw). He is again advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide a pro se party with advice in connection with their case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

Mr. Washington may also request a transcript of the April 14, 2026 hearing—when he refused to appear—by following the instructions on the attached form.

Dated: May 11, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters. The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.
**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request). Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: ___________________

| Case Caption | | |
|---|---|---|
| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |
| | | |

**INDICATE SERVICE:**
(prices listed are per page)

| 1 - 3 business days $6.66 | 7 days $5.34 | 14 days $4.68 | 30 days $4.02 |
|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ |

| | |
|---|---|
| Your Name | |
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |