Case 1:24-cv-06785-JGLC Document 290 Filed 05/26/26 Page 1 of 6

Ellenoff Grossman & Schole LLP

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NY 10105
TELEPHONE: (212) 370-1300
FACSIMILE: (212) 370-7889
www.egsllp.com

May 26, 2026

**Via ECF**

Honorable Jessica G. L. Clarke
300 Quarropas Street, Courtroom 320
White Plains, NY 10601
ClarkeNYSDChambers@nysd.uscourts.gov

**Re: Request for Emergency Relief Regarding Defendant Washington's Non-Compliance With Court Ordered Return of EVEN Devices for Imaging in *Babygrande Global Inc. v. EVEN Labs et al.*, Civ. No. 1:24-cv-06785-JGLC**

Dear Judge Clarke:

We write on behalf of the EVEN Defendants regarding the latest development in Defendant Washington's now nearly six-month pattern of obstructing the Court's repeated orders directing the forensic imaging of the cell phone and laptop in his possession that were issued to him by EVEN. The latest development is a further, knowing violation of the Court's preservation and imaging orders, and the EVEN Defendants respectfully request appropriate relief, including detention of Mr. Washington until the devices are provided to the U.S Marshal Service.

Yesterday afternoon, May 25, 2026, William F. Guilford, Jr., Esq. filed a notice of appearance on behalf of Washington. (Dkt. 288). Within minutes of that filing, counsel received an email from Mr. Guilford stating that Washington "recently lost *his* laptop"—language Mr. Guilford then corrected, in a follow-up email sent five minutes later, to "*the* laptop." (*See* attached emails). Mr. Guilford further represented that, "it is my understanding that Washington did contact local law enforcement to report the missing laptop," though he conceded that he "do[es] not have a copy of any police report at this moment." Mr. Guilford committed to "follow up with counsel and the Court regarding this matter following [the] holiday."

Mr. Guilford, despite only entering an appearance yesterday, is not new to this matter. This is reflected on the docket. For example, Washington blind-copied Mr. Guilford on his communications with the Court and the parties concerning the very device imaging at issue going back at least to January 2026. (*See, e.g.*, Dkt. 187 (Order attaching Washington email reflecting "Bcc: William Guilford <wguilford@guilfordlawgroup.com>"); Dkt. 189-1 (same)). Mr. Guilford is also representing Washington as counsel of record in his frivolous employment litigation against the EVEN Defendants in the Eastern District of New York. *See Washington v. EVEN Labs, Inc., et al.*, No. 1:26-cv-0005-PCG (E.D.N.Y.). Mr. Guilford was therefore on notice (well before he formally entered an appearance yesterday) of the Court's repeated orders directing Washington to preserve and to produce the laptop and cell phone for forensic imaging.

Those orders could not have been clearer. On December 2, 2025, the Court stated: "Mr. Washington, in the meantime, while this is, while this is being resolved, you are not to delete or

EXHIBIT
19

remove anything from any of, either phones or your laptop computer that could in any way be related to this case." (Dkt. 140, 21:18-23). In its order that followed, the Court ordered that "both the laptop and cell phone at issue in this matter shall be submitted to the Court for a forensic evaluation and search," and expressly "reminded" Washington that he "must not delete any data from those devices prior to turning them over." (Dkt. 135 at 1; *see also* Dkt. 138 (Amended Order)). The Court has since issued numerous additional orders requiring Washington to appear and produce the devices for imaging. (*See, e.g.*, Dkts. 183, 187, 199, 214, 217, 229, 237, 244, 263, 285). Washington has failed to appear, and failed to produce the devices, on each of the three imaging dates the Court has set—February 25, March 19, and April 14, 2026. (*See* Dkts. 221, 249, 263; Dkt. 265 at 2 & fn.3). The Court has warned Washington that continued noncompliance exposes him to civil contempt sanctions "up to and including possible detention." (Dkt. 249; *see also* Dkts. 217, 221, 285). Finally, the Court ordered Washington to turn the devices over to the U.S. Marshal's service at the Courthouse no later than yesterday, subject to financial penalties and eventually detention until the devices are turned over. (Dkt. 285). It is evident that the financial penalties imposed in the latest order have not been sufficient to deter Washington's non-compliance, and now he has made up his latest lie: the laptop is suddenly "lost." Now that he has finally had his lawyer enter an appearance and ended the ruse that he is acting on his own, detention is the only appropriate remedy absent the immediate turnover of the devices.

Mr. Guilford's email does not address the outstanding issue of the cellphone which Washington has also been ordered to produce for imaging. Failure to coordinate with the Marshalls' office in the time prescribed by the Court for imaging the device that Washington has not "lost" is a further violation of the orders from the Court.

Accordingly, the EVEN Defendants respectfully request that the Court enter an Order:

1. directing Washington and Mr. Guilford to immediately disclose to the Court Washington's current residential address (to date, Washington has provided only a Maryland P.O. Box and, for a single Court-ordered pick-up, the address of a hospital, *see* Dkts. 244, 265 at 1-2);

2. directing the United States Marshals Office to take Washington into custody and to produce him before the Court, and to retain him in custody until he has surrendered the laptop and cell phone for forensic imaging in accordance with the Court's prior orders;

3. entering an adverse inference and spoliation finding against Washington for his failure to preserve the laptop in violation of the Court's express preservation orders (*e.g.*, Dkts. 135, 138, 140 at 21:21-23); and

4. awarding the EVEN Defendants all of their attorneys' fees and costs incurred relating to the device issues since it was first raised in September 2025.

We appreciate the Court's continued attention to this matter.

Respectfully submitted,

David Leichtman

David Leichtman
Ellenoff, Grossman & Schole LLP

*Counsel for EVEN Defendants*

# EXHIBIT A

**David Leichtman**

| | |
|---|---|
| **From:** | William Guilford <wguilford@guilfordlawgroup.com> |
| **Sent:** | Monday, May 25, 2026 1:34 PM |
| **To:** | David Leichtman; hip@hiplaw.com; hillel.parness@gmail.com; ehoffman@egsllp.com; Sherli Furst |
| **Subject:** | Re: Babygrande Global v. Rodriguez et al (1:24-cv-06785) |

**Caution: External Sender**

Correction: "the laptop"

On Mon, May 25, 2026 at 1:29 PM William Guilford <wguilford@guilfordlawgroup.com> wrote:

Good afternoon Counsel,

My office has been retained by Defendant Damien DDot Washington in the above referenced matter. I have filed my Notice of Appearance with the Court. See attached.

Please note that I have been informed by Mr. Washington that he recently lost his laptop. I am working to gather more information on this issue and to get further up to speed on this matter. I do not have a copy of any police report at this moment, but it is my understanding that Mr. Washington did contact local law enforcement to report the missing laptop. I will follow up with counsel and the Court regarding this matter following today's holiday.

Regards,

William Guilford

--

Guilford Law Group, PLLC

**William F. Guilford, Jr.**
Managing Attorney
333 Park Avenue South
Suite 3A
New York, New York 10010
Tel: 212.653.0635
Fax: 212.208.3023
www.guilfordlawgroup.com

--

Guilford Law Group, PLLC
**William F. Guilford, Jr.**
Managing Attorney
333 Park Avenue South
Suite 3A
New York, New York 10010
Tel: 212.653.0635
Fax: 212.208.3023
www.guilfordlawgroup.com