UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BABYGRANDE GLOBAL, INC.,

Plaintiff,

-against-

ENRIQUE MAG RODRIGUEZ; EVEN LABS INC.; DAMIEN DDOT WASHINGTON,

Defendants.

24-cv-6785 (JGLC)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

JESSICA G. L. CLARKE, United States District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://www.uscourts.gov/sites/default/files/ao085.pdf.]

2. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Settlement discussions [have ☑ / have not ☐] taken place.

   a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within ____________ days/weeks: ____________________________________________
   ________________________________________________________________
   ________________________________________________________________

   b. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   ☐ Immediate referral to the District's Mediation Program

   ☐ Immediate referral to a Magistrate Judge

   ☐ Referral to the District's Mediation Program after the close of [ fact / expert / all ] discovery

☐ Referral to a Magistrate Judge for a settlement conference after the close of [ fact / expert / all ] discovery

☐ Retention of a private mediator

☐ Other: ______________________________________________

c. The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.

d. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

4. [*If an action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332.*] The party asserting the existence of such jurisdiction [has ☐ / has not ☐] filed a letter explaining the basis for the party's belief that diversity of citizenship exists. If the party has not yet filed this letter, the party will do so at least three days before the Initial Pretrial Conference.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than Completed. [*Absent exceptional circumstances, a date not more than 14 days following the Initial Pretrial Conference.*]

6. Unless a party amends a pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than 6/30/25. [*Absent exceptional circumstances, a date not more than 30 days following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

7. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __________________.

8. Fact Discovery

a. All fact discovery shall be completed no later than January 11, 2027. [*A period not to exceed 120 days from the date of this Order, unless approved by the Court due to exceptional circumstances.*]

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than completed. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

c. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served no later than completed. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

d. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served no later than completed. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

e. Depositions pursuant to Fed. R. Civ. P. 30 and 31 shall be completed by the date set forth in paragraph 8(a).

f. Any of the deadlines in paragraphs 8(b)–(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. [*If applicable*] Expert Discovery

a. Anticipated types of experts: Plaintiff does not anticipate any expert discovery at this time Defendants anticipate the potential need for an expert on the economics of the music industry and separately, an expert on the calculation of damages.

b. All expert discovery, including expert reports and depositions, shall be completed no later than March 29, 2027. [*Absent exceptional circumstances, a date no later than 45 days from the end of fact discovery deadline set forth in paragraph 8(a).*]

c. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than March 1, 2027.

d. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than February 8, 2027.

e. The interim deadlines in paragraphs 9(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 9(b).

10. Any proposed order or stipulation regarding electronically stored information shall be filed within 30 days of the date of this Order.

11. Privileged Materials and Trial-Preparation Materials

a. [*If and as applicable*] The parties shall comply with Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than ____________________ using the following method or methods: :

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

[*In general, parties are encouraged to exchange privilege logs or other means of identifying withheld materials concurrently with, or as promptly as practicable following, each production. In accordance with Local Civil Rule 26.2(c), parties are also encouraged to identify and use efficient methods for the exchange of such information, including, as appropriate, the use of document-by-document, categorical, or metadata privilege logs.*]

b. The parties [have ☐ / have not ☐] reached an agreement under Fed. R. Evid. 502. [*If the parties have reached such an agreement, they may file an agreed-upon proposed order under Fed. R. Evid. 502(d).*]

c. The parties [do ☐ / do not ☐] believe that a protective order under Fed. R. Civ. P. 26(c) is warranted. [*If the parties believe that a protective order is warranted, they should file an agreed-upon proposed order. Any such order may bind the parties to treat as confidential documents so classified but may not authorize the parties to file documents under seal absent an appropriate court finding. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally* Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).*]

12. Any discovery disputes shall be addressed according to Section 4(k) of the Court's Individual Rules and Practices in Civil Cases.

13. By January 19, 2027 [*one week after the close of fact discovery*], the parties shall submit a post-discovery joint status letter, as outlined in Section 3(d) of the Court's Individual Rules and Practices in Civil Cases.

14. [*If applicable*] By April 5, 2027 [*one week after the close of expert discovery*], the parties shall submit a post-discovery joint status letter, as outlined in Section 3(e) of the Court's Individual Rules and Practices in Civil Cases.

15. Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Trial Rules and Procedures and Fed. R. Civ. P. 26(a)(3).

16. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

17. The case [is X / is not ___] to be tried to a jury.

18. Counsel for the parties have conferred and their best estimate of the length of trial is 5 days.

19. The parties believe the initial pretrial conference [is ☐ / is not ☐] necessary.

20. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

____________________
____________________
____________________
____________________

21. Counsel for the Parties:

____________________ ____________________
____________________ ____________________
____________________ ____________________

22. The next case management conference is scheduled for April 12, 2027 at 11:00 a.m. in Courtroom 320 of the Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601-4150. [*To be completed by the Court.*]

23. This Order may not be modified or the dates herein extended, except as provided in paragraphs 8(f) and 9(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraphs 8(f) and 9(e), shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than two business days prior to the expiration of the date sought to be extended.

Dated: October 5, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge