MEMO ENDORSED

PARNESS LAW FIRM, PLLC
136 Madison Avenue, 6th Floor • New York, New York 10016
Hillel I. Parness • www.hiplaw.com • hip@hiplaw.com
(Cell) 646-526-8261 • (Office) 212-447-5299 • (Fax) 212-202-6002

October 26, 2026

VIA ECF

United States District Judge Jessica G. L. Clarke
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Babygrande Global, Inc. v. Even Labs Inc. et al*, 1:24-cv-6785-JGLC

Dear Judge Clarke:

We represent Plaintiff Babygrande Global, Inc. ("Babygrande") in the above-referenced matter. Pursuant to Rule 5(e) of Your Honor's Individual Rules and Practices, and as noted in the Even Defendants' October 21, 2026 Motion to File Exhibits Under Seal (ECF 358), we write to explain the basis for the limited sealing and redaction Babygrande requests in connection with the Even Defendants' Motion to Compel Non-Party Subpoena directed to Aaron Scott p/k/a Stove God Cooks (ECF 355-357). Babygrande does not oppose the motion to compel itself (ECF 347).

Babygrande's request is narrow, and consistent with the Court's approach to sealing in this case. The Court has made clear that confidentiality designations under the Stipulated Protective Order do not themselves warrant sealing (ECF 66 ¶ 11), that any sealing finding will be made document-by-document subject to the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (ECF 354 ¶ 11(c)), and it has denied sealing where the asserted basis was not supported (ECF 167, 231, 237) while permitting targeted redactions of confidential financial information (ECF 263, 336).

Consistent with that guidance, Babygrande does not ask that any exhibit be sealed in its entirety. Babygrande asks only for the following redactions from the public filing, with unredacted copies maintained under seal: (1) Babygrande's internal expense summary in Exhibit C (page 5-7 of the PDF); (2) Exhibit I at 159:15–25 and 160:2–25; (3) Exhibit J at 471:25–472:25 and 480:4–12; and (4) the corresponding references in Paragraph 15 of the Neefe Declaration and one line on page 4 of the Memorandum of Law. The remainder of Exhibits I and J, including pages 308 and 539–541, and the Wilson–Scott text messages (Neefe Dec. Ex. G) may be filed publicly.

First, in Exhibit C, Babygrande asks that its internal summary of expenses (B001825–1828), reproduced in response to Interrogatory No. 6, be redacted. That summary is non-public financial information that Babygrande has designated Attorneys' Eyes Only under the Protective Order, of the kind the Court has previously permitted the parties to redact (ECF 274, 336), and, as the Even Defendants acknowledge, it is unrelated to the

motion to compel (ECF 358 at 2). Second, Babygrande supports redaction in Exhibits B and C under Rule 5(a), to conceal the address of a non-party individual. That individual has a privacy interest in the address, and the address has no bearing on any issue presented by the motion.

The limited deposition redactions cover only testimony describing the economic terms of the recording relationship between Babygrande and Mr. Scott: whether and how Babygrande has made payments to Mr. Scott, a specific in-kind payment and its contractual and accounting treatment, and Mr. Wilson's explanation of the economic content of amendments to the recording agreement. This is commercial and financial information Babygrande has maintained as Attorneys' Eyes Only (ECF 66 ¶ 2(c) & 3(1)). The economic terms of an artist's deal are competitively sensitive in the recording industry, and their disclosure would allow competing labels, managers, and counterparties to learn what Babygrande provides its artists and how it structures those arrangements. The information also implicates the privacy and commercial interests of Mr. Scott, a non-party who has not appeared and has had no opportunity to be heard. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995). For the same reasons, Babygrande notes that the recording agreement itself (Wilson Dep. Ex. 55) is not an exhibit to this motion and has been designated Attorneys' Eyes Only; Babygrande reserves its right to seek sealing of that agreement and its terms should any party later seek to file it.

The weight of the presumption of access here is modest. The material is submitted in support of a non-dispositive motion to compel a non-party to comply with a subpoena, which turns on service, the timeliness of objections, relevance, and burden (ECF 356 at 6–9). *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). None of those issues requires public disclosure of the economic terms between Babygrande and Mr. Scott.

Babygrande respectfully requests that the Court grant ECF 358 as modified above.

Respectfully submitted,

[signature]

Hillel I. Parness

cc: Counsel of Record (via ECF)

The motion to seal is temporarily GRANTED. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion to compel. The Clerk of Court is directed to terminate ECF No. 358.

[signature]

JESSICA G. L. CLARKE
United States District Judge

Dated: November 2, 2026
White Plains, New York